

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO, Correctional Officer; VINCENT BAMBA, Correctional Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,<br><br>Defendants. | Civil Case No. 03-00040<br><br>**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS** |

## BACKGROUND

Plaintiff Michael Jr. G. Laguana is a prisoner presently incarcerated at the Guam Department of Corrections. He instituted the above captioned suit pursuant to 42 USC § 1983 and seeks monetary damages against all Defendants. Plaintiff is suing Defendants in their official and individual capacities. The complaint alleges violation of the Constitutional right to be free from cruel and unusual punishment; violation of the Constitutional right to

equal protection of the law; due process violations; and deliberate indifference. In addition, it alleges violation of local law (Executive Order 94-19) and negligent performance of ministerial duties.

Defendants make a special appearance seeking dismissal on the grounds that they are immune from suit in their official capacities; they have qualified immunity in their individual capacities; and Plaintiff failed to exhaust administrative remedies. Defendants preserve the right to challenge personal jurisdiction because it is not clear that all Defendants have been properly served in both their official and individual capacities.

## ARGUMENT

Under Federal Rule of Civil Procedures (FRCP) 12(b)(6) a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995). The Court must construe the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. Mc Glinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Under 28 USC 1915(e)(2) a district court may dismiss an In Forma Pauperis proceeding for frivolousness or maliciousness, if the complaint fails to state a claim for which relief can be granted, or if the plaintiff seeks money from defendants who are immune from such relief. The dismissal may be at any time, before or after service of process and before or after the defendant's answer. *See* Green v. Mc Kaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

## I. Defendants, In Their Official Capacities, Are Immune From This Suit.

The government of Guam is a sovereign and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Where a suit has not been consented to by the government of Guam, dismissal of the action is required. Naming the three Defendants as parties to this complaint does not keep this action from being a suit against the government of Guam. The bar of sovereign immunity cannot be avoided by naming officers and employees the government as defendants. A suit against employees in their official capacity is essentially a suit against the government. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir 1982). In this case, Plaintiff has not and cannot allege that there is a waiver of sovereign immunity because there is no waiver. Moreover, "... the Territory of Guam nor its officers acting their official capacities are 'persons' under § 1983." Ngiraingas v. Sanchez, 495 U.S. 182, 193, 110 S.Ct. 1737 (1990); and are not subject to suit under Section 1983. Therefore, dismissal of Defendants in their official capacities is required.

## II. Defendants Are Entitled To Qualified Immunity.

"Government officials performing discretionary functions enjoy qualified immunity from civil damages so long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1314 (9th Cir.1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see also* Anderson v. Creighton, 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). Prison officials and members of prison disciplinary committees, generally possess qualified immunity from suit. *See* Cleaver v. Saxner, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

The most important purposes served by qualified immunity are, first, that officials should be able to act without undue fear in the performance of their duties. *See* Mitchell v. Forsyth, 472 U.S. 511, 522, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Secondly, defending such litigation diverts the attention and resources of the government and its officials from their normal duties. These burdens are the reason that qualified immunity is an immunity from suit, not just from trial.

In Anderson, *supra,* the Supreme Court explained that: "... our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 639-40, 107 S.Ct. at 3039-40 (citations omitted).

### III. Defendants Have Not Violated Any Clearly Established Constitutional Or Federal Statutory Right.

When a public official raises a qualified immunity defense in a § 1983 lawsuit, the plaintiff bears the burden of establishing (1) "that the defendant's actions violated a federal constitutional or statutory right," and (2) "that the right violated was clearly established at the time of the conduct at issue." Horstkoetter v. Department of Pub. Safety, 159 F.3d 1265, 1277, 1278 (10th Cir.1998) (quotation omitted). *See also* Davis v. Scherer, 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984).

Under 42 USC § 1983, the alleged wrongdoing must involve a deprivation of a federal right committed by a person under state law. In order to state a cognizable claim under 42 USC § 1983, based upon allegations of cruel and unusual punishment, the plaintiff must allege and prove unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1084 (1984). Moreover, the "deliberate indifference" standard is only relevant in the context of medical needs of prisoners. Id.

With respect to the prohibition of the Equal Protection Clause, it "goes no further than the invidious discrimination." FCC v. Beach Communications, Inc, 508 U.S. 307, 316, 113 S.Ct. 2096 (1993) quoting Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 489, 75 S.Ct. 461 (1955).

