FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>                     Plaintiff,<br>     vs.<br><br>FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO, Correctional Officer; VINCENT BAMBA, Correctional Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,<br><br>                     Defendants. | Civil Case No. 03-00040<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel, Plaintiff's Motion to Grant Plaintiff the Right to Meaningful Access of the Courts, and Plaintiff's Motion to Protect Plaintiff's Witnesses. Based on the record and relevant law, the Court orders as follows:

1

# I. BACKGROUND.

Plaintiff Michael Jr. G. Laguana ("Plaintiff") brings this action under 42 U.S.C. § 1983. Plaintiff, a prisoner currently incarcerated at the Department of Corrections in Mangilao, Guam, is suing Defendants Frank Ishizaki, Francisco B. Crisostomo, Alan San Nicolas, Raymond Quichocho, Vincent Bamba, and Ed Perez in their individual and official capacities. Plaintiff claims violations of the Eighth Amendment and the Fourteenth Amendment's Due Process and Equal Protection Clauses.

On November 24, 2003, Plaintiff filed a motion for appointment of counsel. Plaintiff later filed a motion for meaningful access to the courts and a motion to protect witnesses on January 28, 2004.

# II. ANALYSIS.

### A. Motion for Appointment of Counsel.

Plaintiff moves the Court to appoint counsel to represent him in this action. Pursuant to 28 U.S.C. § 1915(d), district courts have the discretion to appoint counsel to represent an indigent civil litigant. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Only in "exceptional circumstances" may counsel be designated under section 1915(d). Id. To determine the existence of exceptional circumstances, courts must evaluate both "'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, for purposes of this motion, Plaintiff has not demonstrated a likelihood of success on the merits. Also, Plaintiff's filings to date indicate an understanding of the issues, as well as

an ability to articulate his position. Therefore, the Court DENIES Plaintiff's motion for appointment of counsel.

**B. Motion for Meaningful Access to the Courts.**

Plaintiff moves the Court to grant him meaningful access to the courts. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977), <u>overruled on other grounds by</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). To demonstrate a denial of meaningful access, the prisoner must show "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." <u>Lewis</u>, 518 U.S. at 351.

Here, Plaintiff claims that he is allowed access to the prison library for one hour a day, three days a week. Plaintiff also asserts that the Library Officer, who is a paralegal, arbitrarily sets and announces his one-hour library sessions. Plaintiff argues that this all amounts to a deprivation of meaningful access to the courts. However, since a paralegal is available to assist Plaintiff at the library, the Court finds that three hours per week is sufficient. <u>See</u> <u>Bounds</u>, 430 U.S. at 828. Furthermore, Plaintiff fails to elaborate on how the Library Officer's alleged arbitrary scheduling of his one-hour library sessions has hampered his legal pursuits. <u>See</u> <u>Lewis</u>, 518 U.S. at 351. Thus, the Court DENIES Plaintiff's motion. Plaintiff may again move the Court if he believes that his current time or current lack of assistance at the library significantly diminishes the quality of his legal research.

### C. Motion to Protect Plaintiff's Witnesses.

Plaintiff moves the Court to protect his witnesses, who include fellow prisoners and correctional officers. Since Plaintiff merely speculates that the witnesses will be harmed by Defendants due to their interaction or affiliation with one or more of the defendants, the Court DENIES Plaintiff's motion.

### III. CONCLUSION.

For the above reasons, Plaintiff's Motion for Appointment of Counsel, Plaintiff's Motion to Grant Plaintiff the Right to Meaningful Access of the Courts, and Plaintiff's Motion to Protect Plaintiff's Witnesses are ORDERED DENIED

IT IS SO ORDERED this 19th day of April, 2004.

JOHN S. UNPINGCO
Chief Judge, District Court of Guam

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____ Deputy Clerk

Notice is hereby given that this document was entered on the docket on 04/20/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 04/20/04
Deputy Clerk      Date