ORIGINAL

FILED
DISTRICT COURT OF GUAM
SEP 21 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

MICHAEL JR. G. LAGUANA,

        Plaintiff,

vs.

FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO, Correctional Officer; VINCENT BAMBA, Correctional Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,

        Defendants.

Civil Case No. 03-00040

**REPORT AND RECOMMENDATIONS**

This matter comes before me for a recommended disposition of Defendants' Motion to Dismiss the complaint which the Plaintiff filed with the court on November 24, 2003. Plaintiff's complaint and Defendants' Motion to Dismiss (dated January 21, 2004) were referred to me[1] for the purpose of conducting any appropriate hearing and/or submitting to the Judge of the District Court proposed findings of fact and recommendations for disposition of the said motion. Based upon a review of the record and relevant case law, I recommend the following disposition:

---

[1] 28 USC § 636(b)(1)(B) and General Order No. 04-00016 authorizes referral of the Motion to Dismiss to the Magistrate Judge for findings and recommendation to the District Judge for disposition of the said motion.

## I. BACKGROUND.

Plaintiff Michael Jr. G. Laguana ("Plaintiff") brings this action under 42 U.S.C. § 1983. Plaintiff, a prisoner currently incarcerated at the Department of Corrections ("DOC") in Mangilao, Guam, is suing Defendants Frank Ishizaki ("Ishizaki"), Francisco B. Crisostomo ("Crisostomo"), Alan San Nicolas ("San Nicolas"), Raymond Quichocho ("Quichocho"), Vincent Bamba ("Bamba"), and Ed Perez ("Perez") (collectively "Defendants") in their individual and official capacities.[2] Plaintiff filed his complaint on November 24, 2003. He raises five separate causes of action with each cause of action directed to a single Defendant with the exception of the second cause of action which he directs towards two of the named Defendants. Plaintiff has uniformly alleged certain causes of action against all Defendants but alleges certain other causes of action against certain Defendants. In order to more fully discuss Defendants' motion in relation to Plaintiff's five causes of action, I find that it is appropriate to outline Plaintiff's allegations as he states them in the five stated causes of action.

### First Cause - Claim Against Defendant Crisostomo.

Plaintiff alleges that there were certain actions by Defendant Francisco Crisostomo which denied him his constitutional and other rights. Defendant Crisostomo is the Warden at the Department of Corrections. Plaintiff alleges the violations to encompass the following:

1. "to be free from cruel and unusual punishment, the Constitutional right to equal

---

[2] Ishizaki serves as Director of DOC. Crisostomo serves as the warden of DOC. San Nicolas serves as a corporal at DOC, a unit supervisor for the halfway house at DOC, chairman for the Disciplinary Hearing Board at DOC, and is the officer in charge of the 7 A.M. to 3 P.M. shift of DOC personnel for the halfway house at DOC. Quichocho serves as a correctional officer at DOC and is a subordinate of San Nicolas and an agent of Ishizaki and Crisostomo. Bamba serves as a correctional officer at DOC and is a subordinate of San Nicolas. Perez serves as a correctional officer at DOC and is a subordinate of San Nicolas.

protection, and the right to protection from uneven or discriminatory treatment." (Paragraphs 13-16, 34)

2. "The actions... stated in paragraphs 13 thru 16 violated existing local law Executive Order 94-19. (Paragraphs 13-16, 34)

3. "Defendant Crisostomo in the "negligent performance of his ministerial duties' unlawfully acted in "Deliberate Indifference" and violated [his] right to impartial and humane treatment". (Paragraphs 13-16, 34)

**Second Cause - Claim Against Defendants Ed Perez and Vincent Bamba.**

Plaintiff alleges that certain actions by Defendants Ed Perez and Vincent Bamba denied Plaintiff his constitutional and other rights. Defendant Ed Perez is a Correctional Officer at the Department of Corrections and is a subordinate of Defendant San Nicolas. Plaintiff's constitutional and statutory rights denied him by said Defendants are alleged to be as follows:

1. "the Constitutional right to be free from cruel and unusual punishment, the Constitutional right to equal protection of the law, the right to humane treatment, and the right to protection from uneven or discriminatory treatment." (Paragraphs 17-22, 37)

