| | |
|---|---|
| 1 | **Michael Jr. G. Laguana, Pro Se,** |
| | **Department of Corrections (ACF)** |
| 2 | P.O. Box 3236 |
| | Hagåtña, Guam 96932 |
| 3 | Tel: (671) 734-3981 thru 9 |



FILED
DISTRICT COURT OF GUAM
OCT 08 2004
MARY L. M. MORAN
CLERK OF COURT

(36)

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | | |
|---|---|---|
| Michael Jr. G. Laguana, | ) | |
| Plaintiff, | ) | Civil Case No.: **CV-03-00040** |
| vs. | ) | |
| | ) | |
| Frank Ishizaki, Director; | ) | |
| Francisco B. Crisostomo, Warden; | ) | **PLAINTIFF'S OBJECTION** |
| Alan San Nicolas, Corporal; | ) | **TO MAGISTRATE JUDGE'S** |
| Raymond Quichocho, Correctional Officer; | ) | **REPORT AND** |
| Vincent Bamba, Correctional Officer; | ) | **RECOMMENDATIONS** |
| Ed Perez, Correctional Officer; at the | ) | |
| Department of Corrections, in their | ) | |
| individual and official capacities, | ) | |
| Defendants. | ) | |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
IN OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

---

*PREPARED AND SUBMITTED BY:*

**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections (ACF)**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9

ORIGINAL

# STATEMENT OF CLAIM

This matter was brought before the United States District Court of Guam (known hereinafter as district court) on November 24, 2003, by a Section 1983 action under the Civil Rights Act of 1871 (42 U.S.C. Section 1983) filed by MICHAEL JR. G. LAGUANA (known hereinafter as Plaintiff), an inmate at the Guam Department of Corrections in Mangilao.

Plaintiff filed Civil Rights Complaint No. 03-00040 against Defendants Frank Ishizaki, Director; Francisco B. Crisostomo, Warden; Alan San Nicolas, Corporal; Raymond Quichocho, Correctional Officer; Vincent Bamba, Correctional Officer; and Ed Perez, Correctional Officer; at the Department of Corrections, in their individual and official capacities, seeking damages, a declaratory judgment, and injunctive relief based on Prison Officials' "Deliberate Indifferent" actions against him, giving rise to a constitutional violation under the Eighth Amendment; and their unlawful actions that violated his clearly established constitutional rights without justification, giving rise to a constitutional violation under the Fourteenth Amendment.

# STATEMENT OF CASE

On January 7, 2004 the district court ordered a Scheduling Conference to be held on February 23, 2004 at 4:00pm.

On February 24, 2004 the district court vacated the Scheduling Conference and concluded if necessary, to re-set the Scheduling Conference after the Motion to Dismiss[1] has been resolved.

On January 23, 2004 the district court ordered Plaintiff to file an Opposition to the Defendants' motion on or before March 15, 2004 and ordered the Defendants to reply within Thirty (30) days from receipt of Plaintiff's Opposition. Plaintiff filed a timely *Opposition* and a *Declaration In Opposition To Defendants' Motion To Dismiss* on March 9, 2004. The Defendants failed to respond to Plaintiff's Opposition.

---

[1] On January 21, 2004 Defendants, by and through their counsel, Assistant Attorney General James T. Mitchell, filed a Motion To Dismiss Plaintiff's Complaint with prejudice(on the alleged ground that the Complaint failed to state a claim upon which relief can be granted) along with a proposed order and a Memorandum Of Points And Authorities in support of their Motion To Dismiss.

1     On June 29, 2004 Plaintiff filed a *Notice-No Reply Or Extension Of Time To File Reply To Plaintiff's Opposition;*[2] a *Motion For Oral Argument;*[3] and an *Agreement Of Hearing Date*.

    On September 20, 2004 the district court, pursuant to 28 U.S.C. §636 (b)(1)(B), designated Magistrate Judge Joaquin V. E. Manibusan Jr. (known hereinafter as Magistrate Manibusan) to make a report and recommendation on the Motion To Dismiss. Plaintiff was in receipt of the Magistrate Judge's Report And Recommendations on September 29, 2004 at 3:38pm.

