Page 1

**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections (ACF)**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9

FILED
DISTRICT COURT OF GUAM
OCT 08 2004
MARY L. M. MORAN
CLERK OF COURT

38

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| Michael Jr. G. Laguana,<br>　　　　Plaintiff,<br>　　vs.<br>Frank Ishizaki, Director;<br>Francisco B. Crisostomo, Warden;<br>Alan San Nicolas, Corporal;<br>Raymond Quichocho, Correctional Officer;<br>Vincent Bamba, Correctional Officer;<br>Ed Perez, Correctional Officer; at the<br>Department of Corrections, in their<br>individual and official capacities,<br>　　　　Defendants. | Civil Case No.: **CV-03-00040**<br><br>**REQUEST FOR ADMISSIONS** |

## *REQUEST FOR ADMISSIONS*

I, **_Michael Jr. G. Laguana_** (known hereinafter as Plaintiff), pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests Defendant **_Alan San Nicolas_** alone to make the following admissions within 30 days after service of this request:

1. Executive Order 94-19, (E.O. 94-19) was, and at all relevant times to Plaintiff's case, has been clearly established law when alleged violation occurred, [since its promulgation on December 30, 1994], which ultimately governs the administration and operations of the Guam Department of Corrections (DOC) in Mangilao, which a "reasonable" Correctional Officer, as well as the Director and Officers in defendants' position would have known, or should have known, and have no excuse for not knowing.

Laguana vs. Ishizaki, et. al., CV-03-00040
Request for Admissions

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 1 of 7

2. <u>Executive Order 94-19</u>, (E.O. 94-19) was, and at all relevant times to Plaintiff's case, has been clearly established law when alleged violation occurred, [since its promulgation on December 30, 1994], which has not been repealed, amended, or superceded.

3. Chapter 3, §3.2. (A thru J) of <u>Executive Order 94-19</u>, (E.O. 94-19) was, and at all relevant times to Plaintiff's case, has been clearly established law when alleged violation occurred, [since its promulgation on December 30, 1994], which clearly describes the rights of inmates at the Guam Department of Corrections (DOC) in Mangilao, as well as the rights of the Plaintiff, which a "reasonable" Correctional Officer, as well as the Director and Officers in defendants' position would have known, or should have known, and have no excuse for not knowing.

4. Every Correctional Officer at the Guam Department of Corrections (DOC) in Mangilao, as well as the Director and Officers in defendants position, have always used and are in fact still using Chapter 3 of <u>Executive Order 94-19</u>, (E.O. 94-19) to this very day, and at all relevant times to Plaintiff's case when alleged violation occurred, [since its promulgation on December 30, 1994], to impose disciplinary sanctions and punishment on the Plaintiff and every other inmate at DOC who are alleged of wrongful conduct.

5. <u>Executive Order 88-19</u>, (E.O. 88-19) was, and at all relevant times to Plaintiff's case, has been clearly established law when alleged violation occurred, [since its promulgation on July 29, 1988], which clearly and ultimately describes the duties, responsibilities, and conduct of employees of the Guam Department of Corrections (DOC) in Mangilao, which a "reasonable" Correctional Officer, as well as the Director and Officers in defendants' position would have known, or should have known, and have no excuse for not knowing.

**Laguana vs. Ishizaki, et. al., CV-03-00040**
**Request for Admissions**   Page 2 of 6

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 2 of 7

6. Chapters 10 & 11 of <u>Executive Order 88-19</u>, (E.O. 88-19) was, and at all relevant times to Plaintiff's case, has been clearly established law when alleged violation occurred, [since its promulgation on July 29, 1988], which has not been repealed, amended, or superceded.

7. The clearly established rights of inmates at the Guam Department of Corrections (DOC) in Mangilao set forth in <u>Executive Order 94-19</u>, (E.O. 94-19) Chapter 3, §3.2., clearly provides some of the following rights which applies daily to the Plaintiff:

> **"§3.2.(A)   YOU HAVE THE RIGHT to expect that as a human being you be treated respectfully, impartially, and fairly by all personnel.**
>
> **"§3.2.(B)   YOU HAVE THE RIGHT to be informed of the rules, procedures and schedules concerning the operation of the Department.**

8. Chapter 1, §1.3. of <u>Executive Order 94-19</u>, (E.O. 94-19) clearly provides the following:

> **"Inmates shall have all those rights and responsibilities as set forth in these Rules and Regulations, not otherwise inconsistent with statutory or case law."**

9. Chapter 11, Article 2, §11.4. of <u>Executive Order 88-19</u>, (E.O. 88-19) clearly provides the following:

> **"All employees are responsible to their facility heads through their supervisors for their specific functions. Employees shall promptly obey orders given them by proper authority and shall familiarize themselves with the rules of the Department and their division. Ignorance of the rules is no excuse for violation."**

10. Plaintiff has the right to make a statement and present evidence in his own behalf before the DHB; to expect that as a human being he be treated respectfully, impartially, and fairly by all personnel at the Guam Department of Corrections (DOC) in Mangilao; and the right to be informed of the rules, procedures and schedules concerning the operations of DOC.

