

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA, | Civil Case No. 03-00040 |
| Plaintiff, | |
| vs. | |
| FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO, Correctional Officer; VINCENT BAMBA, Correctional Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities, | **DECLARATION OF MARIE ROBERTO** |
| Defendants. | |

I, Marie Roberto declare as follows:

1. I am the records custodian for the Department of Corrections.

2. The attached Disciplinary Hearing Board Report # DHB2003-08-100 in the case of Inmate Michael G. Laguana is a true and correct copy of the original.

3. The attached DHB Appeal of DHB Hearing on August 8, 2003 in the case of Inmate Michael G. Laguana is a true and correct copy of the original.

I declare under penalty of perjury that the above declarations are true and correct to the best of my knowledge.

Dated this __6__ day of October, 2004.

*Marie C. Roberto*
MARIE ROBERTO

Mitchell:\Laguana Roberto Declaration



# DEPARTMENT OF CORRECTIONS
*Depattamenton Mangngurihi*
P.O. Box 3236
Hagatna, Guam 96932

Felix P. Camacho
*Governor*

Kaleo S. Moylan
*Lt. Governor*

Frankie T. Ishizaki
*Director*

Robert D. Camacho
*Acting Deputy Director*

Francisco B. Crisostomo
*Warden*

Michael P. Quinata
*Chief Parole Officer*

Beverly A. Lotz
*CCSD, Acting Administrator*

Daniel A. Duenas
*Forensic Administrator, MSW*

Luis M. Paulino
*Administrative Services Officer*

## DHB APPEALS

**INMATE:** Laguana, Michael
**DATE DHB APPEAL RECEIVED:** 8/14/03
**DHB REVIEW DATE:** 8/26/03
**DATE OF INCIDENT:** 8/5/03
**DHB DATE:** 8/8/03

After reviewing your issues regarding your DHB appeal, and in accordance with E.O. 94-19, Chapter 3, Section 3.30, the following decision is hereby submitted:

1. The DHB <u>substantially</u> complied with the rules and regulations on inmate discipline.

2. The DHB based its decision on the preponderance of the evidence; and

3. The appropriate sanction was imposed.

Furthermore, I find that there was no conflict of interest in regards to this case. Your issues were appropriately addressed during your hearing.

The decision of the DHB is therefore sustained.

FRANK T. ISHIZAKI
Director

Tel. No.: 475-6222 / 473-7026 / 7027
Fax No.: 475-6298

| DISCIPLINARY HEARING BOA... ,<br>Department of Corrections<br>Mangilao, Guam      *ORIGINAL*<br><br>**REPORT** | MEMBERS PRESENT<br>[ ] A.S. San Nicolas, Chairperson<br>[X] A. P. Borja, 1st Vice Chairperson<br>[ ] J. U. Pangelinan, 2nd Vice-Chairperson<br>[X] Tommy King, Member<br>[ ] Catherine M. Cruz, Member<br>[ ] Lonnie Sanchez, Member<br>[X] Samuel D. Donato, Alternate<br>[ ] Leonora P. Cepeda, Alternate |
|---|---|

| INMATE (Last, First, Middle):<br><br>LAGUANA, Michael G. | TYPE OF HEARING:<br>[X] Preliminary<br>[ ] Continuance<br>[X] Final | CASE NO:<br><br>DHB2003-08-100 |
|---|---|---|
| DATE OF INCIDENT:<br>05 August 2003 | DHB HEARING DATE:<br>08 August 2003 | PRESENTING PERSONNEL:<br>Raymond I. Quichocho |
| OFFENSE CODE:<br><br>222 - Conduct which disrupts.<br><br>324 - Damaging government property having a value of $100.00 or less. | SUMMARY OF CHARGE(S) as noted by the DHB Chairman:<br>at about 0550 hrs on 05 Aug '03, a bang came from B-Wing area and immediately thereafter inmate Michael Laguana followed by inmate Joseph Mafnas. CO I M. A. Reyes followed Laguana out to the patio area. Officer Quichocho questioned Mafnas and he responded "I don't know he just punched the door". Later in questioning Laguana he stated "He couldn't sleep because Inmate Jose Siquenza snores loud and it becomes annoying". The door has a hole from the impact of the punch. | |

