1  **Michael Jr. G. Laguana, Pro Se,**
   **Department of Corrections**
2  **Dairy Road, Mashburn Lane**
   P.O. Box 3236
3  Hagåtña, Guam 96932
   Tel: (671) 734-3981 thru 9
4  **Adult Correctional Facility**

FILED
DISTRICT COURT OF GUAM

OCT 27 2004

MARY L. M. MORAN
CLERK OF COURT

(43)

5

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF GUAM
### *TERRITORY OF GUAM*

| | |
|---|---|
| Michael Jr. G. Laguana,<br>　　　　　　　Plaintiff,<br>　　　vs.<br><br>Frank Ishizaki, Director;<br>Francisco B. Crisostomo, Warden;<br>Alan San Nicolas, Corporal;<br>Raymond Quichocho, Correctional Officer;<br>Vincent Bamba, Correctional Officer;<br>Ed Perez, Correctional Officer; at the<br>Guam Department of Corrections, in their<br>individual and official capacities,<br>　　　　　　　Defendants. | Civil Case No.: **CV-03-00040**<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC DOCUMENTARY MATERIALS** |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE DEFENDANTS' EXTRINSIC
DOCUMENTARY MATERIALS**

---

*PREPARED AND SUBMITTED BY:*
**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections (ACF)**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9

ORIGINAL

4

# STATEMENT OF CLAIM

5

This matter was brought before the United States District Court of Guam (known hereinafter as district

6

court) on November 24, 2003, by a Section 1983 action under the Civil Rights Act of 1871 (42 U.S.C. Section

7

1983)[1] filed by **MICHAEL JR. G. LAGUANA** (known hereinafter as Plaintiff), an inmate at the Guam

8

Department of Corrections (known hereinafter as DOC) in Mangilao, seeking damages, a declaratory judgment,

9

and injunctive relief based on Prison Officials' "Deliberate Indifferent" actions against him, giving rise to a

10

constitutional violation under the Eighth Amendment; and their unlawful actions that violated his clearly

11

established constitutional rights without justification, giving rise to a constitutional violation under the

12

Fourteenth Amendment.

13

Plaintiff filed Civil Rights Complaint No. 03-00040 against Defendants Frank Ishizaki, Director;

14

Francisco B. Crisostomo, Warden; Alan San Nicolas, Corporal; Raymond Quichocho, Correctional Officer;

15

Vincent Bamba, Correctional Officer; and Ed Perez, Correctional Officer; at the Department of Corrections,

16

in their individual and official capacities.

17

**COMES FORTH NOW** the Plaintiff herein, and moves this court **TO STRIKE** the Declaration of

18

Marie Roberto filed with this court on October 8, 2004. This motion is based on the potential authorities

19

below.

20

21

22

23

24

25

---

26
[1]     42 U.S.C. §1983 provides that "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other
27 person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding
28 for redress."

# STATEMENT OF THE CASE
## A. Course of Proceedings and Disposition below.

On January 7, 2004 the district court ordered a Scheduling Conference to be held on February 23, 2004 at 4:00pm.

On January 21, 2004 Defendants, by and through their counsel, Assistant Attorney General James T. Mitchell, filed a Motion To Dismiss Plaintiff's Complaint with prejudice on the alleged ground that the Complaint failed to state a claim upon which relief can be granted, along with a proposed order and a Memorandum Of Points And Authorities in support of their Motion To Dismiss.

On February 24, 2004 the district court vacated the Scheduling Conference and concluded if necessary, to re-set the Scheduling Conference after the Motion to Dismiss has been resolved.

On January 23, 2004 the district court ordered Plaintiff to file an Opposition to the Defendants' motion on or before March 15, 2004 and ordered the Defendants to reply within Thirty (30) days from receipt of Plaintiff's Opposition. Plaintiff filed a timely *Opposition* **and a** *Declaration In Opposition To Defendants' Motion To Dismiss* on March 9, 2004. However, the Defendants failed to respond to Plaintiff's Opposition.

