

**Office of the Attorney General**
Douglas B. Moylan
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



FILED
DISTRICT COURT OF GUAM

DEC - 7 2004

MARY L. M. MORAN
CLERK OF COURT

44

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>                Plaintiff,<br><br>      vs.<br><br>FRANK ISHIZAKI, Director, Francisco B. Crisostomo, Warden, Alan San Nicolas, Corporal, Raymond Quichocho, Correctional Officer, Vincent Bamba, Correction Officer, Ed Perez, Correction Officer, at the Department of Corrections, in their official capacities,<br><br>                Defendants. | Civil Action Case No.03-00040<br><br><br><br>**MOTION FOR PROTECTIVE ORDER** |

On November 24, 2003, Plaintiff filed a complaint against Defendants pursuant to 42 USC § 1983. On January 21, 2004 Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(b)(6) and 28 USC § 1915(e)(2) on the ground that the complaint fails to state a claim for which relief can be granted. The Court has yet to rule on Defendants' motion. Nevertheless, Plaintiff propounded discovery on Defendants on November 18, 2004. Defendants believe that discovery should be held in abeyance while

ORIGINAL

the dismissal motion is under the Court's consideration. It would be a waste of resources if discovery is conducted and then followed by a dismissal order. Defendants by and through their counsel James T. Mitchell conferred with Plaintiff by telephone on November 23, 2004. Plaintiff refused to postpone discovery until after the Court rules on the discovery motion. *See* the attached declaration of James T. Mitchell.

Therefore, Defendants move the Court for a protective order pursuant to FRCP 26(c). It provides in relevant part:

> "[u]pon motion by a party ... accompanied by a certification that the movant has in good faith conferred ... with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> ....
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place ...." Id.

*See* Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) holding a court may limit discovery for good cause. The fact that a motion to dismiss is under the Court's consideration is good cause for the Court to issue an order holding discovery in abeyance until after it rules on the dismissal motion. Therefore, Defendants request that the Court hold discovery in abeyance in this case until the Court has ruled on Defendants' Motion to Dismiss.

Dated this 3rd day of December, 2004.

DOUGLAS B. MOYLAN
Attorney General

By: JAMES T. MITCHELL
Assistant Attorney General