

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director, Francisco B. Crisostomo, Warden, Alan San Nicolas, Corporal, Raymond Quichocho, Correctional Officer, Vincent Bamba, Correction Officer, Ed Perez, Correction Officer, at the Department of Corrections, in their official capacities,<br><br>Defendants. | Civil Action Case No. 03-00040<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

Plaintiff correctly states the general rule that if matters outside of the record are considered in a FRCP 12(b)(6) motion to dismiss, the motion is converted into a motion for summary judgment. However, on a motion to dismiss a court may take judicial notice of facts outside the pleadings. In <u>Mack v. South Bay Beer Distributors, Inc</u>, 798 F2d 1279 (9th Cir. 1986) (disapproved on other grounds), the defendant requested that the court take judicial notice of state administrative records attached to its motion to dismiss. Plaintiff argued that the

Page 1
*Opposition to Plaintiff's Motion to Strike*
District Court of Guam Civil Case No. 03-00040

appeals court should reverse the district court because it violated Rule 56 by not giving him the requisite notice and reasonable opportunity to submit all pertinent material. The appeals court held that the district court could take judicial notice of state administrative records without converting the motion into a motion for summary judgment. It stated:

> "[o]n a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings. Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1363 at 659-60 (1969). Moreover, a court may take judicial notice of 'records and reports of administrative bodies.' Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953). Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. See Phillips v. Bureau of Prisons, 591 F.2d 966, 969 (D.C.Cir. 1979)." Mack, *supra* at 1282.

Thus, a court may look beyond the pleadings by taking judicial notice of administrative records without converting a dismissal motion into a summary judgment motion.

In this case, Defendants submitted two documents that are part of the official records of the Department of Corrections; Disciplinary Hearing Board Report # DHB2003-08-100 and the appeal of the same. The DHB Report and its appeal are maintained as the official records of the DHB hearing and subsequent review. The DHB hearing is properly characterized as an administrative hearing. As such, the DHB Report is properly characterized as an administrative record. Similarly, the DHB Appeal is properly characterized as an administrative record. The documents were authenticated by the Department of Corrections records custodian. There is no doubt that these documents are official records of the Department of Corrections. Therefore, Defendants request that the Court take judicial notice of DHB Report # DHB2003-08-100 and it subsequent appeal; and that the Court give notice to

Plaintiff that it is taking judicial notice of the documents. This action will not convert the motion to dismiss into a summary judgment motion.

Even if the motion is converted into a summary judgment motion, Plaintiff cannot claim he has not had notice and reasonable opportunity to submit all pertinent material. It is the Plaintiff himself who raised the issue of summary judgment. Surely he is on notice of the prospect of the motion being converted into a summary judgment motion. And he has had a reasonable opportunity to submit all pertinent material. This is evidenced by the fact he submitted documents in support of his motion to strike defendants' extrinsic documentary materials. If he had an opportunity to submit evidence in support of his motion, he clearly had and has a reasonable opportunity to submit all pertinent material.

It doesn't matter whether the Court treats Defendants' motion as a summary judgment motion or a motion to dismiss; the result should be the same. The object of either motion is to avoid litigation when it is known in advance that Plaintiff cannot prevail. The Magistrate in this case has recommended that four of five causes of action be dismissed. After reviewing the Magistrate's recommendations Defendants submitted official records that show Plaintiff's DHB was indeed reviewed. These documents show that Plaintiff's fifth cause of action does not state a claim for which relief can be granted.

Plaintiff objects to the DHB review on the ground that the signature on it is not that of Defendant Ishizaki. Plaintiff is correct. The signature is that of Robert D. Camacho who signed <u>for</u> Defendant Ishizaki. Robert D. Camacho is the current Director of the Department of Corrections. At the time he was the deputy director. Plaintiff is correct in that E.O. 94-19 discloses no grant of delegation for subordinate officials to hear, review, approve or disapprove

DHB Appeals. However, there is statutory authority for such delegation. 9 GCA § 90.35(c) specifically provides:

> "[t]he Director may delegate authority for the performance of any of his powers or duties to any officer or employee under his direction and supervision." Id.

Thus, there was statutory authority for Defendant Ishizaki to delegate his review authority to Mr. Camacho. *See* the attached declaration of Robert D. Camacho.

Plaintiff next argues the Court should strike the documents Defendants submitted because Defendants failed to prove that they served him with the appeal. Plaintiff cites no authority to support such action. Therefore, the Court should disregard Plaintiff's request.

Similarly, the Court should disregard Plaintiff's assertion that the appeal presented is not the appeal of Plaintiff's DHB Case because it does not contain the appeal number. Although the appeal does not contain Plaintiff's DHB Case number, it contains sufficient information to ascertain that it is indeed Plaintiff's appeal. It states his name, date the DHB appeal received, the DHB review date, date of incident and the DHB date. Furthermore, Mr. Camacho, who signed the document is certain that it is the appeal associated with Plaintiff Michael Jr. G. Laguana's DHB2003-08-100. *See* the attached declaration of Robert D. Camacho.

Finally, Plaintiff argues that the declaration of Marie Roberto shows no conformity to the requirements of 28 USC § 1746(2). Defendants disagree. Ms. Roberto's declaration is in substantial compliance with 28 USC § 1746(2).

/ / / / /

/ / / / /

/ / / / /

Page 4
*Opposition to Plaintiff's Motion to Strike*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 46   Filed 12/07/2004   Page 4 of 5

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to strike defendants' extrinsic documentary materials.

Dated this 6th day of December, 2004.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

_____
JAMES T. MITCHELL
Assistant Attorney General
Attorney for Defendants

Mitchell:\Laguana D.Ct. 03-00040\Opposition to Pl's Mtn to Strike\ba