1  Michael Jr. G. Laguana, Pro Se,
   Department of Corrections
2  Dairy Road, Mashburn Lane
   P.O. Box 3236
3  Hagåtña, Guam 96932
   Tel: (671) 734-3981 thru 9
4  Adult Correctional Facility



FILED
DISTRICT COURT OF GUAM
DEC 2 2 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF GUAM
### *TERRITORY OF GUAM*

Michael Jr. G. Laguana,
    Plaintiff,

vs.

Frank Ishizaki, Director;
Francisco B. Crisostomo, Warden;
Alan San Nicolas, Corporal;
Raymond Quichocho, Correctional Officer;
Vincent Bamba, Correctional Officer;
Ed Perez, Correctional Officer; at the
Department of Corrections, in their
individual and official capacities,
    Defendants.

Civil Case No.: **CV-03-00040**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

## INTRODUCTION

On December 9, 2004 at 3:10pm., Francisco Santos from the Guam Attorney General's Office personally served Plaintiff with the following: 1) an **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**; 2) a **DECLARATION OF ROBERT D. CAMACHO**; 3) a **MOTION FOR PROTECTIVE ORDER**; 4) a **DECLARATION OF JAMES T. MITCHELL**; and 5) an **ORDER** for Defendants' motion for protective order.

In their Opposition, the Defendants, by and through their counsel, Assistant Attorney General James T. Mitchell, hold that the documents attached to the Declaration of Marie Roberto are in no doubt the official records of the Guam Department of Corrections (known hereinafter as "DOC"). The Defendants then requested that the court take judicial notice of DHB Report #DHB2003-08-100

ORIGINAL

Laguana v. Ishizaki, et. al., CV-03-00040,
**PLAINTIFF'S RESPONSE TO DEFENDANTS'
OPPOSITION TO PLAINTIFF' MOTION TO STRIKE**
Page 2

and its subsequent appeal and give notice to the Plaintiff that it is taking judicial notice of the documents. The Defendants then claim that there is statutory authority for Defendant Ishizaki to delegate his review authority to Robert D. Camacho (known hereinafter as "Camacho"), citing Title 9, Guam Code Annotated (9 GCA) §90.35(c). Finally, the Defendants argue that Plaintiff cited no authority to support such action that Defendant's failed to prove that they served him with the appeal.

These claims and arguments however, are not well taken. Plaintiff will respond to the Defendants' Opposition to Plaintiff's Motion to Strike.

# ARGUMENT

## I. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE DOCUMENTS ATTACHED TO THE DECLARATION OF MARIE ROBERTO.

A.  The Defendants, in their opposition to Plaintiff's motion to strike, do not and have not addressed or argued their position of their untimeliness or tardiness, and their disregard for the rules. Instead, the Defendants assert a lengthily issue of legal authority concerning judicial notice.[1]

The Defendants may have little or no regard for the Plaintiff's "life, liberty, and property," or for the rules designed by this court to provide and orderly and reasonably fair process. But their disregard should not be rendered as an excuse to ignore or evade the rules of this court. As the Plaintiff had previously asserted in his Brief in support of his motion to strike,[2] the materials tendered by the Defendants on October 8, 2004 are untimely filed and prejudicial against the Plaintiff, violating **Local Rule** LR 7.1 (c)(2)(3) and LR 7.1 (2) **for the District Court of Guam.**

On January 21, 2004, the Defendants filed a Rule 12 (b)(6) motion defense. At the time when

---

[1] See, OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (filed December 7, 2004), Pages 1 thru 3.

[2] See, BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC DOCUMENTARY MATERIALS (filed October 27, 2004), Page 7 (¶ 9 thru 19).

Page 2 of 6

they filed their motion, they **DID NOT** serve or file with their moving papers any affidavits, declarations, or materials outside the pleadings. **Local Rule** LR 7.1 (c)(2)(3)[3] **for the District Court of Guam** specifically requires the Defendants, since they are the moving party, to <u>serve and file with their motion the evidence upon which the moving party relies</u>, and any affidavits permitted by the Federal Rules of Civil Procedure. It is specifically stated in the mandatory language of the rules for the District Court of Guam, that "[P]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule <u>will not be considered</u> and such tardiness may be deemed by the court as consent to the granting or denial of the motion, as the case may be." See, **Local Rule** LR 7.1 (f) **for the District Court of Guam.**

    Based on the above applicable rule, the Declaration of Marie Roberto, the DHB Report# DHB2003-08-100 and its subsequent appeal attached to her declaration should be stricken. In addition, this court should not take judicial notice of above said documents. Rules are rules. Defendants had an opportunity to file and serve with their motion the evidence upon which they relied on. Defendants failed to do so. Their tardiness and their failure to follow the rules of this court should be deemed by this court as consent to the denial of their motion to dismiss, and to the granting of the Plaintiff's motion to strike Defendants extrinsic documentary materials.

