**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**




# UNITED STATES DISTRICT COURT

## DISTRICT COURT OF GUAM

### *TERRITORY OF GUAM*

| | | |
|---|---|---|
| Michael Jr. G. Laguana,<br>Plaintiff,<br>vs.<br><br>Frank Ishizaki, Director;<br>Francisco B. Crisostomo, Warden;<br>Alan San Nicolas, Corporal;<br>Raymond Quichocho, Correctional Officer;<br>Vincent Bamba, Correctional Officer;<br>Ed Perez, Correctional Officer; at the Department of Corrections, in their individual and official capacities,<br>Defendants. | ) | Civil Case No.: CV-03-00040<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ROBERT D. CAMACHO** |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ROBERT D. CAMACHO**

*PREPARED AND SUBMITTED BY:*
**Michael Jr. G. Laguana, *Pro Se,***
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

ORIGINAL

## INTRODUCTION

Defendants come forth with a Declaration from Robert D. Camacho (known hereinafter as "Camacho") who declares under penalty of perjury that his declarations are true and correct. Plaintiff will now begin to draw the court's attention to the items of record that support his position and that he wishes the court to consider, by demonstrating that Camacho's Declaration is itself laced with false information and contradictions of fact and law.

## ARGUMENT

### I. CAMACHO IS NOT THE DIRECTOR OF DOC.

A. Defendants' counsel, Assistant Attorney General James T. Mitchell, asserts that Camacho is the Director of DOC.[1] However, such assertion is incorrect. Additionally, Camacho in his Declaration, declared under penalty of perjury that he is the Director of DOC.[2] However, Camacho lied under oath because he is not the Director of DOC.

The Chief Executive Officer (commonly known as "Director") of DOC is a person normally appointed by the Governor of Guam, who then appears before the Guam Legislature for confirmation and approval.

Here, Camacho was never confirmed by the Guam Legislature. Thus, Camacho cannot claim that he is the Director of DOC, especially under oath. **Title 4, Guam Code Annotated (4GCA)**, §§ 2103.9, 2103.12, which was in effect when Camacho became Acting Director in January 2004, provides that the Governor may, by separate appointment, appoint a person in an acting capacity to fill a salaried position which requires the advice and consent of the Guam Legislature. However, in any Twelve-month period, no person may serve in such an acting capacity for a total of more than Ninety (90)

---

[1] *See,* OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (filed December 7, 2004) Page 3 (¶ 21 thru 23).

[2] See, DECLARATION OF ROBERT D. CAMACHO (filed December 7, 2004) Page 1 (¶ 1).

days plus Three (3) legislative working days; provided, that no acting director who is not otherwise a classified employee of the government of Guam may serve in the capacity of acting director without the transmittal of such person's name to the Legislature for the purpose of confirmation within Fifteen (15) days of their appointment as acting director. This provision expressly applies to classified employees appointed in an acting capacity to positions requiring the advice and consent of the Legislature.

There have been more than 3 days during which the Guam Legislature was in session since the initial 90 days following the elevation of Camacho to the position of acting director had passed. It is to the Plaintiff's understanding that Camacho's nomination was never submitted to the Guam Legislature for confirmation.

Nevertheless, Camacho continues to occupy the Director's position, and continues to claim that he is the Director of DOC. Such is a recipe for great turmoil in the Department. It is to the Plaintiff's understanding that due to the violation of **4 GCA** §§2103.9, 2103.12, Camacho's claim of being Director of DOC should be considered null and void. Be that as it may, it is sufficiently clear that Camacho is not the Director of DOC. Even if Camacho assumed that he believed or thought that he was the Director of DOC, Camacho should not be excused for lying under oath. The Declaration of Robert D. Camacho should be stricken.

