FILED
DISTRICT COURT OF GUAM
MAY 10 2005
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO; Correctional Officer; VINCENT BAMBA; Correction Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,<br><br>    Defendants. | Civil Case No. 03-00040<br><br>**ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss. The motion was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order No. 04-00016. The Magistrate Judge filed his Findings and Recommendations on September 21, 2004 ("Report"). Docket No. 34. Thereafter both parties filed objections.

Under 28 U.S.C. § 636(b)(1)(C), the Court may accept, reject or modify in whole or in part, the Magistrate Judge's recommendation after a *de novo* determination as to any portion of the recommendation to which a timely objection has been filed. Accordingly this Court has thoroughly considered, *de novo*, the entire case and all relevant law and makes the following findings:

## STANDARD OF REVIEW

The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim upon which relief can be granted:

> [A] complaint should not be dismissed under Fed.R.Civ. Pro. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-34 (9th Cir. 1984). "Dismissal "is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Although "great specificity is ordinarily not required," the plaintiff must nevertheless "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Shabazz v. Cole,* 69 F. Supp. 2d 177, 185 (D.Mass. 1999). (citations omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3rd 817, 821 (9th Cir. 2001).

With respect to a *pro se* litigant's rights to amend his complaint, the Ninth Circuit has held that "unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrections*, 66 F.2d 1050, 1055 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 200)(en banc).

## MATERIALS TO BE CONSIDERED

As a preliminary matter, defendants have submitted two declarations with attachments requesting the Court to take judicial notice of them.[1] Plaintiff, Michael Jr. G. Laguana, ("plaintiff") objects to the Court's consideration of these documents. He states that the documents were untimely filed and that he was he never served with them.[2]

---

[1] Declaration of Marie Roberto ("Roberto Decl.") (Docket No. 41, filed October 8, 2004) Records Custodian for the Department of Corrections with attachment of Disciplinary Hearing Board (DHB) Report of Michael Laguana and the Declaration of Robert Camacho ("Camacho Decl.") (Docket No. 47, filed December 7, 2004).

[2] The Court notes that the Declaration of Marie Roberto was filed with this Court on October 8, 2004 nine months after Defendant's Motion to Dismiss was filed on January 21, 2004. The Declaration of Robert Camacho was filed with this Court on December 7, 2004, 11 months after the original motion to dismiss. Both declarations were filed after the Report and Recommendations of Magistrate Judge Manibusan presumably in response to the Magistrate

When resolving a motion to dismiss for failure to state a claim, a District Court may not consider materials outside the complaint and the pleadings. *See Gumataotao v. Director*, 236 F. 3d 1077, 1086 (9th Cir. 2001). However, the Court may review "materials of which the court may take judicial notice." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). This includes "records and reports of administrative bodies." *Id.* Further, Local Rule 7.1(c)(2) and (3) establishes applicable rules for filing of motions with this Court. This section necessitates that any evidence or affidavits shall be served and filed with the motion. Failure to file supporting documents as required under this rule will not be considered. Local Rule 7.1(f).

This Court is concerned over the length of time that has lapsed between the filing of the defendants' motion to dismiss and the declarations in support of the motion. Further, the defendants have failed to provide an explanation for such delay.[3] Therefore, the Court GRANTS the Plaintiff's motion to strike the untimely declarations of both Marie Roberto and Robert Camacho and will not consider them at this stage.[4]

## BACKGROUND

Plaintiff is a prisoner currently incarcerated at the Department of Corrections ("DOC") in Mangilao, Guam. While housed at the Minimum-In Facility of DOC, the plaintiff claims he received information that he was to be transferred to the Halfway House. Because he believed that he would be subject to "animus treatment" from defendant, Alan San Nicolas ("San Nicolas"), and other prison officials plaintiff refused to be transferred to the Halfway House.[5] Defendant,

---

denying the Defendant's motion to dismiss as to Plaintiff's Cause of Action against Defendant Ishizaki in his individual "personal capacity."

