


**FILED**
DISTRICT COURT OF GUAM

JUN 2 0 2005

MARY L.M. MORAN
CLERK OF COURT



## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director; FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO; Correctional Officer; VINCENT BAMBA; Correction Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,<br><br>    Defendants. | Civil Case No. 03-00040<br><br><br>**ORDER** |

This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis* and two motions to appoint counsel. *See,* Docket Nos. 3, 2 and 55, respectively. The Court having reviewed the record in this matter, finds it appropriate to GRANT plaintiff's request to proceed *in forma pauperis* and to DENY plaintiff's requests for appointment of counsel.

### REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Plaintiff's ("Laguana") *in forma pauperis* application was conditionally granted on December 29, 2003. The prison has submitted the required Certificate of Funds and this Court

hereby GRANTS Laguana full *in forma pauperis* status. Pursuant to the Prisoner's Consent Form on file with the Court, the prisoner consented to the collection of the filing fee, as well as any other fees, costs or sanctions imposed by this Court, from the prisoner's trust account.

In accordance with the Prison Litigation Reform Act, the Court directs that an initial partial fee of $8.18 [which represents 20% of the greater of: $5.00 the average monthly deposits to the prisoner's account for the prior six-month period, or $40.88 the average monthly balance in the prisoner's account for the prior six-month period] be withheld from the prisoner's trust account and paid to the Clerk, U.S. District Court of Guam within thirty (30) days of the date of this order. The authorized prison official shall also collect from the prisoner's trust account and pay to the Court on a continuing basis, monthly installments of 20% of the preceding month's deposits to the prisoner's account each time the prisoner's account exceeds ten dollars ($10.00). The authorized prison official should continue to make these payments until the filing fee of $150.00 has been paid in full.

All payments shall be designated as made in payment of the filing fee for Plaintiff Laguana in Civil Case No. 03-00040, and shall be made payable to the Clerk, U.S. District Court of Guam. In the event that the plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at the prisoner's next institution. The prison shall notify the Clerk, U.S. District Court of Guam, in the event the prisoner is released from custody.

If additional fees, costs, or sanctions are imposed, the Court will notify the prison trust account office of the additional amounts to be collected from the prisoner's trust account.

A copy of this order shall be sent by the docket clerk to all parties of record, the prison trust account office, and the financial administrator for the District of Guam.

### **REQUEST FOR APPOINTMENT OF COUNSEL**

The Court is in receipt of the Plaintiff's Motions for Appointment of Counsel pursuant to 28 U.S.C. §1915(e). Under authority of that section, the Court may "request" an attorney to represent any person proceeding *in forma pauperis* if such person is unable to afford counsel but

the Court is statutorily constrained, absent exceptional circumstances, to appoint counsel in such matters.

To substantiate a request for an attorney under 28 U.S.C. §1915, an *in forma pauperis* litigant must show that there is some likelihood of success on the merits, and that the difficulty with the case derives from the complexity of the issues. *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). While this Court finds that the above captioned case is a non-frivolous case, the issues in this case are not of sufficient complexity to warrant the extraordinary measure of appointment of counsel in such cases. Plaintiff bases his claims on the United States Constitution. The primary allegations in this case are: (1) an Eighth Amendment violation for cruel and unusual punishment, and (2) a violation of Due Process and Equal Protection under the Fourteenth Amendment. The issues presented do not rise to the complexity necessary to allow this Court to find the exceptional circumstances necessary to appoint counsel.

The Court cannot order or require an attorney to take a §1983 case; the Ninth Circuit has construed 28 U.S.C. §1915 as allowing a request only. "Title 28 U.S.C. §1915 does not authorize appointment of counsel to involuntary service." *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). *See, Mallard v. United States District Court for the Southern District of Iowa*, 495 U.S. 296 (1989). Further, "no statute provides funds to pay counsel secured under 28 U.S.C. §1915(d)." *United States v. 30.64 Acres of Land*, 795 F.2d at 801. Accordingly, counsel shall be appointed only in exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). As stated above, upon review of the complaint in this case this case, it does not appear that the requirements of *Terrell* are met. The issues herein (prison conditions) are not factually or legally complex.

Accordingly, Laguana's Motions for Appointment of Counsel are DENIED.

**SO ORDERED** this 20th day of June, 2005.

HONORABLE JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge, District Court of Guam

Notice is hereby given that this document was entered on the docket on 6/21/05. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: [signature] 6/21/05
Deputy Clerk    Date

3