Regarding the Due Process Clause, the United States Supreme Court in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995) abandoned the methodology in which it had analyzed due process violations within a prison setting since 1983. The Sandin Court held that a state prison regulation does not create a liberty interest protected by the Due Process Clause merely because it mandates a particular procedure. The Court stated that federal courts must return the focus of prisoner Section 1983 actions toward an examination of the "nature of the deprivation" and away from the particular language of prison regulations. Sandin at 481, 115 S.Ct. 2293.

A review of the Complaint in this case reveals that Defendants have not violated any of the above stated Constitutional provisions, or any of Plaintiff's federal statutory rights.

Plaintiff's First Cause of Action is stated in paragraphs 34 through 36. It implicates Defendant Crisostomo and alleges violation of the Constitutional right to be free from cruel and unusual punishment; violation of the Constitutional right to equal protection of the law; violation of local law (Executive Order 94-19); negligent performance of ministerial duties,

and deliberate indifference. In addition to the allegations stated in the First Cause of Action, Plaintiff relies on the allegations stated in paragraphs 13 through 16. Those allegations are to the effect that Plaintiff expressed a desire to remain at the Minimum-In Facility and refused to be transferred to the Halfway House. Plaintiff believed that he would be subject to animus treatment from Defendant San Nicolas and other prison officials if transferred to the Minimum-In Facility. Plaintiff further alleges that Defendant Crisostomo assured Plaintiff that he would remain at the Minimum-In Facility. Nevertheless, Plaintiff was transferred to the Halfway House. Plaintiff alleges that Defendant Crisostomo abused his discretion by not keeping his word, transferring Plaintiff against his will, and jeopardized Plaintiff's safety, security, and well being.

Plaintiff's Second Cause of Action is stated in paragraphs 37 through 39. It implicates Defendants Perez and Bamba. Like the First Cause of Action, it alleges violation of the Constitutional right to be free from cruel and unusual punishment; violation of the Constitutional right to equal protection of the law; violation of local law (Executive Order 94-19); negligent performance of ministerial duties, and deliberate indifference. In addition to the allegations stated in the Second Cause of Action, Plaintiff relies on the allegations stated in paragraphs 17 through 22. Those allegations are to the effect that Plaintiff addressed a particular problem to Defendant Perez. Defendant Perez assured Plaintiff that the problem would be resolved. Plaintiff further alleges that since Defendant Perez had knowledge of the problem, Defendant Perez neglected his ministerial duties when he failed to resolve Plaintiff's problem. Plaintiff further alleges that Defendant Bamba counseled Plaintiff and that Defendant Bamba assured Plaintiff he would resolve Plaintiff's problem. Plaintiff was handcuffed and placed on Pre-Hearing Detention because Defendant Bamba neglected his ministerial duties.

A review of Plaintiff's Statement of Facts, attached to the Complaint, reveals that the problem Plaintiff refers to is that his cell mate snores and Plaintiff could not get enough sleep. According to Plaintiff's Statement of Facts, he got out of bed one morning in a groggy mood from lack of sleep. He pushed a door open with a clinched fist. Apparently, Plaintiff damaged the door. An incident report was prepared and Defendant Bamba counseled Plaintiff. On the same day, Plaintiff was counseled for failure to shave as he had been previously ordered to do. Later, he was placed in Pre-hearing Detention, which resulted in Plaintiff being hand cuffed. Plaintiff was given a choice as to how he wanted to be cuffed and was given a Notice of Charges.

A few days later, Plaintiff appeared before the Disciplinary Hearing Board. Defendant San Nicolas chaired the Board. He is the same person who initiated the charging process, investigated the case and was the decision-maker in the investigative process. Plaintiff asked that Defendant San Nicolas remove himself from the Board. San Nicolas did remove himself. However, he came back and slipped a note to the individual who presided over the hearing. Plaintiff does not allege the contents of the note. Plaintiff asked that his case be dismissed due to conflict of interest and procedural due process violations. The Board rejected his claim and found Plaintiff guilty of damaging government property and conduct that disrupts. Plaintiff was ordered to serve 30 days in Disciplinary Segregation. He filed an appeal with the Director, Defendant Ishizaki. Defendant Ishizaki never responded to the appeal.