2. "The actions... stated in paragraphs 17 thru 22 violated existing local law Executive Order 94-19. (Paragraphs 17-22, 38)

3. "Defendants Perez and Bamba in the "negligent performance of their ministerial duties' unlawfully acted in "Deliberate Indifference" and violated [his] right to impartial and humane treatment". (Paragraphs 17-22, 39)

**Third Cause - Claim Against Defendant Alan San Nicolas**

Plaintiff alleges that certain actions by Defendant San Nicolas denied Plaintiff his

constitutional and other rights. Defendant Alan San Nicolas is alleged to be a Correctional Officer at the Department of Corrections with a rank of Corporal. He is also alleged to be a Unit Supervisor for the Halfway House and Chairman of the Disciplinary Hearing Board at the Department of Corrections. Plaintiff's constitutional and statutory rights denied him by Defendant are alleged to be as follows:

1. "the Constitutional right to be free from cruel and unusual punishment, the Constitutional right to equal protection of the law, the right to humane treatment, and the right to protection from uneven or discriminatory treatment." (Paragraphs 23-28, 40)

2. "The actions... stated in paragraphs 23 thru 28 violated existing local law Executive Order 94-19. (Paragraphs 23-28, 41)

3. The actions of San Nicolas stated in paragraphs 23 through 28 are a conflict of interest and constitute a violation of federal constitutional requirements. (Paragraphs 23-28, 42).

4. Abused his discretion in the act of deliberate indifference when he maliciously acted in a tortuous manner towards Plaintiff and vindictively had a wanton intent to inflict mental pain, emotional stress, and physical suffering when he so acted. (Paragraph 43)

**Fourth Cause - Claim Against Defendant Raymond Quichocho.**

Plaintiff alleges that certain actions by Defendant Raymond Quichocho denied Plaintiff his constitutional and other rights. Defendant Quichocho is a Correctional Officer at the Department of Corrections and is alleged to be a subordinate of Defendant San Nicolas. Plaintiff's constitutional and statutory rights denied him by Defendant are alleged to be as follows:

1. "the Constitutional right to due process of law, the Constitutional right to equal protection of the law, the right to humane treatment, and the right to protection from uneven or

discriminatory treatment." (Paragraphs 29, 44)

2. Violated the law - Executive Order No. 94-19. (Paragraphs 29, 45).

3. Was an " unlawful act in excess of jurisdiction". (Paragraph 46)

**Fifth Cause - Claim Against Defendant Ishizaki.**

Plaintiff alleges that certain actions by Defendant Ishizaki[3] denied Plaintiff his constitutional and other rights. Defendant Frank Ishizaki is the Director of the Department of Corrections and alleged to be ultimately "responsible for the training and supervision of Correctional personnel employed at DOC". Plaintiff's constitutional and statutory rights denied him by Defendant are alleged to be as follows:

1. "the Constitutional right to due process of law, the Constitutional right to equal protection of the law, the right to humane treatment, and the right to protection from uneven or discriminatory treatment." (Paragraphs 31, 47)

2. Violated the law - Executive Order No. 94-19 (Paragraphs 31, 48).

Plaintiff prays for injunctive relief against all the Defendants; for an award of compensatory and punitive damages; and a Declaratory Judgment that Defendants' actions were arbitrary. In addition to the allegations contained in his complaint, Plaintiff has attached to the complaint a Statement of Facts consisting of seven pages, which supplement the allegations made in the complaint.

On January 21, 2004, Defendants filed the present motion to dismiss. Plaintiff filed an

---

[3] At the time of the filing of the complaint, Defendant Ishizaki was the Director of the Department of Corrections. It is now common knowledge that Ishizaki has been appointed to be the Director of the Guam Police Department and awaits legislative confirmation for that position.

Page -5-

opposition on March 9, 2004.