    Pursuant to 28 U.S.C. §636 (b)(1)(C), PLAINTIFF NOW TIMELY FILES OBJECTIONS to Magistrate Manibusan's recommendations to dismiss, and requests this honorable court to over rule Magistrate Manibusan's recommendations to dismiss.

## STATEMENT OF OBJECTIONS

The standard of review to be applied by the district court to a report and recommendation of a Magistrate Judge is established by statute:

> **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A Judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.** 28 U.S.C. §636 (b)(1).

The Eighth Circuit of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g.,* Hosna v. Groose, 80 F.3d 298, 306 (8th Cir.)(citing 28 U.S.C. §636(b)(1)), *cert. denied,* ___ U.S. ___, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996)(citing Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994)); Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995)(also citing Belk).[4] Although there is a presumption that

---

[2] Plaintiff informed the district court that the Defendants failed to reply to Plaintiff's Opposition within 30 days and that there has been no previous extension(s) of time by stipulation and no extension by order of court to file a reply.

[3] On June 29, 2004 Plaintiff filed a Motion For Oral Argument on the Defendants' Motion To Dismiss.

[4] The district court's findings of fact, made after its *de novo* review of the magistrate judge's findings, however, are reviewed "under the clearly erroneous standard. Choate v. Lockhart, 7 F.3d 1370, 1373 n.1 (8th Cir. 1993)

the district court conducted the proper review, *See, e.g.*, Shelton v. Chater, 87 F.3d 992, 996 (8th Cir. 1996); Hosna, 80 F.3d at 306; Grinder, 73 F.3d at 795, that presumption is "predicated on the district court's knowledge that de novo review is required." Grinder, 73 F.3d at 795.

Here, the Plaintiff's objections to Magistrate Manibusan's report and recommendations are as follows:

1. That Magistrate Manibusan erred in his finding on Page 9 (lines 5 thru 15) of his report and recommendation, when he recommended DISMISSAL WITHOUT PREJUDICE of Plaintiff's Eighth Amendment claim against Defendant Crisostomo.

2. That Magistrate Manibusan erred in his finding on Page 9 (lines 16 thru 27) and Page 10 (lines 1 thru 23) of his report and recommendation, when he recommended DISMISSAL of Plaintiff's Eighth Amendment claim against Defendants Bamba and Perez. In addition, Magistrate Manibusan did not state whether the DISMISSAL was WITH or WITHOUT PREJUDICE.

3. That Magistrate Manibusan erred in his finding on Page 11 (lines 1 thru 15) of his report and recommendation, when he recommended DISMISSAL WITH PREJUDICE of Plaintiff's Eighth Amendment claim against Defendant San Nicolas.

4. That Magistrate Manibusan erred in his finding on Page 11 (lines 18 thru 27) of his report and recommendation, when he recommended DISMISSAL WITHOUT PREJUDICE of Plaintiff's Equal Protection Claims against Defendants.

5. That Magistrate Manibusan erred in his finding on Page 12 (line 27) and Page 13 (lines 1 thru 5) of his report and recommendation, when he recommended DISMISSAL of Plaintiff's Due Process claim against Defendant Quichocho. In addition, Magistrate Manibusan did not assert whether the DISMISSAL was WITH or WITHOUT PREJUDICE.

Page 4 of 13

Case 1:03-cv-00040  Document 36  Filed 10/08/2004  Page 4 of 14

# ARGUMENT

## I. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS CRISOSTOMO, BAMBA, PEREZ, AND SAN NICOLAS SHOULD NOT BE DISMISSED.

A. Magistrate Manibusan recommended DISMISSAL WITHOUT PREJUDICE of Plaintiff's Eighth Amendment claim against Defendant Crisostomo, holding that Plaintiff neither states how the transfer caused him sufficiently harm nor explains the risk of harm to his safety.[5] Magistrate Manibusan further recommended DISMISSAL of Plaintiff's Eighth Amendment claim against Defendants Bamba and Perez, holding that Plaintiff failed to provide or allege proof in his complaint that a substantial risk of serious harm would befall him from his cell mate's loud snoring.[6] In addition, Magistrate Manibusan also recommended DISMISSAL WITH PREJUDICE of Plaintiff's Eighth Amendment claim against Defendant San Nicolas, holding that Plaintiff failed to prove that the acts of Defendant San Nicolas caused a sufficiently serious harm or risk of harm to his health or safety.[7]

Magistrate Manibusan recommended dismissal because the Plaintiff failed to prove or provide further information on his claims and that the Plaintiff's factual allegations does not match the legal theories upon which his recommendation were based on.[8] However, Magistrate Manibusan applied the wrong standard applicable to Fed. R. Civ. P. Rule 12 (b)(6) motion. Contrary to the Report, Plaintiff need not *prove* his case on Defendants' motion to dismiss based on Rule 12 (b)(6). This is not an evidentiary stage of the proceedings.