*Laguana vs. Ishizaki, et. al.,* CV-03-00040
**Request for Admissions**                        Page 3 of 6

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 3 of 7

11. On August 5, 2003 on or about 0815hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind this stage of Plaintiff's DHB case, counseled, or otherwise, questioned Plaintiff at the Visitation Area of the Halfway House about the Informational Reports submitted by Correctional Officers (CO-I/defendant) Raymond Quichocho and (CO-I) Mike A. Reyes.

12. On August 5, 2003 on or about 0845hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind this stage of Plaintiff's DHB case, initiated the Charging Process against the Plaintiff when he decided to bring the Plaintiff up to Post#6 to be placed on Pre-Hearing Detention

13. On August 5, 2003 on or about 0845hrs., and all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind the Initial Charging Process against the Plaintiff, ordered Correctional Officer (CO-I) Milo Mapote to place Plaintiff in handcuffs and to bring Plaintiff up to Post#6 to be placed on Pre-Hearing Detention

14. On August 5, 2003 and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind the Initial Charging Process against the Plaintiff, ordered Correctional Officer (CO-I/defendant) Raymond I. Quichocho to write up an Incident Report against the Plaintiff.

Laguana vs. Ishizaki, et. al., CV-03-00040
Request for Admissions                              Page 4 of 6

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 4 of 7

15. On August 6, 2003 on or about 0840hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind the Initial Charging Process against the Plaintiff, was the Investigating Supervisor in Plaintiff's DHB case.

16. On August 6, 2003 on or about 1000hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas was the Decision Maker in the Investigation Process of Plaintiff's DHB case..

17. On August 8, 2003 on or about 1023hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas who was the primary actor and prime movant behind all preliminary stages and process in Plaintiff's DHB case, appeared and sat as the DHB Chairman at Plaintiff Laguana's DHB Hearing.

18. The Investigation Report submitted by defendant Alan San Nicolas on August 6, 2003 at 1000hrs., and at all relevant times to Plaintiff's case when alleged violation occurred, was not submitted under oath.

19. On August 8, 2003 on or about 1023hrs., and all relevant times to Plaintiff's case when alleged violation occurred, neither defendant Alan San Nicolas nor his inmate informants testified at Plaintiff's DHB Hearing.

20. From August 5, 2003 to August 8, 2003 and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas did not conduct an interview with the Correctional Officer who wrote the Informational Report against the Plaintiff, accusing Plaintiff of wrongful conduct.

**Laguana vs. Ishizaki, et. al., CV-03-00040**
**Request for Admissions**   Page 5 of 6

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 5 of 7

21. During the Investigation stage in Plaintiff's DHB case on August 6, 2003 and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas did not present or show the Plaintiff any and all evidence that were being used against him.

22. From August 5, 2003 to August 8, 2003 and at all relevant times to Plaintiff's case when alleged violation occurred, defendant Alan San Nicolas did not rely on any existing statute, rule, or case law to believe his involvement in every part and process in Plaintiff's DHB case, to be lawful.

## *VERIFICATION*

I, **_Michael Jr. G. Laguana_**, declare that I am the Plaintiff in the above-entitled action. I further certify, state, or declare under the Penalty of Perjury and under the laws of the Territory of Guam that I have served a true and correct copy of the first set of **REQUEST FOR ADMISSIONS** for defendant Alan San Nicolas, to defendant Alan San Nicolas on this ___24th___ day of ___SEPTEMBER___, 2004.

Respectfully Submitted,

MICHAEL JR. G. LAGUANA
Name (Print)

_[signature]_
Michael Jr. G. Laguana, Pro Se,
Plaintiff

9/24/04  9:50 a.m.
Date and Time of Signature

Laguana vs. Ishizaki, et. al., CV-03-00040
Request for Admissions                    Page 6 of 6

Case 1:03-cv-00040   Document 38   Filed 10/08/2004   Page 6 of 7

Page 1
**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections (ACF)**
P.O. Box 3236
**Hagåtña, Guam 96932**
Tel: (671) 734-3981 thru 9

# PROOF OF SERVICE (CERTIFICATE OF SERVICE)

I, **_Michael Jr. G. Laguana_**, Plaintiff appearing *pro se*, hereby certify that I have served a true and correct filed copy of:

# *REQUEST FOR ADMISSIONS*

upon Defendants' Counsel **_James T. Mitchell_** and addressed same to:

**James T. Mitchell, Counsel for the Defendants,**
**Office of the Attorney General**
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910   USA
**(671) 475-3324          (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this 24th day of SEPTEMBER, 2004.

I declare under Penalty of Perjury that the foregoing is true and correct.

DATED this 24th, day of SEPTEMBER, 2004.

By: _____
Michael Jr. G. Laguana, *pro se*

*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**