**NOTICE OF CHARGE(S):**

A. Advanced written notice, which shall not be less than twenty-four hours to the DHB hearing), of the charge(s) (copy of incident report) was given to inmate on: 06 August 2003 at 1523hrs by CO I F.R. Camacho

B. The DHB was held on 08 August '03 beginning at 1023hrs and concluded at about 1122hrs on 08 August, 2003.

C. The inmate was advised of his/her rights [hearing to be heard by an impartial board, right to be present in the hearing except during deliberations, hearing is administrative, Report of Findings by DHB within 24 hours after case is concluded] before the DHB by Cpl A. P. Borja on 08 August 2003 and a copy of the advisement form is on file.

**STAFF REPRESENTATIVE [COUNSEL SUBSTITUTE]:**

A. [X] The inmate waived his right to Staff Representation (DOC employee).

B. [ ] The inmate requested Staff Representation and _____ came before the hearing.
         *Personnel*

C. [ ] The requested Staff Representative declined or could not appear but inmate was informed of option to postpone the hearing to obtain another staff representative with the result that _____

**PRESENTATION OF EVIDENCE:**

A. [X] The inmate has been advised of his/her right to present statements or to remain silent to present document, including written statements of unavailable witnesses, and for relevant witnesses to appear in his behalf at this hearing.

B. [ ] The inmate ADMITS the charge(s). Cite Codes _____

C. [X] The inmate DENIES the charge(s). Cite Codes 222 and 324 (a/b)

D. Summary/Highlights of the hearing: During the preliminary hearing the Defendant (Inm. M. Laguana) requested that the Chairman be removed for the record for his involvement in this case, all agreed therefore Chairperson Cpl. A.S. San Nicolas was excused from this hearing and at 1019hrs 1st Vice-Chairman Cpl A. P. Borja presided over the case, with no objections from Plaintiff/Defendant reading of Due Process continued. Upon completion of due process reading the Plaintiff (Ofcr. R. I. Quichocho) was asked if he any additions/deletions to his Incident Report, the plaintiff requested to change 215 to 324 and 328 to code 222 acknowledged by the Defendant; The defendant was asked if he had any reasons as to void this hearing based on due process violations and the defendant addressed Issue #1 violation of disciplinary procedures Section IV of "Excerpts" procedures "A" "The witnessing employee shall fill a written incident report of the incident" pointing out G.O. 97-007 and E.O. 94-19 Chap. 3 Sec 3.15 echoing "witnessing employee shall initiate the report", further pointing out in Part II of the I.R. that in the investigating supervisors findings officer M. A. Reyes is identified as the witnessing staff and on the informational report submitted by CO Reyes that when he asked inmate Laguana the question as to what was wrong this made officer Reyes the witnessing officer to the incident. Issue #2 - Cpl San Nicolas' involvement in the investigation is a conflict of interest, his involvement prior to being confined supposedly conducting questioning and counseling; Then the Cpl. being involved in the investigation and hearing the case, before being confined Cpl San Nicolas questioned and counsel him about an informational report not an incident report, after being counseled by Cpl San Nicolas he got him confined, how can he investigate a case known to him. The board when on recess to discuss issues presented by the defendant at 1034hrs. At 1045hrs, the board reconvene in the present of plaintiff/defendant and DHB addressed Issue #1 - The plaintiff was asked their exact whereabouts at the time of the incident and he along with CO Reyes where at the unit control when they both heard a loud bang. With no one witnessing the defendant hitting the door, This could lead to either one of the officers initiating an incident report, being that the "Bang" initiated the incident, with the other submitting a supplemental report to the incident. So with this the board interpret the officers role as of a security matter, they both heard the noise, witnessing inmates Mafnas followed by J. Mafnas exiting "B" wing, officer Quichocho questioned Mafnas and officer Reyes followed Laguana to the patio and questioned the inmate, with the inmate not revealing at that point that he punched