On June 29, 2004 Plaintiff filed a *Notice-No Reply Or Extension Of Time To File Reply To Plaintiff's Opposition;*[2] a *Motion For Oral Argument;*[3] and an *Agreement Of Hearing Date.*

On September 20, 2004 the district court, pursuant to 28 U.S.C. §636 (b)(1)(B),designated Magistrate Judge Joaquin V. E. Manibusan Jr. (known hereinafter as Magistrate Manibusan) to make a report and recommendation on the Motion To Dismiss. Plaintiff was in receipt of the Magistrate

---

[2]  Plaintiff informed the district court that the Defendants failed to reply to Plaintiff's Opposition within 30 days and that there has been no previous extension(s) of time by stipulation and no extension by order of court to file a reply.

[3]  On June 29, 2004 Plaintiff filed a Motion For Oral Argument on the Defendants' Motion To Dismiss.

Judge's Report And Recommendations on September 29, 2004 at 3:38pm.

On <u>October 8, 2004</u> Plaintiff **TIMELY FILED** his Objections to Magistrate Manibusan's report and recommendations to dismiss Pursuant to 28 U.S.C. §636 (b)(1)(C), and requested this honorable court to over rule Magistrate Manibusan's recommendations to dismiss.

On October 8, 2004 at 4:05pm., Francisco Santos from the Guam Attorney General's Office personally served Plaintiff **1)** *DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS;* and **2)** a *DECLARATION OF MARIE ROBERTO* which were filed with the District Court of Guam on October 8, 2004.

Defendants' in their Objection, argue that Plaintiff's Fifth Cause of Action should be dismissed with prejudice for failing to state a cause of action, basing their argument on extrinsic documentary materials attached as Exhibit A to the Declaration of Marie Roberto. Defendants further hold in their Objection that:

1.      Plaintiff's allegations have no merit;

2.      that a true and correct copy of DHB Case Number DHB 2003-08-100 is attached as part of Exhibit (A);

3.      that Exhibit (A) shows that Plaintiff's hearing was conducted on August 8, 2003;

4.      that a true and correct copy of the Director's DHB Appeal Review is also attached as part of Exhibit (A);

5.      that Exhibit (A) shows that the Director received Plaintiff's appeal on August 14, 2003 and reviewed the appeal on August 26, 2003; and

6.      that the Director conducted his review within Fourteen (14) working days of the appeal.

Plaintiff will now begin to draw the Court's attention to the items of record that support his position and that he wishes the Court to consider, by demonstrating that the extrinsic materials tendered by the Defendants is itself laced with contradictions of fact and law.

Page 4 of 14

# B. STATEMENT OF THE FACTS.

1.      DOC Director Defendant Frank Ishizaki did not answer Plaintiff's DHB Appeal.

2.      The **"Signature"** on the DHB Appeal document attached as part of Exhibit (A) to the Declaration of Marie Roberto **IS NOT** the Signature of Defendant Ishizaki.

3.      The DHB Appeal document attached as Exhibit A to the Declaration of Marie Roberto **IS NOT** the DHB Appeal Review by Defendant Ishizaki.

# ARGUMENT

## I. EXTRINSIC DOCUMENTARY MATERIALS TENDERED BY DEFENDANTS VIOLATES RULE 12(B)(6) MOTION AND LOCAL RULES.

A.      "[W]hen reviewing a Rule 12(b)(6) motion, this court accepts the factual allegations in the complaint as true and makes all reasonable inferences in favor of the Plaintiff." **Shabazz v. Cole**, 69 F.Supp.2d 177 (D. Mass. 1999); *See, also,* **Cruz v. Beto**, 405 U.S. 319, 322, 92 S.Ct. 1079 (1972)("Allegations of complaint are assumed to be true."). Generally, well-pleaded facts are accepted as true for purposes of a motion to strike, and matters outside the pleadings will not be considered in support of the motion. **U.S. Oil Co. v. Koch Refining Co.**, 518 F.Supp. 957 (ED Wis. 1981)(court must treat all well-pleaded facts as true, and cannot consider matter outside the pleadings).

Additionally, a "[M]otion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." **Walsh v. McGee**, 918 F.Supp. 107 (S.D.N.Y. 1996); *See, also,* **United States v. City of Redwood City**, 640 F.2d 963 (9th Cir. 1981); **De La Cruz v. Tormey**, 582 F.2d 45 (9th Cir. 1978), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072.