---

[3]   LR 7.1 (c) **Moving Papers**. There <u>shall</u> be served and filed with the motion:
    (1) a memorandum in support thereof containing the points and authorities upon which the moving party relies;
    (2) the evidence upon which the moving party relies;
    (3) any affidavits permitted by the Federal Rules of Civil Procedure.

Laguana v. Ishizaki, et. al., CV-03-00040,
PLAINTIFF'S RESPONSE TO DEFENDANTS'
OPPOSITION TO PLAINTIFF' MOTION TO STRIKE
Page 4

# ARGUMENT

## II. PLAINTIFF HAS STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

B.    The Defendants, in their opposition to Plaintiff's motion to strike,[4] merely argue that Plaintiff cites not authority to support such action that Defendants failed to prove that they serve him with the appeal. Their argument however, only exposes the weakness of their position. The issue is not one of legal authority, but fact. Not being able to show that Plaintiff did receive his appeal, Defendants are attempting to create a subterfuge by arguing that a legal authority is required.

But no matter what evasive tactics the Defendants may use to avoid litigation, the fact still remains, that Defendant Ishizaki failed to serve Plaintiff with his appeal. Thus, Defendant Ishizaki did not answer Plaintiff's appeal. In his motion to strike,[5] Plaintiff provided his administrative remedy request receipt as evidence to show that service of his appeal on his behalf was effectuated. Similarly, Plaintiff also provided a chain of custody receipt for DHB Appeals, as evidence to show that Defendant Ishizaki did not serve Plaintiff with his appeal.

Since Defendants submit no documentary evidence that Plaintiff received his appeal, they, in fact, prove that Plaintiff never received his appeal. Defendants have failed and continuously fail to meet their burden of providing a chain of custody receipt to prove that service of the appeal had been made to the Plaintiff. Thus, Defendant Ishizaki did not answer Plaintiff's appeal. Choosing the perilous path of not being able to show that Plaintiff received his appeal only proves that Plaintiff has stated a claim for which relief can be granted. This court should strike Defendants' extrinsic documentary materials.

---

[4]   *See*, OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (filed December 7, 2004), Page 4, (¶ 7 thru 10).

[5]   *See*, BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC DOCUMENTARY MATERIALS (filed October 27, 2004), Page 12 (¶ 5 thru 20) Exhibit D and E.

# ARGUMENT

### III. DELEGATION OF REVIEWING AUTHORITY NOT ESTABLISHED.

C.  In their opposition to Plaintiff's motion to strike, Defendants assert that there was statutory authority for Defendant Ishizaki to delegate his review authority to Camacho. *See*, Declaration of Robert D. Camacho.[6] Since Defendants submit no documentary evidence that a delegation of review authority took place, they, in fact, prove that there was no such delegation.

In his Declaration, Camacho stated that, pursuant to 9 GCA §90.35 (c), he reviewed the Plaintiff' appeal and then signed the appeal for Defendant Ishizaki on August 26, 2003. *See*, Declaration of Robert D. Camacho.[7] Although Camacho states that he reviewed the Plaintiff's appeal pursuant to 9 GCA §90.35 (c), Camacho does not affirmatively demonstrate personal knowledge and set forth admissible facts that Defendant Ishizaki delegated his review authority to him.

In his Declaration, Camacho only stated that, "As Deputy Director, the Director often called upon me to review DHB proceedings when inmates appealed a DHB decision." *See*, Declaration of Robert D. Camacho.[8] Camacho does not specifically state that Defendant Ishizaki delegated his review authority to him to answer the appeal of Plaintiff Michael Jr. G. Laguana. The lack of documentary evidence in fact shows that no such delegation actually took place.

/////
/////
/////
/////
/////

---

[6] Page 2 (¶ 4 and 5).

[7] Page 2 (¶ 5).

[8] Page 1 (¶ 3).

Laguana v. Ishizaki, et. al., CV-03-00040,
**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**OPPOSITION TO PLAINTIFF' MOTION TO STRIKE**
Page 6

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request this honorable court to strike Defendants' extrinsic documentary materials.

DATED this 21st day of DECEMBER, 2004.

Respectfully Submitted,

_____
Michael Jr. G. Laguana, *pro se*,

Michael Jr. G. Laguana, Pro Se,
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

Michael Jr. G. Laguana, Pro Se,
Department of Corrections (ACF)
P.O. Box 3236
Hagåtña, Guam 96932
**Tel: (671) 734-3981 thru 9**

# PROOF OF SERVICE (CERTIFICATE OF SERVICE)

I, *Michael Jr. G. Laguana*, Plaintiff appearing *pro se*, hereby certify that I have served a true and correct filed copy of:

# RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

upon Defendants' Counsel *James T. Mitchell* and addressed same to:

**James T. Mitchell, Counsel for the Defendants,**
**Office of the Attorney General**
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910   USA
**(671) 475-3324          (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this 21st day of DECEMBER, 2004.

I declare under Penalty of Perjury that the foregoing is true and correct.

DATED this 21st, day of DECEMBER, 2004.

By: _____
Michael Jr. G. Laguana, *pro se.*

*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**