## ARGUMENT

### II. PLAINTIFF HAS STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

B. The Defendants, in their opposition to Plaintiff's motion to strike,[3] merely argue that Plaintiff cites not authority to support such action that Defendants failed to prove that they serve him with the

---

[3] *See*, OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (filed December 7, 2004), Page 4, (¶ 7 thru 10).

appeal. Their argument however, only exposes the weakness of their position. The issue is not one of legal authority, but fact. In Camacho's Declaration, Defendants rely on Camacho's statement that the Plaintiff's DHB Appeal was reviewed by him. Defendants believe that Camacho's review constitutes an answer to Plaintiff's appeal. However, such statement of review cannot and should not be considered an answer to the Plaintiff's appeal, as Camacho fails to affirmatively demonstrate personal knowledge and set forth admissible facts that Plaintiff actually received his appeal. Since Camacho does not state in his Declaration and submits no documentary evidence that Plaintiff received his appeal, he, in fact, proves that Plaintiff never received his appeal. Thus, Defendant Ishizaki did not answer Plaintiff's appeal.

In his motion to strike,[4] Plaintiff provided his administrative remedy request receipt as evidence to show that service of his appeal on his behalf, was effectuated. Similarly, Plaintiff also provided a chain of custody receipt for DHB Appeals, as evidence to show that Defendant Ishizaki did not serve Plaintiff with his appeal.

Here, Camacho failed to prove that service of the appeal had been made to the Plaintiff. Choosing the perilous path of not being able to show that Plaintiff received his appeal only proves that Plaintiff has stated a claim for which relief can be granted. This court should strike the Declaration of Robert D. Camacho.

## ARGUMENT

### III. DELEGATION OF REVIEWING AUTHORITY NOT ESTABLISHED.

C. In their opposition to Plaintiff's motion to strike, Defendants assert that there was statutory authority for Defendant Ishizaki to delegate his review authority to Camacho. *See,* Declaration of

---

[4] *See,* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC DOCUMENTARY MATERIALS (filed October 27, 2004), Page 12 (¶ 5 thru 20) Exhibit D and E.

Robert D. Camacho.[5] Since Defendants submit no documentary evidence that a delegation of review authority took place, they, in fact, prove that there was no such delegation.

In his Declaration, Camacho stated that, pursuant to **9 GCA** §90.35 (c), he reviewed the Plaintiff's appeal and then signed the appeal for Defendant Ishizaki on August 26, 2003. *See,* Declaration of Robert D. Camacho.[6] Although Camacho states that he reviewed the Plaintiff's appeal pursuant to 9 GCA §90.35 (c), Camacho does not affirmatively demonstrate <u>personal knowledge</u> and set forth admissible facts that Defendant Ishizaki delegated his review authority to him.

In his Declaration, Camacho only stated that, "As Deputy Director, the Director often called upon me to review DHB proceedings when inmates appealed a DHB decision." *See,* Declaration of Robert D. Camacho.[7] Camacho does not specifically state that Defendant Ishizaki delegated his review authority to him to answer the appeal of Plaintiff Michael Jr. G. Laguana. The lack of documentary evidence in fact shows that no such delegation actually took place.

/////

/////

/////

/////

/////

/////

/////

/////

/////

---

5 Page 2 (¶ 4 and 5).

6 Page 2 (¶ 5).

7 Page 1 (¶ 3).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this honorable court to strike the Declaration of Robert D. Camacho.

DATED this 21st day of DECEMBER, 2004.

Respectfully Submitted,

**Michael Jr. G. Laguana,** ***pro se.***

**Michael Jr. G. Laguana, Pro Se,**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**



Case 1:03-cv-00040 Document 50 Filed 12/22/2004 Page 6 of 7

**Michael Jr. G. Laguana, Pro Se,**
Department of Corrections (ACF)
P.O. Box 3236
Hagåtña, Guam 96932
**Tel: (671) 734-3981 thru 9**

# PROOF OF SERVICE (CERTIFICATE OF SERVICE)

I, ***Michael Jr. G. Laguana***, Plaintiff appearing *pro se*, hereby certify that I have served a true and correct filed copy of:

## BRIEF IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF ROBERT D. CAMACHO

upon Defendants' Counsel ***James T. Mitchell*** and addressed same to:

**James T. Mitchell, Counsel for the Defendants,**
**Office of the Attorney General**
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 USA
**(671) 475-3324 (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this 21st day of DECEMBER, 2004.

I declare under Penalty of Perjury that the foregoing is true and correct.

DATED this 21st, day of DECEMBER, 2004.

By: [signature]
**Michael Jr. G. Laguana**, ***pro se.***

*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**