[3] Additionally questions surrounding whether or not the DHB appeal was ever received by or served upon the Plaintiff seem to render consideration of the document somewhat moot. The Court further declines to comment upon whether or not service of said document upon the Plaintiff is actually required and leaves it to the parties to raise and address at a later date.

[4] Either party is free to resubmit these documents at a later date for the court's consideration at subsequent motion hearings.

[5] San Nicolas serves as a corporal at DOC, a unit supervisor for the halfway house at DOC, chairman for the Disciplinary Hearing Board at DOC, and is the officer in charge of the 7 A.M. to 3 P.M. shift of DOC personnel for the halfway house at DOC.

3

Francisco B. Crisostomo ("Crisostomo"), assured plaintiff that he would remain at the Minimum-In facility.[6] However, despite these assurances, the plaintiff was thereafter transferred to the Halfway House. (Compl. at ¶¶ 13-16).

Some nine months after he was transferred to the Halfway House, the plaintiff spoke with defendants, Vincent Bamba ("Bamba") and Ed Perez ("Perez"), to discuss plaintiff's lack of sleep because of his cellmate's loud snoring.[7] Plaintiff was told by defendants that his concerns would be addressed. However, nothing was done. (Compl. at ¶¶ 17-22).

Two days after plaintiff spoke with defendant Perez, plaintiff awoke "in a groggy mood from lack of sleep" and punched a door open causing damage to the door. *See*, Plaintiff's Facts at 4 (Attachment to Compl.). Because of plaintiff's actions, corrections officers including defendant, Raymond Quichocho ("Quichocho"), prepared an incident report.[8] Defendant Bamba counseled Plaintiff as to his behavior. Later that same day, plaintiff was also counseled for failing to shave. By order of defendant San Nicolas, the plaintiff was handcuffed and placed in Pre-hearing detention. Plaintiff was given a choice has to how he wanted to be handcuffed and was given a notice of the charges. *Id.* at 6.

Thereafter, defendant San Nicholas investigated plaintiff's disciplinary action. Two days later the Disciplinary Hearing Board ("Board"), of which San Nicolas was the chair conducted a hearing. Plaintiff requested that defendant San Nicolas remove himself from the board since he was the person who initiated the charging process and investigated the case. Defendant San Nicolas complied with plaintiff's request and removed himself from the hearing.

At some point during the hearing, defendant San Nicolas returned and slipped a note to the acting presiding authority. Plaintiff does not allege any facts that would indicate the contents of the note. During the course of the hearing, plaintiff asked that his case be dismissed for conflict

---

[6] Crisostomo serves as the warden of DOC.

[7] Bamba serves as a correctional officer at DOC and is a subordinate of San Nicolas. Perez serves as a correctional officer at DOC and is a subordinate of San Nicolas.

[8] Quichocho serves as a correctional officer at DOC and is a subordinate of San Nicolas and an agent of Ishizaki and Crisostomo.

4

of interest and procedural due process violations. The Board rejected his claim. Plaintiff was afforded the opportunity to cross-examine the witnesses and to call his own. The Board ultimately found plaintiff guilty of damaging government property and conduct that disrupts. As a consequence of these violations, Plaintiff was ordered to serve thirty (30) days in Disciplinary Segregation. *Id.* at 7. Plaintiff alleges that he filed an appeal with Frank Ishizaki ("Ishizaki") within the prescribed time frame, but Ishizaki never responded.[9]

On November 24, 2003 the plaintiff filed a complaint against defendants Ishizaki, Crisostomo, San Nicolas, Quichocho, Bamba, and Perez (collectively "defendants") in their respective individual and official capacities.[10]

On January 21, 2004, defendants filed the present motion to dismiss. Plaintiff filed an opposition on March 9, 2004. The Magistrate Judge issued his report and recommendation to this Court on September 21, 2004, thereafter, each of the parties filed objections.