Plaintiff's Third Cause of Action is stated in paragraphs 40 through 43. It implicates Defendant San Nicolas. Like the First and Second Causes of Action, it alleges violation of the Constitutional right to be free from cruel and unusual punishment; violation of the

Constitutional right to equal protection of the law; violation of local law (Executive Order 94-19); and deliberate indifference. In addition to the allegations stated in the Third Cause of Action, Plaintiff relies on the allegations stated in paragraphs 23 through 28. The allegations are that Defendant San Nicolas: counseled Plaintiff about an Informational Report; initiated Plaintiff's charging process; ordered Plaintiff to be hand cuffed and placed on Pre-Hearing Detention; investigated Plaintiff's institutional case; acted as the decision maker in Plaintiff's institutional case; and sat as the Chairman of the Disciplinary Hearing Board and presided over Plaintiff's institutional case.

Plaintiff's Fourth Cause of Action is stated in paragraphs 44 through 46. It implicates Defendant Quichocho. Like the previous Causes of Action, it alleges violation of the Constitutional right to be free from cruel and unusual punishment; violation of the Constitutional right to equal protection of the law; and violation of local law (Executive Order 94-19). It does not allege deliberate indifference, but does allege that Defendant Quichocho acted in excess of jurisdiction. In addition to the allegations stated in the Fourth Cause of Action, Plaintiff relies on the allegations stated in paragraph 29. Paragraph 29 alleges that Defendant Quichocho unlawfully acted in excess of jurisdiction by being the presenting person in Plaintiff's institutional case.

Plaintiff's Fifth Cause of Action is stated in paragraphs 47 and 48. It implicates Defendant Ishizaki and alleges violations of the Constitutional right to due process; violation of the Constitutional right to equal protection; and violation of existing law, Executive Order 94-19. In addition to the allegations stated in the Fifth Cause of Action, Plaintiff relies on the allegations stated in paragraph 31. Paragraph 31 alleges that Defendant Ishizaki neglected

his ministerial duties when he failed to answer Plaintiff's Administrative DHB Appeal in a timely manner in accordance with Executive Order 94-19.

This Complaint must be dismissed because it does not state a cause of action for Eighth Amendment violation; Equal Protection Clause violation; Due Process Clause violation; nor violation of any clearly established statutory right.

Plaintiff has not alleged that he was subjected to infliction of pain and that such infliction was unnecessary and wanton. Moreover, the "deliberate indifference" standard is only relevant in the context of medical needs of prisoners. Whitley, *supra* at 475 U.S. 312, 320, 106 S.Ct. 1078, 1084. Therefore, Plaintiff has not stated a cause of action for an Eighth Amendment violation.

Nor has Plaintiff alleged that he was subjected to invidious discrimination and the allegations do not support such a claim. "The prohibition of the Equal Protection Clause goes no further than the invidious discrimination." FCC v. Beach Communications, Inc, 508 U.S. 307, 316, 113 S.Ct. 2096 (1993) quoting Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 489, 75 S.Ct. 461 (1955). Therefore, Plaintiff has not stated a cause of action for violation of the Equal Protection Clause.

Nor has Plaintiff stated a cause of action for a due process violation. If taken as true, none of Plaintiff's allegations constitute a denial of due process. Under the test established in Sandin, plaintiff has no cause of action. The Sandin Court held that a state prison regulation does not create a liberty interest protected by the Due Process Clause merely because it mandates a particular procedure. Consequently, Plaintiff's allegation of a due process violation must fail. It states that Defendant "Ishizaki neglected his ministerial duties when he failed to answer Plaintiff's Administrative DHB Appeal in a timely manner in accordance

with Executive Order 94-19." Complaint, paragraph 31. In essence, Plaintiff's due process complaint is that Defendant Ishizaki did not comply with Executive Order 94-19. Under Sandin, plaintiff has not stated a cause of action because a prison regulation does not create a liberty interest protected by the Due Process Clause.

One cannot infer from Plaintiff's allegations: (1) that any of the defendants' actions violated a federal constitutional or statutory right, and (2) that the right violated was clearly established at the time of the conduct at issue. Therefore, Plaintiff has failed to state a cause of action that pertains to a Constitutional provision or federal law. Defendants are entitled to qualified immunity.

## IV. Violations Of State Law Are Not Cognizable Under 42 USC § 1983.

The Complaint has several allegations of violation of local law (Executive Order 94-19) and negligent performance of ministerial duties. These allegations do not involve deprivation of a federal right. Since a Section 1983 action must involve a deprivation of a federal right committed by a person operating under color of state law, the violation of local law and the negligent performance claims are not cognizable. 42 USC § 1983. Similarly, Plaintiff's claim that Defendant Quichocho unlawful acted in excess of jurisdiction is not cognizable under Section 1983.