## II. ANALYSIS.

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)[4] - for failure to state a claim upon which relief may be granted. "[I]t is axiomatic that the [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Mackey v. United States, No. CV 91-4761 JGD, 1991 U.S. Dist. LEXIS 18258, at *3 (C.D. Cal. Nov. 26, 1991) (quoting Hall v. City of Santa Barbara, 813 F.2d 198, 201, n.9 (9th Cir. 1986)). Courts must take as true all the non-moving party's allegations of material fact and must construe these allegations in the light most favorable to the nonmovant. Id. Additionally, courts must construe a pro se party's petitions liberally. Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982).

In their moving papers, Defendants make the following arguments: (1) that Defendants, in their official capacities, are immune from suit; (2) that Defendants are entitled to qualified immunity; (3) that Defendants have not violated any clearly established constitutional or statutory right, (4) that violations of state law are not cognizable under 42 USC § 1983, and (5) that Plaintiff did not exhaust his administrative remedies. Finally, Defendants state that they have filed the pending motion by way of special appearance, preserving and not waiving their right to challenge personal jurisdiction. In this regard, it is Defendants' contention that they have not been properly served in their official and individual capacities. A separate response will be made to each of these arguments below.

---

[4] 28 U.S.C. § 1915(e)(2) requires a court to dismiss a case if the prisoner is not actually indigent or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from monetary relief.

### A. Whether Defendants in their Official Capacities are Immune from Suit.

Defendants argue that sovereign immunity bars this action. Under 42 U.S.C. § 1983, liability extends to "'persons' who, while acting 'under color' of state or territorial law, deprive citizens or other persons of rights, privileges, or immunities secured by the Constitution or federal law." Guam Soc'y of Obstetricians & Gynecologists v. Ada, No. 90-16706, 1992 U.S. App. LEXIS 13031, at * 11 (9th Cir. 1992) (quoting 42 U.S.C. § 1983). Like states, territories are not considered to be "persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-65 (1989). Additionally, § 1983 does not consider state officers, when sued for damages in their official capacities, to be "persons." Id. at 71. Thus, in Ngiraingas v. Sanchez, 495 U.S. 182, 193, 110 S. Ct. 1737 (1990), a § 1983 action for damages, the Supreme Court held that "neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." However, when a state officer is sued for injunctive relief in his official capacity, he is a "person" under § 1983 because "'official-capacity actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). Therefore, Guam officials, when sued in their official capacities for injunctive relief, are persons within the meaning of 42 U.S.C. § 1983. Ada, 1992 U.S. App. LEXIS 13031, at *13. Accordingly, I find that Plaintiff may seek injunctive relief pursuant to § 1983 but not damages, against Defendants in their official capacities. I therefore recommend dismissal of Plaintiff's damage claims against the Defendants.

### B. Whether Defendants are Entitled to Qualified Immunity.

Defendants argue that they are entitled to qualified immunity from this suit. State or territorial officers who are sued in their individual capacities under § 1983 may raise the affirmative

Page -7-

defense of qualified immunity. Brookins v. Slayton, No. C-92-3688 BAC, 1993 U.S. Dist. LEXIS 9626, at *3 (N.D. Cal. Apr. 23, 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 247-49, 94 S. Ct. 1683 (1974)). "Government officials performing discretionary functions enjoy qualified immunity from civil damages so long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1314 (9th Cir. 1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 812, 102 S. Ct. 2727 (1982)). To determine whether a public officer is entitled to qualified immunity, "'a court must (1) identify the right allegedly violated, (2) determine whether the right was clearly established, and (3) determine whether a reasonable official would have believed his or her conduct to be lawful.'" Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001) (quoting Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992)) (internal quotations omitted). However, it is usually the case that the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion, since whether an official enjoys such immunity depends upon the circumstances and motivations of his actions, which oftentimes is determined at trial. Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir. 1983) (citing Sims v. Adams, 537 F.2d 829, 832 (5th Cir. 1976); Imbler v. Pachtman, 424 U.S. 409, 419 n.13, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976)). Therefore, I RECOMMEND DEFERMENT of the determination of whether qualified immunity extends to any of Defendants.