---

[5] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 9 (lines 11 thru 15).

[6] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 10 (lines 3 thru 9).

[7] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 11 (lines 11 thru 15).

[8] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 9 (lines 11 thru 15); Page 10 (lines 3 thru 9); Page 11 (lines 11 thru 15); Page 11 (lines 23 thru 24).

First of all, "[T]he federal rules of civil procedure do not require a claimant to set out in detail the facts upon which he bases his claim but require only a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957); *See, also,* Ghebreselassie v. Coleman Secur. Serv., 829 F.2d 892, 895 (9th Cir. 1987); *See, also,* Rule 8(a) Fed. R. Civ. P.[9]

Here, the Plaintiff followed the Federal Rules of Civil Procedure and provided in his complaint a "short and plain" statement of the claim that gave the Defendants fair notice. Thus, Rule 8 is to be understood in the light of reason and common sense, to the end that "[a]ll pleading shall be so construed as to do substantial justice." Fed. R. Civ. P. Rule 8(f). **"So the meaning and effect of the rule is clear and thus, it is well settled that the rule is fashioned in the interest of fair and reasonable notice, not technicality."**

In addition, modern Federal Rules of Civil Procedure "does not require a claimant to set forth any legal theory justifying the relief sought on the facts alleged, but require a claimant to set forth factual averments to show the claimant 'may' be entitled to 'some' relief." American Timber & Trading Co., v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982) *(citing Moore's; specific legal theories need not be pleaded provided defendants receive notice of claim);* Newman v. Silver, 713 F.2d 14, 15 n.1 (2d Cir. 1983) *(pleading should state claims, not legal theory);* Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997) *(modern Federal Rules of Civil Procedure do not require that facts be matched to legal theories, but only that complaint set out claim in form of grievance).*

Moreover, "further information on claims" is not required from pleadings because it will be developed during pretrial processes such as disclosure and discovery, *See Fed. R. Civ. P. Rule 26-27,* pretrial conferences, *See Fed. R. Civ. P. Rule 16,* and summary judgment, *See Fed. R. Civ. P. Rule 56.* Therefore, a claim will not be dismissed because it lacks detailed averments of the claim for relief. *See,* Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) *(complaint sufficient because additional*

---

[9] **Pleading conclusory allegations of fact or law is permitted, provided the averments are short and plain and give fair notice to the defending parties of the claim and the grounds alleged in support.** Shechter v. Comptroller, 79 F.3d 265, 270 (2d Cir. 1996).

*information available through discovery); See, also,* <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992) *(details to develop claim come from documents such as pre-trial orders).*

Second of all, "When reviewing a Fed. R. Civ. P. 12 (b)(6) motion, the court accepts the factual allegations in the complaint as true and makes all reasonable inferences in favor of Plaintiff." <u>Shabazz v. Cole</u>, 69 F.Supp.2d 177 (D. Mass. 1999); *See, also,* <u>Cruz v. Beto</u>, 405 U.S. 319, 322, 92 S.Ct. 1079 (1972) *("Allegations of complaint are assumed to be true.")* However, Magistrate Manibusan did not accept the Plaintiff's factual allegations in the Complaint as true. A review of Magistrate Manibusan's report and recommendation ventures no evidence that he accepted Plaintiff's factual allegations in the Complaint as true, nor has he asserted acception of Plaintiff's factual allegations in the Complaint as true or making all reasonable inferences in favor of Plaintiff.