Case 1:03-cv-00040    Document 41    Filed 10/08/2004    Page 4 of 6

the door, but that he can't sleep because he(?)snores. The defendant was asked by the board whether either of the officer's witnessed him punching the door and he said "No". *Issue #2* Cpl San Nicolas was not involved directly nor a witness to the case, he as the Senior officer reviews report submitted by his subordinate and makes the necessary decision. His alleged counseling is not supported nor proven by the defendant. His role as investigating officer not directly involved in the case is justified he being the supervisor of the witnessing employee and as the investigating officer reviews reports submitted and conducts the investigation, and as presiding over this hearing, the Cpl was excused from this hearing for his role as the investigating officer and is no longer a part of this hearing. The defendant continued to lean on the issue that he was counseled and has no record of counseling, the board then asked the Plaintiff if he has supporting documents on what the defendant is addressing, and he said "No". With Issues #1 and #2 explained to the defendant that his grounds is unfounded the hearing preceded. After the incident report and it's supplement was read the defendant was asked his plea to code 222 in which he entered a plea of "Not Guilty"; To code 324 he entered a plea of "Not Guilty". The defendant was asked if he would like to exercise his right for a continuance in this case to prepare his presentation or would he like to waive this right and go into the Final Hearing today. Inmate chose to go into the Final Hearing today. **FINAL HEARING**: to Code 222 the Plaintiff- reflected on his I.R. that a loud bang was heard and also that when the officer questioned Mafnas he responded "I don't know he just punched the door" and when he questioned Laguana he stated that he couldn't sleep because Jose Siguenza snores loud and it becomes annoying. The plaintiff added that inmate Laguana's disruptive actions awoken inmate J. Mafnas and by the expression on Mafnas' face he and officer Reyes took evasive actions and insured separation of the two to prevent possible confrontation. **Defendant's Rebuttal**: submitted Three questions to the chair to be asked to the plaintiff- #1 -Did he confine Laguana? Plaintiff "No"; #2- At time of incident did he submit an informational or incident report? Plaintiff "Informational"; #3- When senior officer Bamba report in for duty did you inform him about the alleged incident? Plaintiff: "Yes, I advised him and requested further assistance as to what to do". The defendant questioned if he wasn't confined then his actions were disruptive. DHB- it is to your best interest that the officers reviewed all reports and seek advisement before they took action. The question that should be asked here is did you (defendant) or did you not hit the door? Defendant- "Yes I admit to hitting the door, but I plea not guilty because of Cpl San Nicolas' involvement in the case. DHB reminded the inmate that this matter of technicality involving Cpl San Nicolas was discussed earlier and a ruling made and to present other issues, and that at the time of incident if not for the tactfulness of staff to the incident and the composure of inmate Mafnas the situation might have gotten out of hand. To Code 324- the plaintiff reflected on the I.R. that the door has a hole from the impact of the punch and also relating to the Part II investigation- that when questioned by Cpl San Nicolas did he (Laguana)punched the door that caused the damage? Inmate Laguana said "Yes"; also submitted were two photos of an apparent hole on a door; Price quotes conducted by the plaintiff over the phone to several vendors and submitted to the board , whereas this typical door averaged amongst five (5)vendors approximately $33.00. **Defendant's rebuttal**: I'm just not gonna be heard, regardless what I say, it's not going to do anything, I'm not gonna rebuttal. No matter what I say is going to make a difference. I admitted to Cpl San Nicolas, he counseled me and asked me if I was going to pay for it and I said Yes, so he told me to get ready for detail. That is why I plead not guilty because the matter was resolved. Do I have documents to support that, no, I do not have access. I've been telling the truth since I came in here, I'm not trying to find a way out, I plead not guilty because action was taken already, I rather pay for the door and do other things then to suffer in that hole. **Plaintiff's closing**: on his conduct becoming more aggressive, his mood swings, moderate then escalating. I have three reports reflecting his conduct in the past and the board should look into his history, his actions are becoming more aggressive, as shown with the door, this could've have escalated into a problem with other inmates. His conduct should be address being at this level of classification on how to properly portray himself, they should be role models to each other and to the public. Officer then presented three (3) reports all within this year, reflecting different occasions where inmate Laguana was informed/counseled of his behavior and attitude. With no other closing Plaintiff/Defendant were excused at 1122hrs. The board took a short recess and at 1135hrs reconvene at the ACF Library for deliberation on the same day of hearing and concluding at 1155hrs same day. (apb)