On January 21, 2004, Defendants in this case filed a 12(b)(6) motion defense on the alleged ground that Plaintiff's Complaint fails to state a claim. For purpose of their motion, the Defendants **DID NOT SUBMIT OR FILE** in this court any Affidavits, Declarations, or materials outside the pleadings in support thereof.

However, on October 8, 2004, it just so happened that the Defendants now only decided to submit to this court and to the Plaintiff, extrinsic documentary materials (known hereinafter as Materials) in support of their motion to dismiss.

Normally when a party to motion submits materials outside the pleadings in support or in opposition to the motion, and if the district court relies on those materials, then the court must treat a motion to dismiss for failure to state a claim on which relief can be granted as a motion for summary judgment. **Anderson v. Angelone**, 86 F.3d 932 (9th Cir. 1996); *See, also,* **Wesley v. Mississippi Transp. Com'n**, 857 F.Supp. 523 (S.D. Miss. 1994). "[W]hen the motion to dismiss is not treated as a motion for summary judgment, of course the court must decide the motion on the pleadings and may not consider affidavits." **Grand Opera Co. v. Twentieth Century-Fox Film Corp.**, 235 F.2d 303 (7th Cir. 1956).

In this case however, the Defendants **DID NOT SUBMIT OR FILE** with their moving papers any Affidavits, Declarations, or materials outside the pleadings **AT THE TIME** when they filed their 12(b)(6) motion to dismiss on January 21, 2004.

Instead, it is only now that the Defendants decided to introduce materials[4] outside the pleadings, after the fact that Magistrate Manibusan already made his report and recommendations on

---

[4]    On October 8, 2004 the Defendants filed their Objections to the Magistrate's Report and Recommendations with a Declaration of Marie Roberto, containing materials outside the pleadings. These Materials however, WERE NOT presented before the Magistrate when he conducted his review on the Defendants' motion to dismiss on September 20, 2004, for the purpose of a report and recommendation.

Page 6 of 14

the motion to dismiss,[5] and more importantly, after the fact that the time to submit such materials have passed. "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be. _See,_ **Local Rule** LR 7.1 (f) **for the District Court of Guam.**

**Local Rule** LR 7.1 (c)(2)(3)[6] for the District Court of Guam specifically requires the Defendants, since they are the moving party, to serve and file with their motion the evidence upon which the moving party relies, and any affidavits permitted by the Federal Rules of Civil Procedure. The Plaintiff in return, since he is the opposing party to the motion, is required by **Local Rule** LR 7.1 (2)(A)[7] for the District Court of Guam to serve and file an Opposition within 14 days.

As a matter of law, Plaintiff believes that the filing of the Defendants' materials is untimely and violates **Local Rule** LR 7.1 (c)(2)(3). _Supra._ Plaintiff further believes, as a matter of law, that he was not apprised 14 days to file an Opposition to the Defendants' materials, violating **Local Rule** LR 7.1 (2)(A). _Supra._

Thus, the materials tendered by the Defendants are prejudicial against the Plaintiff and should not be considered admissible by this court. _See,_ **Local Rule** LR 7.1 (f) **for the District Court of Guam;**

---

[5]      On September 20, 2004 Magistrate Manibusan conducted his review on the Defendants' motion to dismiss for the purpose of a report and recommendation. At the time of the Magistrate's review, there were no Affidavits, Declarations, or materials outside the pleadings submitted in support of the Defendants' motion to dismiss.

[6]      LR 7.1 (c) **Moving Papers.** There shall be served and filed with the motion:
          (1) a memorandum in support thereof containing the points and authorities upon which the moving party relies;
          (2) the evidence upon which the moving party relies;
          (3) any affidavits permitted by the Federal Rules of Civil Procedure.

[7]      LR 7.1 (2)(A):
          If a motion is not set for oral argument, the opposing party shall have fourteen (14) days from the date of the filing of the motion to serve and file an opposition.

*See, also, e.g.,* **Jones v. Cavazos,** 889 F.2d 1043 (11th Cir. 1989)(district court order stating that motion for dismissal or summary judgment would be decided on basis of verified material sufficiently apprised plaintiff 21 days before deadline that motion would be considered as one for summary judgment. Fed. R. Civ. P. Rule 56 (c, f), 28 U.S.C.A.)