---

[9] Ishizaki at the time of the Defendant's filing served as Director of DOC

[10] Pursuant to 42 U.S.C. § 1983 the plaintiff alleged the following causes of action:

(1) that defendant Crisostomo denied plaintiff's constitutional rights to be free from cruel and unusual punishment and to enjoy equal protection of the law, as well as the right to protection from uneven or discriminatory treatment;

(2) that defendants Perez and Bamba denied plaintiff's constitutional rights to be free from cruel and unusual punishment and to enjoy equal protection of the law, as well as the right to protection from uneven or discriminatory treatment;

(3) that defendant San Nicolas denied plaintiff's constitutional rights to be free from cruel and unusual punishment and to enjoy equal protection of the law, as well as the right to protection from uneven or discriminatory treatment;

(4) that defendant Quichocho denied plaintiff's constitutional rights to due process of law and to equal protection of the law, as well as the right to protection from uneven or discriminatory treatment; and

(5) that defendant Ishizaki denied plaintiff's constitutional rights to due process of law and to equal protection of the law, as well as the right to protection from uneven or discriminatory treatment.

Plaintiff prays for injunctive and declaratory relief, and an award of compensatory and punitive damages for "mental anguish" caused by the defendants' action

# ANALYSIS OF CLAIMS

## Immunity Analysis
### All Claims Made Against All Defendants in Their "Official Capacity."

The Magistrate Judge, in his report, found that Guam officials acting in their "official capacities" were not "persons" under § 1983 subject to claims for monetary damages. Therefore, he recommended that this Court dismiss these claims. This Court agrees. Government officials acting in their official capacities are not "persons" with respect to § 1983. *Niraingas v. Sanchez*, 495 U.S. 182, 193, 110 S. Ct. 1737 (1990). Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki when sued for damages in their "official capacity" with the Department of Corrections are not "persons" under 42 U.S.C. § 1983 thus rendering all defendants immune from suit in this regard. Accordingly, the defendants' motion to dismiss all claims brought pursuant to §1983 for monetary damages from each defendant acting in his "official capacity" is hereby GRANTED AND DISMISSED WITH PREJUDICE.

The plaintiff also sought injunctive and declaratory relief against the defendants. The Magistrate Judge found that defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki were "persons" within the meaning of 42 U.S.C. § 1983 if sued for prospective injunctive and declaratory relief in their "official capacity" with the Department of Corrections. Again, the Court agrees with the Magistrate Judge's findings. An exception to Eleventh Amendment immunity lies where a suit for prospective relief (injunction or declaratory judgment) is brought against an official of the government in an "official capacity." *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908); *see, e.g. Carmen v. San Francisco Unified School District*, 982 F. Supp. 1396 (9th Cir. 1997). Accordingly, the defendants' motion to dismiss with respect to plaintiff's claims seeking declaratory judgment for Defendants acting in their "official capacity" is DENIED.

However, the defendants' motion to dismiss all claims for retroactive injunctive relief as to each defendant is GRANTED and DISMISSED WITH PREJUDICE. Actual restoration of good-time credits to prisoners and other retroactive relief improperly taken under §1983 is "foreclosed" and the sole remedy in that regard is by writ of *habeas corpus*. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

## Qualified Immunity Analysis
### All Claims Made Against All Defendants in Their "Personal Capacity"

The Magistrate Judge recommended deferment of the ruling on whether qualified immunity extends to any of the defendants. *Id.* This Court hereby adopts in part the recommendation of the Magistrate Judge and in particular, his rationale discussing the matter, however, rather than defer its ruling this Court finds the matter can be decided.

The doctrine of qualified immunity is an affirmative defense which shields public officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In deciding whether a public officer is entitled to qualified immunity this Court must employ a three part test: (1) identify the right violated; (2) determine whether the right was clearly established; and (3) determine whether a reasonable official would have believed his or her conduct to be lawful. (*Robinson v. Prunty*, 249 F. 3d 862, 866 (9th Cir 2001) and *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir 1992)). Admittedly, the first two prongs require a purely legal analysis to be employed by the Court. However the third prong necessarily requires a factual determination. Factual determinations are not properly before the Court on a motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[11] Accordingly, the defendants' motion to dismiss all claims brought pursuant to §1983 for monetary, injunctive and declaratory relief from each defendant acting in his "personal capacity" is DENIED.