## V. Plaintiff Did Not Exhaust Administrative Remedies.

Having failed to state a cause of action under the U. S. Constitution or federal law, Plaintiff cannot now amend his complaint. He did not exhaust administrative remedies before bringing this suit. Under 42 USC § 1997(e), concerning suits by prisoners, Plaintiff is required to exhaust administrative remedies prior to bringing an action under Section 1983. 42 USC § 1997(e) provides in relevant part:

> *No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.* Id.

In this case, there is no allegation that Plaintiff exhausted administrative remedies. Plaintiff only alleges that he filed an appeal with Defendant Ishizaki. This does not constitute exhaustion of administrative remedies.

The DOC administrative grievance procedure is set forth in chapter 16 of Executive Order 94-19. EO 94-19 § 16.2(D) provides:

> *The complaint and grievance procedure shall follow in sequential steps as follows:*
>
> *(1) Step 1:    Inmate to middle management/section supervisor, parole office or assigned caseworker.*
>
> *(2) Step 2:    Inmate to Prison Security Administrator.*

EO 94-19 § 16.3 provides:

> REFERRAL OUTSIDE THE DIVISION
>
> *In the event that a complaint or grievance is not resolved at the section/division level, it shall be referred to the Director for action if so initiated by the inmate. The decision of the Director shall be final.*

There is no indication that Plaintiff exhausted administrative remedies. He did not follow sequential step (1) or (2). He did not submit a complaint or grievance to middle management/section supervisor, parole officer or assigned caseworker. Nor did he submit his complaint or grievance to the Prison Security Administrator management or equivalent.

Since Plaintiff ignored step (1) and step (2) of the Administrative Remedy procedures, he did not exhaust administrative remedies. DOC inmates are forewarned that

they should exhaust administrative remedies before seeking relief outside of DOC. EO 94-19 § 16.4 specifically provides:

> An inmate should first exhaust the administrative channels in this Chapter in the quest of a resolution of the complaint or grievance before referring it to the Suruhanu or other authorized officials. Inmates are advised that courts frequently; require evidence that administrative remedies have been exhausted before granting relief through such means as habeas corpus. Id.

Since Plaintiff failed to exhaust administrative remedies this case must be dismissed pursuant to 42 USC § 1997(e).

## VI. Defendants Preserve The Right To Challenge Personal Jurisdiction.

When a plaintiff brings a damages action against government officials in their individual capacities, the plaintiff must effect personal service. Johnston v. Horne, 875 F.2d 1415, 1424. (9th Cir. 1989)(overruled on other grounds.) "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." Stafford v. Briggs, 444 U.S. 527, 553 n.5 (1980). In this case, it is not clear that all Defendants were properly served in their official and individual capacities.

Defendants file this motion and accompanying pleadings by way of a special appearance. As such, Defendants are not waiving their right to challenge personal jurisdiction as a result of this motion. Defendants recognize that dismissal in this case may be at any time, before or after service of process and before or after the Defendants answer. See Green v. Mc Kaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

## CONCLUSION

Defendants are making a special appearance to move the Court to dismiss this matter with prejudice. Defendants, in their official capacities, are immune from suit. They also

enjoy qualified immunity in their individual capacities. A review of the Complaint's allegations does not reveal any wrongdoing on the part of Defendants. One cannot conclude that Defendants deprived Plaintiff of a federal right under color of state law. There are no allegations of unnecessary and wanton infliction of pain; nor of invidious discrimination. Under <u>Sandin</u>, *supra*, there is no Due Process Clause violation. Moreover, violations of Executive Order 94-19 are not cognizable under 42 USC § 1983 and Plaintiff did not exhaust administrative remedies. Therefore, he is not entitled to bring this action.

Finally, it is not clear that Defendants have been properly served in either their individual or official capacities. Therefore, Defendants preserve their right to challenge personal jurisdiction and do not waive their challenge to personal jurisdiction by filing this motion.

For the forgoing reasons, the Court must dismiss this action with prejudice for failure to state a cause of action for which relief can be granted under 42 USC § 1983.

Dated this 21st day of January 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General

By: /s/ JAMES T. MITCHELL
JAMES T. MITCHELL
Assistant Attorney General