## C. Eighth Amendment Violations.

Plaintiff claims that Defendants Crisostomo, Perez, Bamba, and San Nicolas, violated his Eighth Amendment right to be free from cruel and unusual punishment. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny...." Whitley v. Albers, 475 U.S. 312, 319 (1986). An inmate alleging an Eighth Amendment violation

must demonstrate that the prison condition in question caused a sufficiently serious harm or risk of harm to inmate health or safety and that prison officials acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Plaintiff's first cause of action accuses Crisostomo of denying his right to fair and humane treatment. According to Plaintiff, he told Crisostomo that he refused to be transferred to the Halfway House for fear that he would receive harmful repercussions from San Nicolas. Although Crisostomo approved Plaintiff's request to not be so transferred, he reneged and transferred Plaintiff, thereby jeopardizing Plaintiff's safety, security, and well-being. Plaintiff claims that Crisostomo's actions amounted to deliberate indifference. Since Plaintiff neither states how the transfer caused him sufficiently serious harm nor explains the risk of harm to his safety, the Court finds the complaint insufficient to state a cause of action. Thus, I RECOMMEND DISMISSAL WITHOUT PREJUDICE of Plaintiff's Eighth Amendment claim against Crisostomo.

Plaintiff's second cause of action accuses Perez and Bamba of denying his right to fair and humane treatment by being deliberately indifferent to Plaintiff's deprivation of sufficient uninterrupted sleep due to the loud snoring of his cell mate. Plaintiff claims that he informed Perez and Bamba of his sleep deprivation and that, although they assured Plaintiff that the problem would be resolved, they failed to take preventive and corrective measures. Since "sleep undoubtedly counts as one of life's basic needs," "[c]onditions designed to prevent sleep, then, might violate the Eighth Amendment." Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). The Ninth Circuit has held that the constant illumination of a cell could qualify as an unconstitutional condition of confinement where it causes the inmate "grave sleeping problems." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.

1996).[5] Plaintiff alleges that the Defendants acted with deliberate indifference because they did not take any action to remove a cell mate who allegedly prevented Plaintiff from getting enough sleep because of his cell mate's loud snoring. In *Farmer*, the Supreme Court explained that the deliberate indifference standard was subjective, i.e., the Plaintiff must prove that the Defendants actually knew that a substantial risk of serious harm would befall Plaintiff from his cell mate's loud snoring and the Defendants failed to act to prevent such serious harm. Plaintiff has failed to provide or allege such proof in his complaint. Rather, in his statement of facts, he sets forth Defendant Bamba's remarks to him about the door punching incident. Bamba says: "You know what you did was wrong...why did you punch the door...It's natural for people to snore..." Defendant did not believe there would substantial serious harm to Plaintiff merely from a cell mate's loud snoring. If Plaintiff's claims are indeed meritorious, i.e., it is cruel and unusual punishment to be placed with a cell mate who snores excessively, then every person at a correctional facility would be subject to substantial serious health harm from having a cell mate who snored loud. If everyone had a legal right to force removal of a cell mate who snored loud, where would the loud snoring inmates be placed? Plaintiff himself describes Defendants' actions in this regard as the "negligent performance of their ministerial duties". There cannot be deliberate indifference liability from the negligent performance of ministerial duties.

I therefore RECOMMEND that Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against Defendants Perez and Bamba be granted.

---

[5] See also Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) ("public conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise") (citations and internal quotations omitted), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's third cause of action accuses San Nicolas of denying Plaintiff's constitutional right to be free from cruel and unusual punishment by participating in every part of Plaintiff's institutional case, from initiating the charging process to presiding over Plaintiff's case as Chairman of the Disciplinary Hearing Board ("DHB"). Plaintiff asserts that San Nicolas behaved with deliberate indifference "when he maliciously acted in a torturous manner towards the Plaintiff and vindictively had a wanton intent to inflict mental pain, emotional stress, and physical suffering upon the Plaintiff when [he] hideously isolated the incident to quietly gain ultimate control of the Plaintiff's Institutional case" and when he "solely handled and participated in every part of the Plaintiff's Institutional case." (Compl. ¶ 43.) The Court does not find these alleged acts to be cruel and unusual punishment, as Plaintiff fails to prove that these acts caused a sufficiently serious harm or risk of harm to his health or safety. Therefore, I RECOMMEND DISMISSAL WITH PREJUDICE of Plaintiff's Eighth Amendment claim against San Nicolas.