"In civil rights cases brought pro se, the court must construe the pleadings liberally and afford plaintiff the benefit of any doubt." <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621 (9th Cir. 1988); *See, also,* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) *(pro se pleadings are construed more liberally than pleadings drafted by lawyers).*

To the contrary, a review of Magistrate Manibusan's report and recommendation ventures no evidence that he in fact construed Plaintiff's complaint liberally, and that he gave Plaintiff the benefit of any doubt. If Plaintiff's Complaint was in fact liberally construed, and if Plaintiff was given the benefit of any doubt, Magistrate Manibusan would not have recommended dismissal, but rather he would have given Plaintiff a statement of the Complaint's deficiencies and allow Plaintiff leave to file an amended pleading and proceed to trial.

Here, Magistrate Manibusan did not allow Plaintiff the opportunity to amend his Complaint. "Under Fed. R. Civ. P. 15(a), the district court should grant leave to amend "freely...when justice so requires." <u>FDIC v. Conner</u>, 20 F.3d 1376, 1385 (5th Cir. 1994); *See, also,* <u>Brooks v. Seiter</u>, 779 F.2d 1177 (6th Cir. 1985) *(pro se plaintiffs should be allowed an opportunity to amend their complaints where the proof of a set of facts would justify a claim).* The court of appeals in <u>Elliot v. Bronson</u>, 872 F.2d 20 (2d Cir. 1989) reversed the district court's dismissal and held that the district court abused its discretion in dismissing the complaint without granting the plaintiff leave to file an

amended pleading.

Moreover, Magistrate Manibusan did not give Plaintiff a statement of the Complaint's deficiencies. The NINTH CIRCUIT court of appeals held that "before dismissing such a complaint for failure to state a claim, the district court must give plaintiff a statement of the complaint's deficiencies." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988). Even if it is assumed that Magistrate Manibusan did give Plaintiff a statement of the Complaint's deficiencies, Magistrate Manibusan did not state or assert that the deficiencies in the Complaint could not be cured by amendment. "Since it was not said, and it could not be said that the deficiencies in the Complaint could not be cured by amendment," Magistrate Manibusan erred in recommending dismissal of the actions. The NINTH CIRCUIT court of appeals similarly held that "since it could not be said that the deficiencies in the complaint could not be cured by amendment the district court erred in dismissing the actions." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988).

Plaintiff met his burden in the SEVENTH CIRCUIT court of appeals test for adequate statement of claim, by outlining or adumbrating a violation of the statute or constitutional provision on which he relied on, and connected the violation to the named defendants. Especially instructive is the explanation of Judge Posner in Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992) *(Test for adequate statement of claim) (so-called "conclusory" statement of claim may be sufficient if complaint outlines the law claimed to be violated and connects defendants with alleged violation)* reversing the dismissal of a prisoner's pro se claim on the grounds that the claim was conclusory and lacking in factual detail. Observing that the rules establish a system fo notice pleading rather than fact pleading, the court noted that the fact that the complaint is "conclusory" is not automatically fatal. Instead, the test is whether the complaint " 'outline[s] or adumbrate[s]' a violation of the statute or constitutional provision on which the plaintiff relies...and connect[s] the violation to the named defendants." Id. 957 F.2d at 354.

In addition, "If a motion to dismiss is made prior to any discovery or filing of answer, district court is loath to dismiss complaint regardless of whether plaintiff is unlikely to prevail, unless defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief."

Page 8 of 13

Case 1:03-cv-00040   Document 36   Filed 10/08/2004   Page 8 of 14

Lawrence v. Cade & Saunders, P.C. 149 F.R.D. 14 (NDNY 1993).

Here, the **"Defendants"** in this case made a motion to dismiss prior to discovery or filing an answer. Furthermore, the **"Defendants"** have not proved, asserted, or demonstrated that Plaintiff is unable to *prove* facts which would entitle him relief. Since it was not said, and it could not be said that the **"Defendants"** have demonstrated that Plaintiff is unable to *prove* facts which would entitle him relief, Magistrate Manibusan's recommendations to dismiss Plaintiff's actions should be rejected.