E. Witnesses requested by inmate/Presenting Personnel:
   1. [X] The inmate requested no witnesses.
   2. [X] The Presenting Personnel requested no witnesses.
   3. [] The following persons were called as witnesses at this hearing and appeared as requested by inmate:____
   4. [] The following persons were called as witnesses at this hearing and appeared as requested by the presenting personnel:____
   5. [] A summary of testimony of each witness is noted:____
   6. [] The following persons requested were not called for the reasons given:____
   7. [] Unavailable witnesses were requested to submit written statements and those statements received were considered. The witnesses and a summary of those statements were noted.
   8. [] In addition to the Incident Report and Investigation, the DHB considered the following documents:____ (A)informational report from Officer M. A. Reyes' account on the day of incident.
   9. [] Confidential information were considered and not provided the inmate. The inmate was advised of the general content of the confidential information without jeopardizing the safety and security of the source.

**FINDINGS OF THE DHB:**
A. [] The case was continued.
B. [X] The act(s) was/were committed as charged. Cite Code(s) 222 and 324. (apb)
C. [] The following act(s) was/were dismissed. Cite Code(s)____
D. [] No prohibited act(s) was/were committed. Order expungement of record.

**SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS:**

222- At the time of incident, 0550hrs, his actions during a time of rest disrupted an inmate and possibly others, alerting the officers, also a review of officer's presentation to this code (see presentation of evidence "D").

324-Inmate Michael Laguana's admittance during presentation, and part II of investigation of committing the act of punching and damaging the door.

**SANCTIONS/ACTIONS TAKEN:**
Upon receipt of this decision Inmate Michael Laguana be taken out of PHD and placed in Disciplinary Segregation for the following Code violations . . . Code 222 (30)days and 324 (20)days which is to run concurrent to the higher offense charged.

While in Disciplinary Segregation all privileges are suspended with the exception to calls from attorney on record, non-contact visitation and emergency calls (to be determined by Platoon Commander on duty).

*It is also recommended that upon release from segregation, That the adjustment and classification committee conduct a review for reclassification to a lower step level, Pursuant to Section IV (f) of G.O. 99-003.*

**REASON FOR SANCTIONS/ACTIONS TAKEN:**
Inmate Laguana is well versed with the policies, but seems to over look his responsibility in acting accordingly. It's ironic that inmate's main issue is of counseling, such as . . . counseling taking place and action taken. He does not seem to heed to previous reports by staff addressing his behavioral/attitude problems all within the year. He ought to be ashamed of himself, for not recognizing the efforts by staff in trying to work with him.

A paper trail has been created on inmates behavior, his demeanor does not seem to fit into the criteria of Minimum Out. A sanctuary reserve for those who conform with rules and regulations.

Inmate needs to take a good look at himself, his maturity and responsibility in handling his problems needs major tuning.

**Sanctions taken is to deter future behavioral problems.**

Board highly recommends that while in D-Seg a psychological evaluation be conducted and the inmate upon release from D-Seg revisit treatment programs . . .ie anger management and conflict resolution, Emotional control and Personality Modification.

**APPEAL RIGHTS**
[X] The inmate has been advised during the initial hearing of his/her right to appeal this action within 15 calendar days from receipt of the DHB REPORT to the Director of Corrections. Inmate is further advised that a plea of guilty to any or all code violation(s) is not appealable or whenever, a plea or sanctions is negotiated between inmate and DHB.

**CERTIFICATION OF DHB REPORT:**
DHB 1st Vice-Chairman _A. P. Borla, Corporal_    Date: _07 August 2003_    Time: _1912hrs_

**ACKNOWLEDGMENT OF DHB REPORT:**
A copy of this DHB Report has been given to the inmate.
Inmate's signature _[signature]_    Date: _08/05/03_    Time: _2001_

Original:  DHB File
Copies:    Inmate; Presenting Personnel, Director, Warden, ACC, CCSD, DATS

Case 1:03-cv-00040   Document 41   Filed 10/08/2004   Page 6 of 6