Moreover, the "[P]urpose of motion to dismiss for failure to state claim is to test sufficiency of complaint, not to resolve disputed facts or to decide merits on case." **Johnson v. Cullen,** 925 F.Supp. 244 (D. Del. 1996); *See, also,* **Stepan Co. v. Winter Panel Corp.,** 948 F.Supp. 802 (N.D. Ill. 1996). Defendants' attempt to misrepresent the law is deplorable. The materials tendered by the Defendants should be stricken.

# ARGUMENT

## II. DOC DIRECTOR DEFENDANT FRANK ISHIZAKI DID NOT ANSWER PLAINTIFF'S DHB APPEAL.

B. Defendants in their Objection, introduced a DHB[8] Appeal document (hereinafter as Appeal) which supposedly was to be the answer to Plaintiff's DHB Appeal which he had filed on August 11, 2003. *See, attached,* **EXHIBIT A**

However, the Appeal in Exhibit A is not the Appeal of DOC Director Defendant Frank Ishizaki[9] (known hereinafter as Defendant Ishizaki). As Plaintiff was examining the Appeal in Exhibit A, Plaintiff discovered that the hand-written signature on the Appeal in Exhibit A **IS NOT** the **Signature** of Defendant Ishizaki.

Contrary to the signature on the Appeal in Exhibit A, a **TRUE AND CORRECT** Signature of Defendant Ishizaki is found on an August 6, 2003 Memorandum which he wrote out to the

---

[8]     DHB means Disciplinary Hearing Board.

[9]     At the time of the filing of the Complaint and at all relevant times when alleged violation occurred, Defendant Frank Ishizaki was the Director of DOC.

Plaintiff. *See, attached,* **EXHIBIT B**

When comparing the Signature in Exhibit A to the **TRUE AND CORRECT** Signature of Defendant Ishizaki in Exhibit B, it is clear that the Signature in Exhibit A **IS NOT** the Signature of Defendant Ishizaki. Another person's signature on a DHB Appeal, known or unknown, cannot and should not be considered an answer to the Plaintiff's DHB Appeal because that person **IS NOT** the Director of DOC.[10]

The following sections of law found in Guam **Executive Order 94-19** concerning DHB Appeals clearly provides that:

**Guam Executive Order 94-19, Chapter 3,**

"**§3.3. (C)(2)**       **The decisions of the DHB are appealed only[11] to the Director of Corrections.**
"**§3.30. (B)**        **Appeals on decision and actions taken by the DHB shall be made to the Director of Corrections through Administrative Remedy Request Procedures.**

"**§3.30. (D)**        **Decisions by the Director...on appeals are final.**

Furthermore, the following citations of regulation found in the **PROCEDURAL DUE PROCESS** (Rights of an Inmate During a Disciplinary Hearing) Advisement form concerning DHB Appeals clearly provide that:

---

[10]       The Chief Executive Officer (commonly known as Director) of DOC is appointed by the Governor of Guam with the approval of the Guam Legislature.

[11]   (a)   The word **"ONLY"** as defined in **Black's Law Dictionary** (Sixth Ed. Centennial Edition 1891-1991) means: Solely; for no other purpose; of or by itself; without anything more; exclusive.

(b)   The word **"ONLY"** as defined in **Webster's New World Dictionary** (Third College Edition 1991) means: Alone of its or their kind; by itself or by themselves; Sole; Alone in its or their superiority.

**PROCEDURAL DUE PROCESS** (Rights of an Inmate During a Disciplinary Hearing)

**APPEALS's:**
> The Director of Corrections must answer your appeal within Fifteen (15) business days (excluding weekends and holidays) of receipt. *See, attached,* **EXHIBIT C**

It appears from the language of Guam **Executive Order 94-19** and from the **PROCEDURAL DUE PROCESS** Advisement above, that the power for DHB Appeals is specifically given to the Director of Corrections. So the meaning and effect of the rule is quite clear and thus it is well settled, that O-N-L-Y the D-I-R-E-C-T-O-R has the power and jurisdiction to hear, review, approve or disapprove DHB Appeals.