## Eighth Amendment Analysis
### Claims Made Against Defendants Crisostomo, Perez, Bamba, San Nicolas

The Magistrate Judge noted that the complaint was insufficient to state a cause of action and that dismissal without prejudice was warranted as to all four defendants regarding plaintiff's Eighth Amendment claims. This Court concurs with the Magistrate Judge's recommendations.

In order to sustain a claim for a violation of the Eighth Amendment, a plaintiff must "demonstrate that the prison condition in question caused a sufficiently serious harm or risk of harm to inmate health or safety and that prison officials acted with 'deliberate indifference.'"

---

[11] Defendants are free to raise the issue of qualified immunity and/or good faith immunity in a motion for summary judgement at a later date.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was "deliberately indifferent" to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837.

The plaintiff failed to allege any facts as to how he sustained sufficiently serious harm or how he was placed in substantial risk of serious harm as a result of the action or inaction of defendants Crisostomo, Perez, Bamba and San Nicolas. In addition, plaintiff fails to plead facts to show that defendants were aware that failure to remedy the problem would cause substantial risk of serious harm to plaintiff

Additionally, pursuant to 42 U.S.C. § 1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury while in custody without a prior showing of physical injury." This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff presents no evidence of physical injury due to the defendants Crisostomo, Perez, Bamba and San Nicolas' actions. Thus, to the extent plaintiff seeks compensatory and punitive damages premised upon a violation of his Eighth Amendment right to be free from cruel and unusual punishment, section 1997e(e) bars his claim. Accordingly the defendants' motion to dismiss as to the alleged violations by defendants Crisostomo, Perez, Bamba and San Nicolas of plaintiff's Eighth Amendment right is hereby GRANTED and DISMISSED WITHOUT PREJUDICE.

### Equal Protection Analysis - Claims Made Against All Defendants

The Equal Protection clause of the Fourteenth Amendment provides that no state shall "'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440, 105 S. Ct. 3249 (1985). Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See,*

*Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

The Magistrate recommended dismissal without prejudice as to the Equal Protection claims against all of the defendants. This Court hereby adopts the recommendations and findings of the Magistrate Judge. Plaintiff has failed to state any facts as to how he was treated any differently from any other similarly situated inmates. Likewise, he has failed to allege any facts to provide evidence of discriminatory intent. Accordingly, the defendants' motion to dismiss as to the alleged Equal Protection violations by each of the defendants is GRANTED and DISMISSED WITHOUT PREJUDICE.

In order to survive a motion for failure to state a claim with respect to Equal Protection violations plaintiff must amend his complaint to include facts which establish evidence of how he was treated differently than any other inmate, in addition to establishing some threshold of discriminatory intent on the part of each defendant.

### Due Process Analysis - Claims Made Against Defendants Quichocho and Ishizaki

The Due Process clause of the constitution protects individuals from government actions that deprive them of life, liberty or property without due process of law. The Due Process clause provides prisoners two separate sources of protection against unconstitutional state disciplinary actions. First, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Second, a prisoner may challenge a state action which does not restrain a protected liberty interest, but which nonetheless imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

With respect to defendant Quichocho, the Magistrate noted that the complaint was insufficient to state a cause of action asserting that, "the Plaintiff fails to state any actionable claim against Defendant Quichocho." *See,* Report at 13. Therefore, the Magistrate recommended dismissal of the Due Process claims be dismissed. *Id.* This Court agrees. The plaintiff's fourth cause of action against defendant Quichocho fails to allege facts to support his conclusory statement that Quichocho "unlawfully acted in excess of jurisdiction by being the Presenting

Staff/Personnel." *See,* Plaintiff's Complaint at 6, ¶ 29. Plaintiff fails to indicate why or how Quichocho's actions were unlawful or in "excess of discretion." Further, plaintiff fails to indicate how Quichocho contributed to the denial of Due Process. Plaintiff himself admits that a disciplinary hearing was in fact held and that Quichocho had no part in the appellate process. Thus, to the extent that the fourth cause of action attempts to raise a violation of the Due Process Clause under § 1983, the claim fails to state a claim for relief. Accordingly, the motion to dismiss as to the fourth cause of action regarding a violation of the Due Process Clause is DISMISSED WITH PREJUDICE.