**D. Denial of Equal Protection.**

Plaintiff further claims that Defendants denied his constitutional right to equal protection of the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). Plaintiff has not shown that he was treated differently from other similarly situated inmates. Therefore, I RECOMMEND DISMISSAL WITHOUT PREJUDICE of Plaintiff's Equal Protection claims against Defendants.

### E. Due Process Violations.

Plaintiff additionally asserts that he was denied his constitutional right to due process. The Due Process Clause of the Fourteenth Amendment protects individuals against government action which deprives them of life, liberty, or property without due process of law. However, the Due Process Clause does not protect against every change in the conditions of confinement which has a substantial adverse impact on the prisoner. Sandin v. Conner, 515 U.S. 472, 478, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The clause's protection extends only to liberty interests of "real substance." Id.

### Plaintiff's due process claim in his fifth cause of action.

Plaintiff claims that his due process rights were denied by Ishizaki, when he failed to answer Plaintiff's Administrative DHB Appeal in a timely manner. The right to meaningful review of a hearing body's decision may be a due process entitlement if state or territorial law so provides. Smith v. Stoner, 594 F. Supp. 1091, 1110 (N.D. Ind. 1984); see also Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir. 1992). Here, Guam law provides that decisions of the DHB may be appealed only to the Director of DOC who must answer within fifteen business days of receipt. Guam Exec. Order 94-19 §§ 3.3(C)(2) & 3.32(B). Since Plaintiff asserts that Ishizaki failed to provide a timely answer, if any, I find that Plaintiff has stated a cause of action. Accordingly, I RECOMMEND that Defendants' motion to dismiss Plaintiff's due process claim against Ishizaki as stated in his fifth cause of action be denied.

### Plaintiff's due process claim in his fourth cause of action.

Plaintiff further contends that Quichocho violated his due process rights when he "unlawfully

Page -12-

acted in excess of jurisdiction by being the Presenting Staff/Personnel[6] in the Plaintiff's Institutional Case." (Compl. ¶ 29.) Having reviewed Plaintiff's claims against the said Defendant, I find that Plaintiff fails to state any actionable claim against Defendant Quichocho. Accordingly, I that Defendants' motion to dismiss Plaintiff's due process claim against Quichocho be granted.

### F. Whether Violations of State Law and Negligence-based Claims are Cognizable under 42 U.S.C. § 1983.

Defendants claim that violations of state law are not cognizable under § 1983. However, "[w]here the violation of state law causes the deprivation of rights protected by the Constitution and statutes of the United States, a cause of action is stated under 42 U.S.C. § 1983." Wirth v. Surles, 562 F.2d 319, 322 (4th Cir. 1977). Here, Plaintiff appears to assert that the violation of various sections of Guam Executive Order 94-19 denied him his constitutional due process rights. Therefore, I find Defendants' argument in this area unconvincing. Accordingly, I RECOMMEND that Defendants' motion to dismiss as to this issue be denied.

Defendants additionally contend that negligence-based claims are not cognizable under § 1983. Since the Ninth Circuit has stated that § 1983 bars claims of mere negligence, Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989), I RECOMMEND that Plaintiff's prayer for relief against Defendants' Crisostomo, Perez, and Bamba[7] based upon their negligent performance of their ministerial duties be DISMISSED.

---

[6] Appointed by the Prison Security Administrator, the Presenting staff review incident reports, compile charges, and present the case before the disciplinary body. Guam Exec. Order No. 94-19 § 3.24.

[7] Plaintiff accuses Crisostomo of "negligent performance of his ministerial duties" in the first cause of action of the complaint. (Compl. ¶ 36.) Perez and Bamba are accused of "negligent performance of their ministerial duties" in the second cause of action. (Id. ¶ 39.)