# ARGUMENT

## II. PLAINTIFF'S DUE PROCESS CLAIM AGAINST DEFENDANT QUICHOCHO SHOULD NOT BE DISMISSED.

B. Magistrate Manibusan recommended DISMISSAL of Plaintiff's Due Process claim against Defendant Quichocho, holding that Plaintiff failed to state any actionable claim.[10] To the contrary, Magistrate Manibusan contradicted himself in making such recommendation. You see, in Magistrate Manibusan's report and recommendations,[11] he rightfully stated, citing relevant case law, that "[w]here the violation of state law causes the deprivation of rights protected by the constitution and statutes of the United States, a cause of action is stated under 42 U.S.C. §1983." Wirth v. Surles, 562 F.2d 319, 322 (4th Cir. 1977).

Furthermore, Magistrate Manibusan stated the fact that in the Complaint, Plaintiff did assert violation of various sections of Guam Executive Order 94-19 which denied him his constitutional Due

---

[10] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 13 (lines 2 thru 5).

[11] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 13 (lines 9 thru 16).

Process rights, and recommended that Defendants' motion to dismiss be denied.[12]

Well, in the Due Process claim against Defendant Quichocho, Plaintiff clearly asserted violation of various sections of Guam Executive Order 94-19 which denied him his constitutional Due Process rights.[13] Thus, Plaintiff has stated an actionable claim against Defendant Quichocho.

Moreover, Plaintiff has met his burden in the SEVENTH CIRCUIT court of appeals test for adequate statement, by outlining or adumbrating a violation of the statute or constitutional provision on which he relied on and connected the violation to the named Defendants. See, Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992) ***(Test for adequate statement of claim) (so-called "conclusory" statement of claim may be sufficient if complaint outlines the law claimed to be violated and connects defendants with alleged violation)*** reversing the dismissal of a prisoner's pro se claim on the grounds that the claim was conclusory and lacking in factual detail. Observing that the rules establish a system fo notice pleading rather than fact pleading, the court noted that the fact that the complaint is "conclusory" is not automatically fatal. Instead, the test is whether the complaint " 'outline[s] or adumbrate[s]' a violation of the statute or constitutional provision on which the plaintiff relies...and connect[s] the violation to the named defendants.") Id. 957 F.2d at 354.

And besides, "[T]he federal rules of civil procedure do not require a claimant to set out in detail the facts upon which he bases his claim but require only a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957); *See, also,* Ghebreselassie v. Coleman Secur. Serv., 829 F.2d 892, 895 (9th Cir. 1987); *See, also,* Rule 8(a) Fed. R. Civ. P.[14] "So the

---

[12] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **REPORT AND RECOMMENDATION** by Magistrate Judge Joaquin V. E. Manibusan Jr. (September 20, 2004) Page 13 (lines 9 thru 16).

[13] See, Laguana vs. Ishizaki, et. al., CV-03-00040 (Dist. Ct. of Guam) **COMPLAINT, Fourth Cause of Action (¶ 44, 45) Page 12.**

[14] **Pleading conclusory allegations of fact or law is permitted, provided the averments are short and plain and give fair notice to the defending parties of the claim and the grounds alleged in support.** Shechter v. Comptroller, 79 F.3d 265, 270 (2d Cir. 1996)

meaning and effect of the rule is clear and thus, it is well settled that the rule is fashioned in the interest of fair and reasonable notice, not technicality." Therefore, Magistrate Manibusan's recommendation of dismissing Plaintiff's Due Process claim against Defendant Quichocho should be denied.

# ARGUMENT

### III. PLAINTIFF'S EQUAL PROTECTION CLAIMS AGAINST DEFENDANTS SHOULD NOT BE DISMISSED.

C. Magistrate Manibusan recommended DISMISSAL WITHOUT PREJUDICE of Plaintiff's Equal Protection claims against Defendants, holding that Plaintiff has not shown that he was treated differently from other similarly situated inmates. However, Magistrate Manibusan applied the wrong standard applicable to Fed. R. Civ. P. Rule 12 (b)(6) motion. To the contrary, Plaintiff need not *prove* his case on Defendants' motion to dismiss based on Rule 12 (b)(6). This is not an evidentiary stage of the proceedings. "When reviewing a Fed. R. Civ. P. 12 (b)(6) motion, the court accepts the factual allegations in the complaint as true and makes all reasonable inferences in favor of Plaintiff." Shabazz v. Cole, 69 F.Supp.2d 177 (D. Mass. 1999); *See, also,* Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079 (1972) *("Allegations of complaint are assumed to be true.")*[15]