As a matter of law, Guam **Executive Order 94-19** specifically placed the power to hear, review, approve or disapprove DHB Appeals only in the Director of Corrections. *See,* **Guam Executive Order 94-19,** Chapter 3, §§§3.3.(C)(2); 3.30.(B); 3.30.(D). *Supra; Also, see attached,* **EXHIBIT C**

This power involves the exercise of his personal judgment or discretion and the application of its power, as a matter of law, is only reposed with him. "[W]here personal trust or confidence is reposed in the agent and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another." *See, e.g.,* **Anderson v. Grand River Dam Authority,** 446 P.2d 814 [HN 4] (Okla. 1968).

*In this case here, an examination of Guam* **Executive Order 94-19** *dealing with the powers and duties of the Director concerning DHB Appeals, discloses no grant of delegation for his subordinate officials to hear, review, approve or disapprove DHB Appeals.*

Courts have held that "[In] the <u>absence of statutory authority</u>, subordinate officials have no power with respect to the duties of an office involving the exercise of judgment and discretion." *See, e.g,* **United States v. Watashe,** 102 F.2d 428 (10th Cir. 1939).

"[A]dministrative officers and bodies cannot alienate, surrender, or abridge their powers and

duties, or delegate authority and functions which <u>under the law</u> may be exercised only by them; and, although they may delegate merely ministerial functions, <u>in the absence of statute or organic act</u> permitting it, they cannot delegate powers and functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment." **Anderson v. Grand River Dam Authority**, 446 P.2d 814 K(Okla. 1968); *See, also*, **Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n**, 764 P.2d 172 ("Administrative body generally cannot delegate to another, in <u>absence of statute or organic provisions</u>, powers or functions which are discretionary or quasi-judicial in nature or which require exercise of judgment.")

Furthermore, even if it is assumed that such duty with respect to DHB Appeals may be delegated, Plaintiff was never informed or advised through statute of Guam **Executive Order 94-19** and through **PROCEDURAL DUE PROCESS** provisions that such delegation is statutorily authorized. *See*, **Guam Executive Order 94-19**, Chapter 3, §§§3.3.(C)(2); 3.30.(B); 3.30.(D). *Supra*; *Also , see attached*, EXHIBIT C

As a matter of law and right, Plaintiff has the *RIGHT* to be informed. *See*, **Guam Executive Order 94-19**, Chapter 3, §3.2. (B).

Since it is clearly established as a matter of law that DHB decisions are appealable O-N-L-Y to the D-I-R-E-C-T-O-R, then it should be simply understood in the light of reason and common sense, that no one else other than the Director himself, can have the power to hear, review, approve or disapprove DHB Appeals.

Thus, Defendant Ishizaki did not answer Plaintiff's DHB Appeal. The materials tendered by the Defendants should be stricken.

# ARGUMENT

Page 11 of 14

## III.  PLAINTIFF DID NOT RECEIVE
## DHB APPEAL.

D.      The Defendants contend that Defendant Ishizaki answered Plaintiff's DHB

Appeal, by tendering a DHB Appeal document (known as Appeal) attached as Exhibit A to the

Declaration of Marie Roberto.

        The Defendants here however, have failed to prove such a defense, as Defendants provide no

evidence whether the Plaintiff did in fact receive such an Appeal or not.  Whenever an Appeal comes

from the Director's Office, a chain of custody receipt is provided so that proof of service is

established for the purpose of acknowledging receipt of the Appeal.  *See attached,* **EXHIBIT D**

        This is especially important for accountability purposes when the Appeal is relinquished from

one person to another.  When Plaintiff filed his Appeal to the Director's Office on August 11, 2003,

Plaintiff secured his proof of service through Administrative Remedy Request Receipt.  *See attached,*

**EXHIBIT E**

        In this case here, Defendants have failed to meet their burden of providing a chain of custody

receipt to proof that service of the Appeal had been made to the Plaintiff.  Thus, Defendant Ishizaki

**DID NOT** serve Plaintiff's DHB Appeal.  The materials tendered by the Defendants should be

stricken.