With respect to defendant Ishizaki, the Magistrate found that plaintiff's assertion alleging that Ishizaki failed to provide a timely answer, if any, to his appeal was sufficient to support an actionable claim. *See,* Report at 12. Accordingly, the Magistrate Judge recommended that the Due Process claims against Ishizaki be denied. *Id.*

The Court hereby departs with the recommendations and findings of the Magistrate. Plaintiff's claimed loss of a liberty interest in the failure of the defendant Ishizaki to provide a timely answer, if any, to his appeal does not satisfy the standards as set forth in *Sandin*, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988). Accordingly, the plaintiff's claim lacks the necessary constitutional foundation, and thus does not extend his confinement in an unexpected manner. The defendants' motion to dismiss as to the fifth cause of action regarding a violation of the Due Process Clause by defendant Ishizaki is DISMISSED WITH PREJUDICE.

### Cognizability of Violations of State Law and Negligence-based Claims

With respect to violations of state law, the Magistrate, in his Report, found that "[w]here the violation of state law causes the deprivation of rights protected by the Constitution and statutes of the United States, a cause of action is stated under 42 U.S.C. § 1983." *See,* Report at 13 (*citing, Wirth v. Surles,* 562 F. 2d 319, 322 (4th Cir. 1977). As such, the Magistrate recommended that Defendant's Motion to Dismiss be denied. *Id.*

The Court hereby departs from the findings and recommendations of the magistrate for the reasons previously stated above pursuant to the mandates of *Mann*. Since there is no substantive

right to prison grievance procedures, the failure of prison officials to comply with those procedures is not actionable under § 1983.

With respect to the claims predicated on mere negligence, the Magistrate found that § 1983 precludes claims alleging mere negligence pursuant to *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) and therefore recommended that Plaintiff's claims based on Defendants' "negligent performance of their ministerial duties," be dismissed. *Id.*

This Court concurs with the recommendations and findings of the Magistrate. Accordingly, Defendants motion to dismiss under pursuant to the lack of cognizable claims under state law and negligence based claims is granted and DISMISSED WITH PREJUDICE.

### Whether Plaintiff Exhausted Administrative Remedies

Defendants move to dismiss plaintiff's action due to a failure to exhaust administrative remedies prior to filing suit. The Magistrate, in his report, found that "exhaustion of administrative remedies prior to the commencement of litigation is required by 42 U.S.C. § 1997e(a)[12]. Nonexhaustion under § 1997e is a defense which must be raised and proved by the Defendants." *See*, Report at 14, (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Further, the Magistrate Judge noted that the defendants have failed to prove such a defense in that they have not provided any evidence of nonexhaustion, but merely state that plaintiff has failed to follow all the grievance procedures.[13] *Id.* The Magistrate recommended that Defendants' Motion to Dismiss in this regard be denied. *Id.*

This Court hereby adopts the recommendations and findings of the Magistrate. As such, the Defendants' Motion to Dismiss on the basis of failure to exhaust administrative remedies is DENIED.

---

[12] 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[13] The Magistrate also expressed reservations about the classification of the Defendant's appeal as a "grievance" since Executive Order 94-19 indicated that appeals were to be sent directly to the Director of Corrections. The Court need not address this issue since it has adopted the finding that Defendant's have not met their affirmative burden of proof.