## G. Whether Plaintiff Exhausted Administrative Remedies.

Defendants move to dismiss Plaintiff's action due to a failure to exhaust administrative remedies prior to filing suit. Exhaustion of administrative remedies prior to the commencement of litigation is required by 42 U.S.C. § 1997e(a)[8]. Nonexhaustion under § 1997e is a defense which must be raised and proved by the defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Here, Defendants have failed to prove such a defense, as Defendants provide no evidence of nonexhaustion, but merely state that Plaintiff has failed to follow all the grievance procedures. Therefore, Defendants have failed to meet their burden of proving nonexhaustion. Furthermore, Defendants refer to an administrative grievance procedure which would have required Plaintiff to file a complaint or a grievance with a middle management/section supervisor or assigned case worker (Step One) and then to the Prison Security Administrator (Step Two) before commencing his due process claim before the Court. Plaintiff, however, is not initiating the filing of a grievance or complaint, he is appealing a decision of the Disciplinary Hearing Board (DHB). An appeal of the Disciplinary Hearing Board's decision cannot and should not be considered as a grievance matter. Plaintiff cites to Executive order 94-19, Chapter 3, § 3.30(C)(2) which provides that appeals from decisions of the Disciplinary Hearing Board are appealed only to the Director of Corrections. If such decisions are appealable only to the Director, then Plaintiff is not required to go through a middle management supervisor and then a Prison Security Administrator before his DHB appeal becomes ripe for review. Furthermore, even if it is assumed that such an appeal may be considered

---

[8] 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Page -14-

a grievance issue, Plaintiff was never advised to file his appeal pursuant to the suggested grievance procedure. Plaintiff further points out that decisions by the Director on DHB appeals are final. Furthermore, appeals from the disciplinary board hearings must be answered within fifteen (15) days. Executive Order 94-19, Chapter 3, § 3.32(B). Plaintiff has alleged the filing of an appeal of a decision of the Disciplinary Hearing Board and has further alleged his appeal was never answered by the Defendant Director of Corrections. Accordingly, I RECOMMEND that Defendants' motion to dismiss Plaintiff's fifth cause of action based upon his failure to exhaust his administrative remedies be denied.

**H. Whether Defendants Preserved Defense of Lack of Personal Jurisdiction.**

Defendants assert that they are making a special appearance in moving to dismiss, thereby preserving their right to raise, at a later time, the Federal Rule of Civil Procedure 12(b)(2) defense of lack of personal jurisdiction. However, Rule 12 has eliminated any difference between general and special appearances. Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972). Thus, a party's invocation of special appearance is of no consequence. If a party wishes to raise a Rule 12(b) defense by motion, the "motion ... shall be made before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). However, a party waives a Rule 12(b)(2) defense if it was not raised in the party's first pre-answer Rule 12 motion or in the party's first responsive pleading (i.e., the answer) or in an amendment allowed by Federal Rule of Civil Procedure 15(a). See Baranoff Fisheries Ltd. Partnership v. Elsey, No. 95-1476-FR, 1996 U.S. Dist. LEXIS 11838, at *6-7 (D. Or. Aug. 15, 1996). Here, Defendants do not challenge personal jurisdiction, but simply state that they preserve their right to challenge it since "it is not clear that all Defendants were properly served in their official and individual capacities." (Mot. at 12.) As they fail to raise a Rule 12(b)(2) defense in this

Page -15-

first pre-answer Rule 12 motion, I find that Defendants have waived the defense of lack of personal jurisdiction. Therefore, I find that Defendants may not later assert a Rule 12(b)(2) defense.

### III. CONCLUSION.

For the foregoing reasons, I RECOMMEND that Defendants' Motion to Dismiss:

1. The First Cause of Action against Defendant Francisco Crisostomo be granted;

2. The Second Cause of Action against Defendants Ed Perez and Vincent Bamba be granted;

3. The Third Cause of Action against Defendant Alan San Nicolas be granted;

4. The Fourth Cause of Action against Defendant Raymond Quichocho be granted;

5. The Fifth Cause of Action against Defendant Frank Ishizaki be denied.

**IT IS SO RECOMMENDED.**

Dated this 20th day of September, 2004.

/s/ Joaquin V. E. Manibusan, Jr.
Joaquin V. E. Manibusan, Jr.
Magistrate Judge

### NOTICE

**Failure to serve and file written objections to the Report's findings and recommendations within ten (10) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned/designated District Judge. 28 U.S.C. § 636(b)(1).**