In addition, "further information on claims" is not required from pleadings because it will be developed during pretrial processes such as disclosure and discovery, *See Fed. R. Civ. P. Rule 26-27*, pretrial conferences, *See Fed. R. Civ. P. Rule 16*, and summary judgment, *See Fed. R. Civ. P. Rule 56*. Therefore, a claim will not be dismissed because it lacks detailed averments of the claim for relief. *See,* Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) *(complaint sufficient because additional*

---

[15] "In civil rights cases brought pro se, the court must construe the pleadings liberally and afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988); See, also, Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) *(pro se pleadings are construed more liberally than pleadings drafted by lawyers).*

*information available through discovery); See, also,* <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992) *(details to develop claim come from documents such as pre-trial orders)*.

And besides, Plaintiff is only required to provide a **"SHORT and PLAIN"** statement that will give the Defendants fair notice. Rule 8 (a) Fed. R. Civ. P.; <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99 (1957); *See, also,* <u>Ghebreselassie v. Coleman Secur. Serv.</u>, 829 F.2d 892, 895 (9th Cir. 1987).[16] "So the meaning and effect of the rule is clear and thus, it is well settled that the rule is fashioned in the interest of fair and reasonable notice, not technicality."

**It was never said that the Defendants did not receive fair notice, and it was never said that Plaintiff's averments were not Short and Plain.** With respect to the rules, Magistrate Manibusan's disingenuous recommendations for dismissal should merit no consideration by this Court.

# CONCLUSION

Magistrate Manibusan has not provided a "reasonable" reason why this Court should grant his recommendations for dismissal. Magistrate Manibusan's recommendations to dismiss Plaintiff's First, Second, Third, and Fourth Case of Actions and Equal Protection claims against the Defendants should be denied, and this case should therefore be allowed to proceed forward. **WHEREFORE**, for the foregoing reasons, Plaintiff humbly **REQUESTS** the following:

1. That Magistrate Manibusan's recommendation to dismiss Plaintiff's First Cause of Action against Defendant Francisco B. Crisostomo BE REJECTED;

2. That Magistrate Manibusan's recommendation to dismiss Plaintiff's Second Cause of Action against Defendants Vincent Bamba and Ed Perez BE REJECTED;

3. That Magistrate Manibusan's recommendation to dismiss Plaintiff's Third Cause of Action

---

[16] **Pleading conclusory allegations of fact or law is permitted, provided the averments are short and plain and give fair notice to the defending parties of the claim and the grounds alleged in support.** <u>Shechter v. Comptroller</u>, 79 F.3d 265, 270 (2d Cir. 1996).

Page 12 of 13

1. against Defendant Alan San Nicolas BE REJECTED;

4. That Magistrate Manibusan's recommendation to dismiss Plaintiff's Fourth Cause of Action against Defendant Raymond Quichocho BE REJECTED;

5. That Magistrate Manibusan's recommendation to dismiss Plaintiff's Equal Protection claims against the Defendants BE REJECTED;

6. That upon rendering of a statement of the Complaint's deficiencies by this Court, the Plaintiff be given the opportunity to AMEND HIS COMPLAINT and assert his claim in a manner that will eliminate such deficiencies.

DATED this 5th day of OCTOBER, 2004.

Respectfully Submitted,

MICHAEL JR. G. LAGUANA
**Name (Print)**

*Michael Jr. G. Laguana, Pro Se,*
*Department of Corrections (ACF)*
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9

**Signature**

OCTOBER 5, 2004 / 1030 hrs.
**Date and Time of Signature**

Page 1
**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections (ACF)**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9

# PROOF OF SERVICE (CERTIFICATE OF SERVICE)

I, **_Michael Jr. G. Laguana_**, Plaintiff appearing *pro se*, hereby certify that I have served a true and correct filed copy of:

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

upon Defendants' Counsel **_James T. Mitchell_** and addressed same to:

**James T. Mitchell, Counsel for the Defendants,**
**Office of the Attorney General**
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910  USA
**(671) 475-3324      (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this 5th day of OCTOBER, 2004.

I declare under Penalty of Perjury that the foregoing is true and correct.

DATED this 5TH, day of OCTOBER, 2004.

By: _____
Michael Jr. G. Laguana, *pro se*

---
*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**