# ARGUMENT

## IV.  DHB APPEAL TENDERED BY DEFENDANTS
## IS NOT THE APPEAL OF PLAINTIFF'S DHB CASE.

D.      The DHB Appeal (known hereinafter as Appeal) attached as Exhibit A to the Declaration of

Marie Roberto states the Plaintiff's name, the supposed date the Appeal was received, the supposed

date the Appeal was reviewed, the supposed date of Plaintiff's incident, and the supposed date of

Plaintiff's DHB Hearing.  However, the Appeal **DOES NOT** state the Plaintiff's DHB Case Number.

*See attached,* **EXHIBIT A**

A DHB Case Number is just as important as the Appeal itself, because it specifically identifies what case the Appeal is referring to. This is especially important when the response in the Appeal is just the same as every other response used in every other inmate's Appeal. *See attached,* **EXHIBIT F**

The DHB Appeal tendered by the Defendants **IS NOT** the Appeal of Plaintiff's DHB Case. Plaintiff is not required to assume that the Appeal tendered by the Defendants' was meant for his case, when the Appeal itself does not identify what particular DHB Case it is referring to. The Appeal tendered by the Defendants lacks authentication and should be stricken.

# ARGUMENT

## V.  DECLARATION OF MARIE ROBERTO VIOLATES STATUTE.

E.        Defendants come forth with a Declaration of Marie Roberto. The Declaration however, violates existing statute. **28 U.S.C.A.** §1746 (2) mandates Declarations to be written in the following form :

> **28 U.S.C.A. §1746**
>         **Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter ir required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:**
>         **(2)    If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.**
>         **Executed on (date).**
>                                                 **(Signature)".**

An examination of Marie Roberto's Declaration show no conformity to the requirements of **28 U.S.C.A.** §1746 (2). Here, Marie Roberto qualifies her statement as she states "to the best of

Page 13 of 14

m y knowledge," which does not carry the same meaning as the words stated in the statute.

# CONCLUSION

For the foregoing reasons, the Declaration of Marie Roberto tendered by the Defendants should be stricken.

DATED this _25th_ day of _OCTOBER_, 2004.

Respectfully Submitted,

**Michael Jr. G. Laguana,** *pro se.*

**Michael Jr. G. Laguana, Pro Se,
Department of Corrections
Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

**Michael Jr. G. Laguana, Pro Se,**
Department of Corrections (ACF)
P.O. Box 3236
Hagåtña, Guam 96932
**Tel: (671) 734-3981 thru 9**

# PROOF OF SERVICE (CERTIFICATE OF SERVICE)

I, **_Michael Jr. G. Laguana_**, Plaintiff appearing *pro se*, hereby certify that I have served a true and correct filed copy of:

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC DOCUMENTARY MATERIALS

upon Defendants' Counsel **_James T. Mitchell_** and addressed same to:

> **James T. Mitchell, Counsel for the Defendants,**
> **Office of the Attorney General**
> **Civil Division**
> Guam Judicial Center, Suite 2-200E
> 120 West O'Brien Drive
> Hagåtña, Guam 96910   USA
> **(671) 475-3324       (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this _25th_ day of _OCTOBER_, 2004.

I declare under Penalty of Perjury that the foregoing is true and correct.

DATED this _25TH_, day of _OCTOBER_, 2004.

By: _____
**Michael Jr. G. Laguana, *pro se*.**

_Laguana vs. Ishizaki, CV-03-00040_
**PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

# LIST

# EXHIBIT "A"



# DEPARTMENT OF CORRECTIONS
*Depattamenton Mangngurihi*
P.O. Box 3236
Hagatna, Guam    96932

Felix P. Camacho
*Governor*

Kaleo S. Moylan
*Lt. Governor*

Frankie T. Ishizaki
*Director*

Robert D. Camacho
*Acting Deputy Director*

Francisco B. Crisostomo
*Warden*

Michael P. Quinata
*Chief Parole Officer*

Beverly A. Lotz
*CCSD, Acting Administrator*

Daniel A. Duenas
*Forensic Administrator, MSW*

Luis M. Paulino
*Administrative Services Officer*

# DHB APPEALS

**INMATE:**    Laguana, Michael
**DATE DHB APPEAL RECEIVED:** 8/14/03
**DHB REVIEW DATE:** 8/26/03
**DATE OF INCIDENT:** 8/5/03
**DHB DATE:** 8/8/03

After reviewing your issues regarding your DHB appeal, and in accordance with E.O. 94-19, Chapter 3, Section 3.30, the following decision is hereby submitted:

1.    The DHB <u>substantially</u> complied with the rules and regulations on inmate discipline.

2.    The DHB based its decision on the preponderance of the evidence; and

3.    The appropriate sanction was imposed.

Furthermore, I find that there was no conflict of interest in regards to this case. Your issues were appropriately addressed during your hearing.