### Whether Defendants Preserved Defense of Lack of Personal Jurisdiction

Defendants assert that they are making a special appearance in moving to dismiss, thereby preserving their right to raise, at a later time, the Federal Rule of Civil Procedure 12(b)(2) defense of lack of personal jurisdiction. The Magistrate, in his report, found the following:

> Rule 12 has eliminated any difference between general and special appearances. *Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972). Thus, a party's invocation of special appearance is of no consequence. If a party wishes to raise a Rule 12(b) defense by motion, the "motion ... shall be made before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). However, a party waives a Rule 12(b)(2) defense if it was not raised in the party's first pre-answer Rule 12 motion or in the party's first responsive pleading (i.e., the answer) or in an amendment allowed by Federal Rule of Civil Procedure 15(a). *See Baranoff Fisheries Ltd. Partnership v. Elsey*, No. 95-1476-FR, 1996 U.S. Dist. LEXIS 11838, at *6-7 (D. Or. Aug. 15, 1996).

*See,* Report at 15.

Likewise, the Magistrate recognized that the defendants in their motion did not challenge personal jurisdiction, but simply stated that they wished to preserve their right to challenge it since "it is not clear that all Defendants were properly served in their official and individual capacities." (Mot. at 12.) Finally, the Magistrate found that since the Defendants failed to raise a Rule 12(b)(2) defense in this first pre-answer Rule 12 motion, they have waived the defense of lack of personal jurisdiction and recommended that this Court find that the Defendants may not later assert a Rule 12(b)(2) defense. *Id.*

This Court hereby adopts the recommendations and findings of the Magistrate and finds that the defendants have waived the defense of lack of personal jurisdiction and as such, are precluded from asserting a Rule 12(b)2 defense in the future.

### CONCLUSION

Based upon the foregoing, the Court hereby orders the following:

1. The Court GRANTS Plaintiff's Motion to Strike the declarations of Marie Roberto and Robert Camacho.

2. The Court GRANTS in part the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki, as to the immunity of the

Defendants while acting in "official capacity" as alleged in the first through fifth causes of action. The Plaintiff's right of recovery with respect to the Defendant's acting in "official capacity" is limited to prospective injunctive and declaratory relief.

3. The Court DENIES the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki, as to the qualified immunity of the Defendants while acting as individuals in their "personal capacity" as alleged in the first through fifth causes of action.

4. The Court GRANTS the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba and San Nicolas for failure to state a claim as to violations of the Eighth Amendment as alleged in the first, second and third causes of action.

5. The Court GRANTS the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki, for failure to state a claim as to Equal Protection violations of the Fourteenth Amendment as alleged in the first through fifth causes of action.

6. The Court GRANTS the Motion to Dismiss, filed by Defendant Quichocho for failure to state a claim as to Due Process violations of the Fourteenth Amendment as alleged in the fourth cause of action.

7. The Court GRANTS the Motion to Dismiss, filed by Ishizaki, for failure to state a claim as to Due Process violations of the Fourteenth Amendment as alleged in the fifth cause of action.

8. The Court GRANTS the Motion to Dismiss, filed by Defendants Crisostomo, Perez and Bamba with respect to Plaintiffs claims that are based upon "negligent performance of ministerial duties" as alleged in the first and second causes of action.

9. The Court GRANTS the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki with respect to Plaintiffs claims that are solely based upon violation of Executive Order 94-19.

10. The Court DENIES the Motion to Dismiss, filed by Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki, as to Plaintiff's failure to exhaust administrative remedies.

11. The Court finds that Plaintiff is foreclosed from seeking retroactive injunctive relief as outlined in paragraph A, page 14 of his complaint.

12. The Court finds that Defendants are foreclosed from asserting a Rule 12(b)(2) defense.

13. The Plaintiff is further ordered to amend his "prayer for relief" to distinguish each request individually (specifically with respect to requests for compensation for "mental anguish" and punitive damages).

14. The Defendant is granted 30 days to amend, file and serve his complaint. Absent an amendment conforming with this Courts order, **ALL** causes of action as to Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki will be dismissed.

**SO ORDERED** this __10__ day of May, 2005.

*David O. Carter*
**HONORABLE DAVID O. CARTER**[*]
**United States District Judge**

Notice is hereby given that this document was entered on the docket on MAY 1 0 2005.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ Date: MAY 1 0 2005
Deputy Clerk

---

[*] The Honorable David O. Carter, United States District Judge for California, by designation.

14