The decision of the DHB is therefore sustained.

FRANK T. ISHIZAKI
Director

Tel. No.: 475-6222 / 473-7026 / 7027
Fax No.: 475-6298

# EXHIBIT "B"

regarding Education Release will make such notation and effectuate the status of the inmate on ERP.

Explanation:

        If inmate Laguana had not been returned to ACF on February 5, 2002, he would be eligible for full non probationary participant in the Education Release Program.

The restoration of Work Credit hours and ERP participant status is ordered in accordance of the Superior Court of Guam SP 183-02 Dismissal Order.

**************************

Response to letter dated July 19, 2003:

        Casework & Counseling Services Division (CCSD) is assigned to oversee the issue of SP 183-02. The assigned CSW represents the department and myself, the Director. I trust that the assigned CSW will conduct himself professionally and will work for the better of the department and its missions. CCSD is entrusted to provide me with the necessary advice to make a conscious decision regarding your case. The final decision is mine.

        If a person feels and has reasons supporting the assumption an employee is working against the process or an inmate, please address such concerns through the chain of command. All non-professional acts will be dealt with accordingly.

        I want you to succeed with all progress so that you will be ready for re-entry into our community as a productive citizen

Frank T. Ishizaki

prepared by: csw m.t. perez

# EXHIBIT "C"

## PROCEDURAL DUE PROCESS

INMATE: _____ DHB CASE NO:_____

## RIGHTS OF AN INMATE DURING A DISCIPLINARY HEARING

**HEARING BY AN IMPARTIAL BOARD::**
You have the right to present your case before an impartial board. Should you have any objections to any board member(s) hearing your case, you may enter your objection for the record. Disqualification(s) of any board member is at the discretion of the Disciplinary Hearing Board (DHB).

**NOTIFICATION:**
You have the right to written notification of the date, time and alleged charges to be bought against you at the disciplinary hearing. This notice must be provided to you not less than 24 hours in advance.

**PRESENCE AT THE HEARING and/or WAIVER OF RIGHT TO BE PRESENT AT THE HEARING:**
You have the right to be present at hearings, except during deliberations. Should your presence pose a threat to security, you will be excluded; reasons for the exclusion shall be documented.

Should you desire to waive this right, you must state your decision in writing. If you wish to waive this right, but refuse to document your waiver, two (02) staff members will indicate your refusal in writing and submit such to the Disciplinary Hearing Board (DHB).

**ADMINISTRATIVE HEARING:**
You understand that this is an administrative hearing and formal rules of evidence do not apply.

**COUNSEL SUBSTITUTE:**
You may request to have a "counsel substitute" represent you at your hearing. This substitute may be a staff member, as long as he/she is not directly involved in your present case. You are not allowed to have any attorney present at this hearing.

**PRESENTATION OF EVIDENCE and/or ORAL STATEMENTS:**
You have the right to make a statement and present evidence in your behalf. You also have the right to remain silent, should you so desire. However, your silence may be used to draw an adverse inference against you.

Only that evidence/testimony which is presented at this hearing shall be considered by the Disciplinary Hearing Board(DHB) in rendering their decision(s) in this case.

**WITNESSES:**
You may request to have witnesses from inside or outside the department when their presence does not pose a serious threat to the security of that witness or the department. Permission to call witnesses may be denied by the Disciplinary Hearing Board (DHB) if their testimony is cumulative or irrelevant. Denials made by the Disciplinary Hearing Board (DHB) shall be documented.

In lieu of personal testimony (should your witness be unable to appear), written statements made under penalty of perjury may be submitted to the Disciplinary Hearing Board (DHB).

Your witnesses will be notified by the DHB to appear before the Disciplinary Hearing Board (DHB).

**CROSS-EXAMINATION OF WITNESSES:**
You do not have the right to cross-examine any witness appearing before the Disciplinary Hearing Board (DHB) in your case.

**NOTICE OF DHB'S DECISION:**
Subsequent to deliberations by the Disciplinary Hearing Board (DHB), a copy of their conclusion/order shall be given to you within 24 hours after researching said decision. Should departmental safety be jeopardized, evidence supporting their findings may NOT be given to you.

**APPEALS's:**
After receiving notice of the DHB's decision, you have fifteen (15) calendar days to file an appeal to the Director of Corrections. Your appeal may be based on:

1.  The Disciplinary Hearing Board (DHB) did not comply with rules/regulations;
2.  The DHB's decision was not based on a preponderance of evidence presented;
3.  The Disciplinary Hearing Board (DHB) imposed inappropriate sanctions.

The Director of Corrections must answer your appeal within fifteen (15) business days (excluding weekends and holidays)of receipt.

**ACKNOWLEDGMENT OF ADVISEMENT;**
I have read/or was made aware of the above information regarding my procedural rights. I understand what my rights are, and attest to my understanding thereof by affixing my signature below.

Inmate's Signature:_____ Date:_____ Time: _____

WITNESSED:

Print Name/Title: _____ Signature: _____.

Print Name/Title: _____ Signature: _____.

# EXHIBIT "D"

**Department of Corrections**
Government of Guam
Mangilao, Guam

# APPEAL

of the Disciplinary Hearing Board Report Case No. _____

## APPEAL Case No. _____

| | | CHAIN OF CUSTODY | | |
|---|---|---|---|---|
| DATE | TIME | Relinquished By | Received By | Purpose of Change of Custody |
| 1 | | Name (print) <br><br> Signature | Name (print) <br><br> Signature | |
| 2 | | Name (print) <br><br> Signature | Name (print) <br><br> Signature | |
| 3 | | Name (print) <br><br> Signature | Name (print) <br><br> Signature | |
| 4 | | Name (print) <br><br> Signature | Name (print) <br><br> Signature | |
| 5 | | Name (print) <br><br> Signature | Name (print) <br><br> Signature | |

Note:  1.  Appeal must be filed by inmate within (15) calender days from receipt of DHB Report.  Appeal must be addressed to the Director of Corrections.

2.  Director of Corrections must answer the appeal within (15) business days of receipt.

# EXHIBIT "E"

## PART C - RECEIPT

Return to _MICHAEL LAGUANA_____, Housing Unit _POST #6_____

I acknowledge receipt of a request/complaint regarding: _(DHB)APPEAL TO DIRECTOR_
from the above named inmate.

_8/11/03_  192.Hrs.

**Date**

_C/O_

**Signature of Remedy Officer**

# EXHIBIT "F"

# DHB APPEALS

**INMATE: RUDY QUINATA**
**DATE DHB/ACC APPEAL RECEIVED:** 9/29/04
**REVIEW DATE:** 10/18/04

After reviewing your issues regarding your DHB appeal, and in accordance with E.O. 94-19, Chapter 3, Section 3.30, the following decision is hereby submitted:

1.   The DHB <u>substantially</u> complied with the rules and regulations on inmate discipline.

2.   The DHB based its decision on the <u>preponderance</u> of the evidence.

3.   The appropriate sanction was imposed by DHB.

The decision of the DHB is hereby sustained.

ROBERT D. CAMACHO
Director

*Rudy Quinata*
*10/18/04*

# DHB APPEALS

**INMATE: JOSEPH P. FLORES**
**DATE DHB/ACC APPEAL RECEIVED:** 10/7/04
**REVIEW DATE:** 10/18/04

After reviewing your issues regarding your DHB appeal, and in accordance with E.O. 94-19, Chapter 3, Section 3.30, the following decision is hereby submitted:

1.      The DHB <u>substantially</u> complied with the rules and regulations on inmate discipline.

2.      The DHB based its decision on the <u>preponderance</u> of the evidence.

3.      The appropriate sanction was imposed by DHB.

The decision of the DHB  is hereby sustained.

ROBERT D. CAMACHO
Director