1 | Michael Jr. G. Laguana, Pro Se,
Department of Corrections
2 | Dairy Road, Mashburn Lane
P.O. Box 3236
3 | Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
4 | Adult Correctional Facility

**FILED**

DISTRICT COURT OF GUAM

JUN 27 2005

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT COURT OF GUAM

### *TERRITORY OF GUAM*

Michael Jr. G. Laguana, Pro Se,                    )
              Plaintiff-Appellant,            )
      vs.                                              )
                         )
Frank Ishizaki, Director;                          )
Francisco B. Crisostomo, Warden;                   )
Alan San Nicolas, Corporal;                        )
Raymond Quichocho, Correctional Officer;           )
Vincent Bamba, Correctional Officer;               )
Ed Perez, Correctional Officer; at the             )
Guam Department of Corrections, in their           )
individual and official capacities,                )
              Defendants-Appellees.          )
_____)

Civil Case No.: CV-03-00040

# STATEMENT
# OF THE
# EVIDENCE

**MICHAEL JR. G. LAGUANA**, Pro Se Plaintiff-Appellant in the above-entitled action,

hereby files with the Clerk of the District Court of Guam for settlement and approval, a statement of

the evidence pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure.

Pursuant to Rule 10(b)(2) of the Federal Rules of Appellate Procedure, Pro Se Plaintiff-

Appellant intends to urge on appeal that the findings and conclusions of the District Court of Guam

entered on the docket on May 10, 2005 in the Civil Case of *Laguana v. Ishizaki, et. al.*, Complaint

No. CV-03-00040 [ORDER at 9, Lines 15 thru 22;   ORDER at 10, Lines 9 thru 20;   ORDER at

10, Lines 22 thru 28;   ORDER at 11, Lines 1 and 2/ 7 thru 9] were unsupported by the evidence

attached hereto and are contrary to the evidence attached hereto.

*ORIGINAL*

# **VERIFICATION**

I, Michael Jr. G. Laguana, Pro Se Plaintiff-Appellant in the above-entitled action, being first duly sworn depose and say:

that the following transcript of all evidence attached hereto are relevant to the findings and conclusions stated above and are known by me to be true, of my own personal knowledge. It is further known by me to be true and of my own personal knowledge, that the following transcript of all evidence attached hereto are true and correct copies of the original published Rules and Regulations of the Guam Department of Corrections in Mangilao, in the United States Territory Island of Guam.

**DATED** this _23ʳᵈ_ day of ____JUNE____, 2005.

Respectfully Submitted,

Michael Jr. G. Laguana, *pro se.*
Plaintiff-Appellant
**Of**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

# STATEMENT OF THE EVIDENCE TRANSCRIPT

# TABLE OF CONTENTS

Statement of the
Evidence                                                    <u>Transcript</u>

**Guam Executive Order 94-19**                              **A – Page 5**

**Procedural Due Process Form**                             **B – Page 6**

# A



**TERRITORY OF GUAM**
OFFICE OF THE GOVERNOR
AGANA GUAM 96910
U S A

### EXECUTIVE ORDER NO. ___94-19___

*AMENDING EXECUTIVE ORDER 88-19*

APPROVAL OF RULES AND REGULATIONS
OF THE DEPARTMENT OF CORRECTIONS

WHEREAS, the Director of Corrections, as authorized by 9 Guam Code Annotated, §90.30, has seen fit to adopt revised rules and regulations for the administration of the correctional institutions and other places of confinement; and.

WHEREAS, these rules and regulations are needed for the efficient operation of the correctional institutions and for the treatment, care and reformation of the inmates thereof.

NOW, THEREFORE, I, JOSEPH F. ADA, Governor of the Territory of Guam, by virtue of the authority vested in me by the Organic Act of Guam, as amended, and in accordance with my authority under the above-cited statute, hereby approve, as attached hereto, the Rules and Regulations of the Department of Corrections for the Administration of Correctional Institutions and Other Places of Confinement, to be effective as of the date of signing of this Order.

SIGNED AND PROMULGATED at Agana, Guam, this ___30th___ day of December, 1994

*[signature]*
JOSEPH F. ADA
Governor of Guam

COUNTERSIGNED:

*[signature]*
FRANK F. BLAS
Lieutenant Governor of Guam

# TABLE OF CONTENTS

Page

Executive Order No.____ ................................................. i

Preface................................................................. ii

CHAPTER 1:  ADMINISTRATIVE PROVISIONS.................................. 1
    Section 1.1.  General Provisions.............................. 1
    Section 1.2.  Prior Rules and Regulations..................... 1
    Section 1.3.  Purpose......................................... 2

CHAPTER 2:  CIVIL RIGHTS OF INMATES................................... 3
    Section 2.1.  Civil Rights Act................................ 3
    Section 2.2.  Personal Damages............................... 3

CHAPTER 3:  INMATE RULES AND DISCIPLINE.............................. 4
    Section 3.1.  General Provisions.............................. 4
    Section 3.2.  Inmate Rights and Responsibilities............. 4
    Section 3.3.  Purpose......................................... 7
    Section 3.4.  Categories of Prohibited Acts and
                  Schedule of Sanctions.......................... 8
    Section 3.5.  Prohibited Acts: Greatest Misconduct
                  Category....................................... 9
    Section 3.6.  Prohibited Acts: High Misconduct
                  Category....................................... 10
    Section 3.7.  Prohibited Acts: Moderate Misconduct
                  Category....................................... 12
    Section 3.8.  Prohibited Acts: Low Misconduct
                  Category....................................... 15
    Section 3.9.  Prohibited Acts: Outside Assignments or
                  Programs....................................... 17
    Section 3.10. Aiding, Attempting or Conspiring in the
                  Commission of an Offense....................... 17
    Section 3.11. Sanctions for Repetition of Prohibited
                  Acts Within the Same Category.................. 18
    Section 3.12. Disciplinary Actions Defined................... 19
    Section 3.13. Suspension of Sanctions........................ 21
    Section 3.14. Incident Report................................ 22
    Section 3.15. Receipt of Charges Against Inmate.............. 22
    Section 3.16. Investigation.................................. 22
    Section 3.17. Pre-Hearing Detention.......................... 23
    Section 3.18. Commission of Acts Covered by
                  Statutory Law.................................. 23
    Section 3.19. Notification of Disciplinary Hearing........... 23
    Section 3.20. Continuances................................... 23
    Section 3.21. Presence at Hearing............................ 24
    Section 3.22. Waiver of Right to be Present at Hearing....... 24
    Section 3.23. Inmate Representation at Hearing............... 24
    Section 3.24. Presenting Staff............................... 24
    Section 3.25. Request for Witnesses.......................... 24
    Section 3.26. Right to Make Statement and Present
                  Evidence....................................... 25
    Section 3.27. Conduct of Hearing............................. 25
    Section 3.28. Notice of Disciplinary Decision................ 26
    Section 3.29. Review While in Disciplinary Segregation....... 26
    Section 3.30. Appeals........................................ 26
    Section 3.31. Not Appealable................................. 27
    Section 3.32. Time for Appeals............................... 27

CHAPTER 4: CLASSIFICATION OF INMATES............................. 29
    Section 4.1.  General Provisions............................. 29
    Section 4.2.  Admissions and Orientation Unit................ 29
    Section 4.3.  Custody Designations.......................... 29
    Section 4.4.  Levels of Classification...................... 30
    Section 4.5.  Close Custody................................. 30
    Section 4.6.  Medium Custody................................ 31
    Section 4.7.  Minimum Custody............................... 32
    Section 4.8.  Classification Model.......................... 33
    Section 4.9.  Initial Classification Team................... 34
    Section 4.10. Unit Program Team............................. 36
    Section 4.11. Adjustment Classification Committee........... 37
    Section 4.12. Review Schedule............................... 40

CHAPTER 5: ADMINISTRATIVE SEGREGATION............................ 41
    Section 5.1.  General Provisions............................ 41
    Section 5.2.  Procedures.................................... 41
    Section 5.3.  Review........................................ 41
    Section 5.4.  Retention of Rights, Privileges and
                  Responsibilities.............................. 42

CHAPTER 6: SECURITY AND CONTROL.................................. 43
    Section 6.1.  General Provisions............................ 43
    Section 6.2.  Information or Publicity on Inmate or
                  Parolee....................................... 43
    Section 6.3.  Inmate Profile................................ 43
    Section 6.4.  Other Jurisdictions........................... 44
    Section 6.5.  Confidentiality of Inmate Files............... 44
    Section 6.6.  Posted Warnings............................... 44
    Section 6.7.  Facility Entrance............................. 44
    Section 6.8.  Authorized Access............................. 44
    Section 6.9.  Identification................................ 44
    Section 6.10. Consent to Search Form........................ 45
    Section 6.11. Search and Seizure............................ 45
    Section 6.12. Room or Cell Inspection....................... 45
    Section 6.13. Room or Cell Search........................... 46
    Section 6.14. Presence of Inmate During Room and Cell
                  Search........................................ 46
    Section 6.15. Non-Intrusive Sensor, Personal and Body
                  Searches...................................... 46
    Section 6.16. General Area Searches......................... 48
    Section 6.17. Use of Force.................................. 49
    Section 6.18. Deadly Force.................................. 49
    Section 6.19. Non-Deadly Force.............................. 50
    Section 6.20. Mechanical Restraints......................... 52
    Section 6.21. Firearms...................................... 53
    Section 6.22. Weapons....................................... 53
    Section 6.23. Inmate Accountability......................... 53
    Section 6.24. Car Keys...................................... 53
    Section 6.25. Escape Pursuit Plan........................... 54
    Section 6.26. Preparation for Emergencies................... 54
    Section 6.27. Fire Prevention............................... 54
    Section 6.28. Dangerous Substances.......................... 54
    Section 6.29. Control of Tools.............................. 55
    Section 6.30. Explosives.................................... 55
    Section 6.31. Control of Matches, Lighters, Etc............. 56

CHAPTER 7: INMATE ACTIVITIES.................................... 57
    Section 7.1.  Work and Education............................ 57
    Section 7.2.  Performance................................... 58
    Section 7.3.  Recreation and Leisure........................ 59
    Section 7.4.  Religion...................................... 63
    Section 7.5.  Marriage...................................... 64

CHAPTER 8: INMATE COMMUNICATIONS.................................. 65
    Section 8.1.  General Provisions.............................. 65
    Section 8.2.  Correspondence.................................. 65
    Section 8.3.  Privileged Mail and Communication............... 66
    Section 8.4.  Non-Privileged Mail............................. 67
    Section 8.5.  Collection and Distribution of Mail and
                    Packages...................................... 68
    Section 8.6.  Publications.................................... 69
    Section 8.7.  Publicity and Press Relations................... 70
    Section 8.8.  Telephone Privileges............................ 72
    Section 8.9.  Telephone Calls for Inmates in
                    Disciplinary Segregation...................... 73

CHAPTER 9:  VISITS............................................... 74
    Section 9.1.  General Provisions.............................. 74
    Section 9.2.  General Controls and Limitations................ 74
    Section 9.3.  Admission and Control........................... 74
    Section 9.4.  Visits Outside the Facility..................... 75
    Section 9.5.  Group Visits.................................... 75
    Section 9.6.  Security........................................ 75

CHAPTER 10: PERSONAL HYGIENE..................................... 76
    Section 10.1. Inmate's Responsibility for Personal
                    Hygiene....................................... 76
    Section 10.2. Purchasing and Issuing Supplies................. 76
    Section 10.3. Showers......................................... 76
    Section 10.4. Hair Care....................................... 76
    Section 10.5. Grooming Routine................................ 77
    Section 10.6. Housing Area.................................... 77
    Section 10.7. Care of Quarters................................ 78

CHAPTER 11:  SANITATION.......................................... 79
    Section 11.1. Work Details.................................... 79
    Section 11.2. Inspections..................................... 79

CHAPTER 12: CLOTHING AND PERSONAL PROPERTY....................... 80
    Section 12.1. Authorized Items of Clothing.................... 80
    Section 12.2. Marking Clothing................................ 80
    Section 12.3. Neatness of Clothing............................ 80
    Section 12.4. Alteration of Clothing.......................... 80
    Section 12.5. Jewelry, Medallions, Ornaments and
                    Watches....................................... 80
    Section 12.6. Inmate Personal Property Items.................. 81

CHAPTER 13:  HEALTH SERVICE...................................... 82
    Section 13.1. General Provisions.............................. 82
    Section 13.2. Medical Responsibilities........................ 82
    Section 13.3. Daily Sick Call and Observation of
                    Segregated Inmates............................ 82
    Section 13.4. Use of Private and Community Medical
                    Facilities.................................... 83
    Section 13.5. Inmate Refusal of Treatment..................... 83
    Section 13.6. Blanket Informed Consent for Treatment.......... 83
    Section 13.7. Administration of Medications................... 83

CHAPTER 14:  FOOD SERVICE........................................ 85
    Section 14.1. General Food Service Operations................. 85
    Section 14.2. Menu Planning................................... 86
    Section 14.3. Food Service Safety and Sanitation.............. 86
    Section 14.4. Food Service in Special Housing Units........... 86
    Section 14.5. Special Diets................................... 86

CHAPTER 15: ACCESS TO COURTS AND LEGAL COUNSEL........... 88
    Section 15.1. Legal Representation..................... 88
    Section 15.2. Legal Consultation...................... 88
    Section 15.3. Suruhanu................................ 89
    Section 15.4. Law Library............................. 89

CHAPTER 16: ADMINISTRATIVE REMEDY OF COMPLAINTS.......... 90
    Section 16.1. General Provisions...................... 90
    Section 16.2. Grievance Complaint Form................ 91
    Section 16.3. Referral Outside the Division........... 92
    Section 16.4. Referral to Agencies or Officials Other
                        than Departmental................. 92

CHAPTER 17: SUSPENSION OF RULES DURING EMERGENCY......... 93
    Section 17.1. Suspension.............................. 93

CHAPTER 18: ADDITION TO RULES AND REGULATIONS........... 94
    Section 18.1. Authorization........................... 94

CHAPTER 19: SEVERABILITY................................. 95
    Section 19.1. Provisions.............................. 95

# CHAPTER 1
## ADMINISTRATIVE PROVISIONS

SECTION 1.1.  GENERAL PROVISIONS

    (A)  The Rules and Regulations herein shall govern the administration and operations of the Guam Department of Corrections.  As an integral part of the inmate's rehabilitation, the Department of Corrections shall provide the following services:

        (1)  Casework and Counseling

        (2)  Parole

        (3)  Forensic

        (4)  Health

    Each individual facility/division organic to the Department may adopt rules governing its unique situation pursuant to Section 90.30, 9 GCA, subject to the approval of the Director of Corrections and the Governor of Guam.

    (B)  A copy of the Rules and Regulations for the Administration of Correctional Institutions and Other Places of Confinement (Manual) shall be made available to each inmate and each employee.  The Manual shall be made a part of the inventory at each unit to facilitate the operational and administrative requirements.

SECTION 1.2.  PRIOR RULES AND REGULATIONS

    All prior rules and regulations promulgated under the authority stated hereinbefore for the operations of the Department of Corrections are hereby amended.  Insofar as the

1

provisions of previous executive orders are in conflict with this Order, these provisions shall control. The following sections of Executive Order 88-19 are rescinded:

Sections 1.1, 1.2, 1.3, 2.1, 2.2(a), 2.2(c), 2.2(e)(2), 2.2(e)(3), 2.3, 2.4, 2.5, 2.6, 2.7, 2.8, 2.9, 2.10, 2.11, 2.12, 2.13, 2.15, 2.17, 2.21, 2.22, 2.27, 2.29, 2.30, 2.31(a), 2.33, 2.34, 2.35, 2.36, 2.37, 2.38, 2.39, 2.40, 2.41, 2.42, 2.43, 2.44, 3.1, 3.2, 3.3, 4.1, 4.2, 5.1, 5.2, 5.3, 6.1, 6.2, 6.3, 6.4, 6.5, 6.6, 6.7, 6.8, 6.9, 6.10, 6.11, 6.13, 6.14, 6.16, 6.17, 6.22, 6.24, 6.25, 6.26, 6.27, 6.28, 6.29, 6.30, 6.32, 6.33, 6.34, 6.35, 6.36, 6.37, 6.38, 6.39, 6.40, 6.41, 6.42, 6.43, 6.44, 6.45, 6.46, 6.47, 6.48, 6.49, 6.50, 6.51, 6.57, 6.58, 6.59, 6.60, 6.61, 6.62, 6.63, 6.64, 6.66, 7.2, 7.3, 7.5, 7.6, 7.9, 7.10, 7.11, 7.12, 7.13, 7.14, 7.15, 7.16, 7.17, 7.18, 7.19, 7.20, 7.21, 7.22, 7.23, 8.1, 8.2, 8.3, 8.4, 8.5, 8.6, 8.7, 8.8, 8.9, 8.10, 8.11, 8.12, 8.14, 8.15, 8.16, 8.17, 8.18, 8.19, 8.20, 8.21, 8.22, 8.23, 8.24, 8.25, 8.26, 8.27, 8.28, 8.29, 8.33, 9.1, 9.2, 12.1, 13.1, 14.1.

SECTION 1.3. PURPOSE

Inmates shall have all those rights and responsibilities as set forth in these Rules and Regulations, not otherwise inconsistent with statutory or case law. This Executive Order is adopted for the purpose of regulating the internal management of Guam's Correctional facilities.

2

# CHAPTER 2
## CIVIL RIGHTS OF INMATES

**SECTION 2.1.** __CIVIL RIGHTS ACT__

The Civil Rights Act of 1871 (42 U.S.C. Section 1983) prohibits a person, acting under color of law (e.g., a Corrections Officer), from depriving any other person (such as an inmate) of rights under the United States Constitution or federal laws. As long as personnel act reasonably and prudently in all circumstances and follow all rules and the advice of the Attorney General, no inmate will be deprived of civil rights. While an inmate is not without civil rights, the rights are nevertheless tempered by the fact of incarceration and the exigencies of correctional facility management and discipline.

**SECTION 2.2.** __PERSONAL DAMAGES__

The Civil Rights Act permits the recovery of personal damages against one who violates the inmate's civil rights under the color of law. However, staff personnel are protected by a qualified immunity which prevents the imposition of damages unless the inmate proves that the person violated the inmate's clearly established constitutional rights.

# CHAPTER 3
## INMATE RULES AND DISCIPLINE

SECTION 3.1. GENERAL PROVISIONS

It is the policy of the Department of Corrections to have in place in each of its facilities a system of inmate discipline that serves to protect the public, inmates, and staff members, and maintains order in the facility, through the impartial application of a fully developed, well-understood set of rules and regulations and a hearing procedure that incorporates all applicable due process requirements.

SECTION 3.2. INMATE RIGHTS AND RESPONSIBILITIES

It is the policy of the Department of Corrections to establish rules and regulations that would create a balance between the inmate's expression of his rights and the preservation of Institutional order. This section shall generally describe the inmate's rights, as well as responsibilities, while confined in the Department's facilities. The following is a description of these rights and responsibilities

(A)  *YOU HAVE THE RIGHT* to expect that as a human being you be treated respectfully, impartially, and fairly by all personnel.

*YOU HAVE THE RESPONSIBILITY* to treat others, both employees and inmates, with respect, impartiality, and fairness.

(B)  *YOU HAVE THE RIGHT* to be informed of the rules, procedures and schedules concerning the operation of

4

the Department.

*YOU HAVE THE RESPONSIBILITY* to know and abide by the rules, procedures and schedules.

(C) *YOU HAVE THE RIGHT* to freedom of religious affiliation and voluntary religious worship.

*YOU HAVE THE RESPONSIBILITY* to recognize and respect the religious freedom of others.

(D) *YOU HAVE THE RIGHT* to medical and dental treatment, to a clean and safe environment, nutritious meals, proper bedding and clothing, and a laundry schedule for cleanliness, an opportunity to shower regularly, proper ventilation for fresh air, a regular exercise period, and toilet articles.

*YOU HAVE THE RESPONSIBILITY* to seek medical and dental care as you may need it, to maintain a clean and safe environment, not to waste food, to follow the laundry and shower schedules, and to keep your area free of contraband.

(E) *YOU HAVE THE RIGHT* to reasonable visits and correspondence with family members and friends, and communicate with members of the news media consistent with departmental rules.

*YOU HAVE THE RESPONSIBILITY* to conduct yourself properly during visits, not to accept or pass contraband, and not to use correspondence to violate the law, prison rules or policies.

5

(F) *YOU HAVE THE RIGHT* to unrestricted and confidential access to the courts or public officials by correspondence on such matters such as the legality of your conviction, civil matters, pending criminal cases, and conditions of your imprisonment.

*YOU HAVE THE RESPONSIBILITY* to honestly and fairly present your concerns and problems to the court or public officials.

(G) *YOU HAVE THE RIGHT* to legal counsel.

*YOU HAVE THE RESPONSIBILITY* to compensate any attorney not appointed by the court.

(H) *YOU HAVE THE RIGHT* to use law library reference materials in resolving legal problems. *YOU ALSO HAVE THE RIGHT* to receive help when available through a legal assistance program.

*YOU HAVE THE RESPONSIBILITY* to use these legal resources and assistance consistent with the schedule and procedures prescribed.

(I) *YOU HAVE THE RIGHT* to reasonable reading materials for educational use and for your enjoyment.

*YOU HAVE THE RESPONSIBILITY* to seek and utilize materials which promote your rehabilitation but do not threaten the security of the Institution.

(J) *YOU HAVE THE RIGHT* to participate in education, vocational training and employment, unless restricted by law.

6

*YOU HAVE THE RESPONSIBILITY* to take advantage of activities which may enhance your rehabilitation and to abide by the regulations governing your participation.

SECTION 3.3.   PURPOSE

(A)   The purpose of the Inmate Rules and Discipline is to ensure that a plan of inmate discipline is established within the Department.  The objectives are:

   (1)   To define and give notice of unacceptable behavior;

   (2)   To specify the possible sanctions that may be imposed for a code violation;

   (3)   To establish minimal procedural safeguards for the imposition of punishments; and

   (4)   To ensure that sanctions are appropriate for the severity of the violation.

(B)   Inmates committed to the Department of Corrections shall be subject to disciplinary action for rule violations. Discipline shall be applied in an impartial and consistent manner, and whenever possible, resolved informally.   When imposing disciplinary action, the following factors shall be considered:

   (1)   The inmate's past record; and

   (2)   The punishment's effect on future behavior.

   Disciplinary action shall be taken as soon as possible.

(C)   The only two (2) bodies that can hear disciplinary cases and impose sanctions are:

7

(1) <u>The Disciplinary Hearing Officer (DHO)</u>. The DHO shall be appointed by the Unit Manager. The DHO shall hear and decide charges brought against unit inmates for alleged violations committed in the Low Misconduct Category. The decision of the DHO shall be appealable to the Prison Security Administrator who may affirm, reverse, or modify a decision, but shall not increase the sanction imposed. Copies of the decisions of the Prison Security Administrator shall be made available to the Director of Corrections for his information; and

(2) <u>The Disciplinary Hearing Board (DHB)</u>. The DHB shall be appointed by the Director of Corrections. The DHB shall operate under the same rules as the Adjustment Classification Committee. Membership shall not be less than three (3). The Board shall meet as often as necessary. The DHB is appointed to hear and decide charges brought against inmates in the High, Greatest and Moderate Misconduct Categories. The decisions of the DHB are appealed only to the Director of Corrections.

SECTION 3.4. <u>CATEGORIES OF PROHIBITED ACTS AND SCHEDULE OF SANCTIONS</u>

There are four (4) categories of prohibited acts: Greatest, High, Moderate and Low. Specific sanctions are authorized for each category. Imposition of a sanction requires that the

8

inmate is first found to have committed a prohibited act.

## SECTION 3.5.   PROHIBITED ACTS:  GREATEST MISCONDUCT CATEGORY

| CODE PROHIBITED ACTS | | SCHEDULE OF SANCTIONS |
|---|---|---|
| 100 | Killing. | A. Recommend parole retardation |
| 101 | Assault With Injury (including any sexual assault). | B. Referral to Adjustment Classification Committee (ACC) |
| 102 | Escape from escort; escape from any housing unit; or escape with violence. | C. Disciplinary Segregation (up to 365 days) |
| 103 | Setting a fire (charged with this act in this category only when found to pose a threat of serious bodily harm or in furtherance of a prohibited act of Greatest Misconduct, e.g., escape or riot. Otherwise, the charge is properly classified in Codes "200" or "300" Misconduct Series). | D. Make monetary restitution<br><br>E. Remove from program and/or group activity<br><br>F. Loss of privileges (can be in addition to A-E and cannot be the only sanction executed) |
| 104 | Possessing, manufacturing, or introducing a weapon such as a gun, knife, sharpened instrument, dangerous chemical, explosive, or any ammunition, or any instrument that would cause harm. | |
| 105 | Rioting. | |
| 106 | Encouraging others to riot. | |
| 107 | Taking hostage(s). | |
| 108 | Possessing, manufacturing, or introducing hazardous tools (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to departmental security or personal safety). | |

9.

109  Possessing, introducing,
     manufacturing, or using
     alcohol, drugs, or any
     controlled substance not
     prescribed for the individual
     by a medical doctor.

110  Refusing to submit to testing
     for alcohol, drugs, or any
     controlled substance.

111  Interfering with a staff member
     in the performance of duties
     (conduct must be of the greatest
     severity nature. This charge is
     to be used only when charge of
     greatest severity is not applicable).

112  Conduct which disrupts or interferes
     with the security or orderly
     running of the Department (conduct
     must be of the greatest severity
     nature. This charge is to be used
     only when another charge of greatest
     severity is not applicable).

113  Threatening another with serious
     bodily harm.

## SECTION 3.6.  PROHIBITED ACTS:  HIGH MISCONDUCT CATEGORY

| CODE | PROHIBITED ACTS | | SCHEDULE OF SANCTIONS |
|------|-----------------|---|------------------------|
| 200 | Failing to return to the Institution as scheduled in the plan/agreement. This includes leaving a designated area or hiding from supervision or custody. | A. | Recommend   parole retardation |
| | | B. | Referral to Adjustment Classification Committee (ACC) |
| 201 | Fighting with another person. | C. | Disciplinary segregation (up to 180 days) |
| 202 | Threatening harm against a person or property. | | |
| | | D. | Make monetary restitution |
| 203 | Extortion, blackmail, protection (that is, demanding or receiving anything of value in return for protection against bodily harm, or exposure, or under threat of informing). | E. | Remove from program and/or group activity |
| | | F. | Loss of privileges |
| | | G. | Loss of job |

10

204   Engaging in sexual acts.

H.   Impound inmate property

205   Making sexual proposals or threats to another.

I.   Confiscate property and any items used in a commission of a violation

206   Wearing a disguise or a mask.

J.   Restrict to quarters

207   Possessing any unauthorized **locking device, or lock pick,** or tampering with or blocking any lock device (includes keys), or destroying, altering, interfering with, improperly using, or damaging any security device, mechanism, or procedure.

208   Contaminating any food or drink.

209   Possessing any officer or staff clothing.

210   Engaging in, or encouraging a group demonstration.

211   Encouraging others to refuse to work, or to participate in a work stoppage.

212   Insolence towards a staff member.

213   Giving or offering an official or staff member a bribe, or anything of value.

214   Giving money to, or receiving money from, any person for **purposes of introducing** contraband or for any other illegal or prohibited purposes.

215   Destroying, altering, or damaging government property, or the property of another person, having a value in excess of $100.00, or destroying, altering or damaging life-safety devices (e.g., fire alarm) regardless of financial value.

11.

216 Stealing (Theft. This includes
    data obtained through the unauthorized
    use of a communications facility, or
    through the unauthorized access to
    disks, tapes, or computer equipment
    on which data is stored).

217 Demonstrating, practicing,
    or using martial arts, boxing
    (except for use of punching bag),
    wrestling, or other forms of
    physical encounter.

218 Being in an unauthorized area.

219 Introducing, manufacturing, or
    possessing drug paraphernalia.

220 Assault Without Injury.

221 Interfering with a staff member
    in the performance of duties (Conduct
    must be of high severity nature.
    This charge is to be used only when
    another charge of high severity is not
    applicable).

222 Conduct which disrupts or
    interferes with the security or
    orderly running of the Department
    (Conduct must be of the high severity nature.
    This charge is to be used only when
    another charge of high severity is
    not applicable).

223 Tattooing or self-mutilation.

## SECTION 3.7. PROHIBITED ACTS: MODERATE MISCONDUCT CATEGORY

| CODE | PROHIBITED ACTS | SCHEDULE OF SANCTIONS |
|------|-----------------|------------------------|
| 300 | Indecent Exposure. | A. Recommend parole retardation |
| 301 | Misusing authorized medication. | B. Referral to Adjustment Classification Committee (ACC) |
| 302 | Possessing money or currency, unless specifically authorized, or in excess of the amount authorized. | C. Disciplinary segregation (up to 60 days) |

12

303  Transferring of items between
     inmates without authorization
     from a designated staff
     member as evidenced by a
     written receipt.

D.  Make monetary restitution

E.  Remove from program and/or
    group activity

304  Possessing unauthorized
     items for retention or
     receipt by the inmate, and
     not issued the inmate
     through regular channels.

F.  Loss of privileges

G   Loss of job

305  Refusing to work or
     refusing to accept to a
     program assignment.

H.  Impound inmate property

I.  Confiscate property and
    any items used in the
    commission of a violation

306  Refusing to obey an order
     of any staff member (may
     be categorized and charged
     in terms of greater severity
     according to the nature of
     the order being disobeyed,
     e.g., Failure to obey an
     order which furthers a riot
     would be charged as "105",
     Rioting.  Refusing to obey
     an order which furthers a
     fight would be charged as
     "201", Fighting.  Refusing
     to submit to a drug and
     alcohol test would be
     charged as Code "110").

J.  Restrict to quarters

K.  Extra duty

307  Violating a condition of an
     extension of confinement.

308  Violating a condition of a
     community-type program.

309  Unexcused absence from
     work or any assignment.

310  Failing to perform work as
     instructed by a supervisor.

311  Providing a statement to a
     staff member that is known
     to be false.

312  Counterfeiting, forging, or
     unauthorized reproduction of
     any document, article of
     identification, money, security,

or official paper (may be
categorized in terms of greater
severity according to the nature
of terms of greater severity
according to the nature of the
item being reproduced, e.g.,
counterfeiting release papers
to effect escape, Code "102"
or Code "200").

313   Participating in an unauthorized
     meeting or gathering.

314   Being in an unauthorized area.

315   Failing to follow safety or
     sanitation regulations.

316   Using any equipment or machinery
     contrary to instructions or
     posted safety standards.

317   Failing to stand count.

318   Interfering with the taking of
     count.

319   Gambling.

320   Preparing or conducting a
     gambling pool.

321   Possessing gambling
     paraphernalia for the purpose
     of gambling.

322   Unauthorized contacts with the
     public.

323   Giving money or anything of
     value to, or accepting money
     or anything of value from
     another inmate or from any
     other person without proper
     authorization.

324   Destroying, altering, or
     damaging government property
     or the property of another
     person having a value of
     $100.00 or less.

325 Possessing, manufacturing, or
    introducing unauthorized
    property.

326 Interfering with a staff member
    in the performance of duties
    (conduct must be of the moderate
    severity nature. This charge is
    to be used only when another
    charge of moderate severity is
    not applicable).

327 Propelling any substances/
    objects towards any person.

328 Conduct which disrupts or
    interferes with the
    security or orderly
    running of the Department
    (conduct must be of the
    moderate severity nature.
    This charge is to be used
    only when another charge of
    moderate severity is not
    applicable).

329 Using abusive or obscene
    language or gestures to a
    staff member.

SECTION 3.8. **PROHIBITED ACTS: LOW MISCONDUCT CATEGORY.**

| CODE | PROHIBITED ACTS | SCHEDULE OF SANCTIONS |
|------|-----------------|------------------------|

400 Malingering or feigning       D.  Make monetary restitution
    illness.

401 Smoking where prohibited.      E.  Remove from program and/or
                                        group activity

402 Using abusive or obscene
    language or gestures.          F.  Loss of privileges

403 Unauthorized use of mail
    or telephone (restriction      G.  Loss of job
    or loss for a specified
    period of time of these        H.  Impound inmate property
    privileges may often be
    an appropriate sanction.       I.  Confiscate property and
    Acts may be categorized            any items used in the
    and charged in terms of            commission of a violation
    greater severity according
    to the nature of the           J.  Restrict to quarters

15

unauthorized use, e.g.,
the telephone being used
for planning, facilitating,
committing an armed
assault on the Institution's
secured perimeter would be
a higher misconduct
category).

K. Extra duty

L. Reprimand

404 Conduct with a visitor in
violation of prison
regulations (restriction
or loss of these privileges
for a specific period of
time may often be an
appropriate sanction).

405 Conducting a business.

406 Unauthorized physical
contact (e.g., kissing or
embracing).

407 Interfering with a staff
member in the performance
of duties (conduct must be
of the low severity nature.
This charge is to be used
only when another charge of
low severity is not
applicable).

408 Conduct which disrupts or
interferes with the security
of orderly running of the
Department (conduct must be of
the low severity nature.
This charge is to be used
only when another charge of
low severity is not
applicable).

409 Roughhousing or horseplaying.

410 Failing to perform work as
instructed or failure to
attend work, school or other
assignment.

411 Being unsanitary or untidy;
failing to keep one's person
and one's quarters in
accordance with posted
standards.

16

SECTION 3.9.   PROHIBITED ACTS:   OUTSIDE ASSIGNMENTS OR PROGRAMS

The following prohibited acts apply to inmates assigned to Work Release, Education Release (WREC), Extension of Limits of Confinement (ELOC), Prisoner Public Works Program (PPWP), or any assignment/work detail occurring away from the Department. The following prohibited acts may be charged if offenses are not already contained in the Greatest, Highest, and Moderate Misconduct Categories.

| CODE | PROHIBITED ACTS |
|------|-----------------|
| 114 | Failure to report to a program assignment in the community as specified and agreed upon in the plan/agreement. |
| 115 | Failure to remain in the particular area designated in the plan/agreement. |
| 224 | Failure to comply with transportation and route designations and other instructions outside the Department. |
| 225 | Operation of a motor vehicle without the authorization of the Director of Corrections. |
| 226 | Consumption of alcoholic beverages, controlled substances or intoxicants. |
| 227 | Any violation or attempt to violate rules or conditions of the plan/agreement. |
| 330 | Performing work for private persons not authorized by the Director of Corrections. |
| 331 | Conspiring or attempting to commit a plan/agreement violation. |

SECTION 3.10.   AIDING, ATTEMPTING OR CONSPIRING IN THE COMMISSION OF AN OFFENSE

In all categories of severity, aiding another person to commit

17

any offense, attempting to commit any offense, and making plans to commit any offense, shall be considered the same as a commission of the offense itself. Each offense has an Offense Code assigned. When the letter "A" appears after the Code, it means that there has been an attempt at committing the designated offense.

## SECTION 3.11. SANCTIONS FOR REPETITION OF PROHIBITED ACTS WITHIN THE SAME CATEGORY

When the appropriate body finds that there has been a repetition of the same offense(s), the hearing body may impose additional sanctions according to the following schedule. An informal resolution shall not be considered as a prior offense for purposes of this section. Time periods are measured from and to the imposition of sanctions, excluding appeal time.

| CATEGORY | PRIOR OFFENSE WITHIN TIME PERIOD | FREQUENCY OF REPORTED OFFENSE | SANCTION PERMITTED |
|---|---|---|---|
| Low (400 series) | 365 Days | 2nd Offense | Any sanction in Low (400) Series, plus confinement to cell up to 10 days |
| | | 3rd Offense | Any sanction in Moderate (300) Series |
| Moderate (300 series) | 365 Days | 2nd Offense | Moderate Sanctions A-K, plus Disciplinary Segregation up to 30 days |
| | | 3rd Offense | Any sanction in High (200) Series |

18

| High<br>(200 series) | 365 Days | 2nd Offense | High Sanctions A-J,<br>plus Disciplinary<br>Segregation up to<br>60 days |
| | | 3rd Offense | Any sanction in<br>Greatest (100)<br>series |
| Greatest<br>(100 series) | 365 Days | 2nd Offense | Any sanction in<br>the Greatest (100)<br>series, plus<br>Disciplinary<br>Segregation up to<br>90 days |

## SECTION 3.12. DISCIPLINARY ACTIONS DEFINED

(A) Recommend Parole Retardation. Recommendations against parole may be submitted to the Territorial Parole Board.

(B) Referral to Adjustment Classification Committee. This Committee shall review recommendations for possible demotion in classification as a result of disciplinary action.

(C) Disciplinary Segregation (as a result of Disciplinary Action).

(1) Sanctions that Include a Greatest Misconduct Category. When any offense(s) committed during the same "episode" is of the Greatest, High, or Moderate Misconduct Category, periods of confinement for all those offenses shall be consecutive; and

(2) Sanctions that do not Include Greatest Misconduct Category. When any offense(s) committed during the same "episode" is of the High or Moderate Misconduct Category, periods of confinement for all those

19

time.  Normally, loss of a privilege is the appropriate sanction for abuse of that privilege, e.g., loss of telephone privilege for a specified period of time for an abuse of the telephone privilege.  Loss of other privilege may be imposed even if not related to privilege abused.

(G)  <u>Loss of Job</u>.  The inmate may be removed from present job assignment, or reassigned to another job.

(H)  <u>Impound Inmate's Personal Property</u>.  The inmate's property may be stored in the property room for a specific period of time.

(I)  <u>Confiscate Property</u>.  The inmate's property may be confiscated and disposed of appropriately.

(J)  <u>Restrict to Quarters</u>.  The inmate may be confined to his cell for a specific period of time <u>NOT TO EXCEED FORTY-EIGHT (48) HOURS</u>.

(K)  <u>Extra Duty</u>.  The inmate may be directed to perform tasks in addition to those performed during regularly assigned departmental work assignments/levies.

(L)  <u>Reprimand</u>.  The inmate may receive a verbal or written reprimand.

SECTION 3.13.  <u>SUSPENSION OF SANCTIONS</u>

Suspension of sanctions shall not exceed six (6) months. Suspended sanctions shall not be executed unless the inmate commits a subsequent offense.  Suspended sanctions may only be executed by the body that imposed them.

21

## SECTION 3.14.  INCIDENT REPORT.

Where rule violations require the filing of an incident
report, the report should include, but not limited to the
following:

(a)  Specific rule violated;

(b)  Statement of the facts;

(c)  Any unusual inmate behavior;

(d)  Any staff or inmate witnesses;

(e)  Disposition of any physical evidence;

(f)  Any immediate action taken, including the use of force;

(g)  Schedule of Sanctions; and

(h)  Reporting staff member's signature and date and the time
     report is made.

## SECTION 3.15.  RECEIPT OF CHARGES AGAINST INMATE

When an incident report is filed by the staff witnessing an
incident, the inmate shall acknowledge receipt of the
charge(s) against him within twenty-four (24) hours, unless
circumstances prevent this, such as an extended investigation,
escape, Guam Police referral, etc. Such circumstances shall
be documented.

## SECTION 3.16.  INVESTIGATION

An investigation shall be initiated by the supervisor of the
employee who reported the incident after the inmate receives
a copy of the charges. The supervisor will make a decision
within seventy-two (72) hours whether to refer the incident to
the DHO or the DHB for disposition. IF THE DECISION IS NOT TO

22

SECTION 3.17.  PRE-HEARING DETENTION

Pre-hearing Detention is the confinement of an inmate in an individual cell until an investigation is completed or a hearing is held.  To the extent possible, such detention should not be punitive and should only be used when necessary to ensure the safety of the inmate or the security of the Department.  Documentation should be provided as to the reason for detention.  No inmate should be placed in pre-hearing detention longer than one hundred twenty (120) hours unless a continuance is approved by the DHO or the DHB.

SECTION 3.18.  COMMISSION OF ACTS COVERED BY STATUTORY LAW

Where an inmate allegedly commits an act covered by statutory law, the case shall be referred for possible criminal prosecution to the appropriate law enforcement officials by the Prison Security Administrator.

SECTION 3.19.  NOTIFICATION OF DISCIPLINARY HEARING

The inmate shall be notified in writing of the date and time of the initial disciplinary hearing, with notice given not less than twenty-four (24) hours in advance.

SECTION 3.20.  CONTINUANCES

The inmate, staff representative, or presenting staff may be allowed a continuance to prepare for the presentation, when approved by the DHO or DHB.  Continuances must not exceed seven (7) business days.

23

## SECTION 3.21.   PRESENCE AT HEARING

The inmate has a right to be present at hearings, except during the deliberations.   When the inmate's presence threatens security, the inmate will be excluded and the reason(s) for the exclusion must be documented.

## SECTION 3.22.   WAIVER OF RIGHT TO BE PRESENT AT HEARING

If the inmate waives the right to be present at hearings, it must be in writing signed by the inmate.   If the inmate refuses to sign the waiver, a document shall be prepared and signed by staff, witnessed by a second staff member indicating the inmate's refusal to appear at the hearing.

## SECTION 3.23.   INMATE REPRESENTATION AT HEARING

The inmate may request staff representation at the disciplinary hearing. The staff representative may not be the reporting employee, investigating employee, the DHO, or a member of the DHB.   The inmate shall not have an attorney present at the hearing.

## SECTION 3.24.   PRESENTING STAFF

Presenting staff shall be appointed by the Prison Security Administrator.   The presenting staff shall:

(a)   Review incident reports;

(b)   Compile charges; and

(c)   Present case before disciplinary body.

## SECTION 3.25.   REQUEST FOR WITNESSES

The inmate or his representative may request witnesses from inside or outside the Department when their presence at the

24

hearing would not pose a serious threat to the security of the witness or the Department. Written statements under penalty of perjury, or official reports and documents, may be used in lieu of personal testimony. The DHO or DHB will notify the requested witnesses. However, the DHO or DHB may deny permission to call witnesses whose testimony is accumulative or irrelevant. The reason for failure to call a witness in person must be documented.

SECTION 3.26.  RIGHT TO MAKE STATEMENT AND PRESENT EVIDENCE

The inmate has the right to make a statement and present evidence in his own behalf. The inmate has the right to remain silent. However, the inmate's silence may be used to draw an adverse inference against him/her.

SECTION 3.27.  CONDUCT OF HEARING

The DHO or DHB shall review all evidence and determine on the greater weight of the evidence whether the inmate committed the prohibited acts charged in the Incident Report and/or similar acts reflected in the Incident Report. If the DHO or DHB determines that departmental rules have been violated, it shall determine what sanction(s), if any, shall be taken. The DHO or DHB shall prepare a written decision and the decision shall include the specific facts the DHO or DHB "relied upon" and not mere references to the report that contained those facts. A verbatim record is not required. When the facts "relied upon" would jeopardize departmental security, the DHO or DHB shall prepare a confidential summary for the reviewing

25

authority.

SECTION 3.28. <u>NOTICE OF DISCIPLINARY DECISION</u>

A copy of the disciplinary decision must be given to the inmate within twenty-four (24) hours upon conclusion of the hearing. Other copies are kept in the inmate's record and the Hearing Committee records. The evidence supporting the findings may not be given to the inmate if it would jeopardize departmental security.

SECTION 3.29. <u>REVIEW WHILE IN DISCIPLINARY SEGREGATION</u>

Inmates confined in Disciplinary Segregation shall be interviewed concerning their mental and physical health within thirty (30) days of confinement, and every thirty (30) days thereafter until released from Disciplinary Segregation.

SECTION 3.30. <u>APPEALS</u>

(A) Appeals on decisions and actions taken by the DHO shall be made to the Prison Security Administrator through Administrative Remedy Request procedures. The following considerations shall be made:

(1) Whether the DHO substantially complied with the rules and regulations on inmate discipline;

(2) Whether the DHO based its decision on the preponderance of the evidence; and

(3) Whether an appropriate sanction was imposed.

Copies of all decisions of the Prison Security Administrator shall be made available to the Director of Corrections for his information.

26

(B) Appeals on decisions and actions taken by the DHB shall be made to the Director of Corrections through Administrative Remedy Request procedures. The following considerations shall be made:

    (1) Whether the DHB substantially complied with the rules and regulations on inmate discipline;

    (2) Whether the DHB based its decision on the preponderance of the evidence; and

    (3) Whether an appropriate sanction was imposed.

(C) The inmate's appeal should be written in three (3) sections:

    (1) Statement of Facts;

    (2) Grounds for Relief; and

    (3) Relief Requested.

(D) Decisions by the Director and the Prison Security Administrator on appeals are final.

SECTION 3.31.   NOT APPEALABLE

The inmate and/or staff representative will be allowed to review the disciplinary hearing documents for purpose of the appeal. The following are not appealable:

(a) A plea of guilty; and

(b) A plea or sanction which is negotiated.

SECTION 3.32.   TIME FOR APPEALS

(A) Upon receipt of the notice of decision by the DHO or the DHB, the inmate may appeal the decision to the Prison

27

Security Administrator or the Director of Corrections.
Appeals must be filed no later than fifteen (15) calendar
days after the receipt of action in written form.

(B) Appeals of disciplinary hearings must be answered within
fifteen (15) business days of receipt.

# CHAPTER 16
# ADMINISTRATIVE REMEDY OF COMPLAINTS

SECTION 16.1.   GENERAL PROVISIONS

(A) Most complaints can be resolved quickly and efficiently
through direct contact with the staff members who are
responsible in the particular area of the problem. This
is the preferred course of action. Staff member
awareness of the importance of prompt attention and
response to these routine requests will minimize the use
of formal complaint procedures.

(B) A viable complaint procedure will serve the inmates, the
staff members, and the courts. It will provide the
inmate with a systematic procedure whereby issues raised
relating to confinement will receive attention and a
written response within a short period of time from the
appropriate authority, if appealed.

(C) Such a procedure assists the administration by providing
an additional vehicle for internal solution of problems
at the level having most direct contact with the inmate.
It also provides a means for continuous review of
administrative decisions and policies. Further, it
provides a written record in the event of subsequent
judicial or administrative review. A viable
administrative remedy procedure should reduce the volume
of suits filed in court and should develop a record of
facts which will enable the courts to make more speedy

90



dispositions.

SECTION 16.2. <u>GRIEVANCE COMPLAINT FORM</u>

(A)  If an inmate cannot resolve a complaint through the informal contact with staff members, and wishes to file a formal complaint for administrative remedy, the inmate should secure a copy of the Grievance Complaint Form and write the complaint in the space provided. The inmate may secure assistance from staff members or other inmates to complete the form. The inmate should then give the completed form to a staff member designated by the Director, retaining a copy for the inmate's own record.

(B)  The complaint must be filed with the Department within fourteen (14) calendar days from the date on which the basis of the complaint occurred.   Department staff members have up to seven (7) days from receipt of the complaint, excluding weekends and holidays, to act upon the matter and provide a written response to the inmate. When the complaint is of an emergency nature and threatens the inmate's immediate health or welfare, a reply must be made as soon as possible, normally within twenty-four (24) hours from the receipt of the complaint.

(C)  When the proper course of action is determined, the response should be completed and signed by the staff member designated by the Director for the given sequential step. The original shall be placed in the inmate's jacket, one (1) copy should go to the inmate,

91

and one (1) copy should go to the applicable facility administrator. Responses should be based upon facts which pertain specifically to the issue and should deal only with the issue raised, and should not include extraneous material.

(D) The complaint and grievance procedure shall follow in sequential steps as follows:

    (1) STEP 1: Inmate to middle management/section supervisor, parole officer or assigned caseworker.

    (2) STEP 2: Inmate to Prison Security Administrator.

## SECTION 16.3. REFERRAL OUTSIDE THE DIVISION

In the event that a complaint or grievance is not resolved at the section/division level, it shall be referred to the Director for action if so initiated by the inmate. The decision of the Director shall be final.

## SECTION 16.4. REFERRAL TO AGENCIES OR OFFICIALS OTHER THAN DEPARTMENTAL

An inmate should first exhaust the administrative channels in this Chapter in the quest of a resolution of the complaint or grievance before referring it to the Suruhanu or other authorized officials. Inmates are advised that courts frequently require evidence that administrative remedies have been exhausted before granting relief through such means as habeas corpus.

92

# B

# DISCIPLINARY HEARING BOARD (DHB)
## Department of Corrections

## PROCEDURAL DUE PROCESS

INMATE: _____     DHB CASE NO:_____

## RIGHTS OF AN INMATE DURING A DISCIPLINARY HEARING

**HEARING BY AN IMPARTIAL BOARD:**
You have the right to present your case before an impartial board. Should you have any objections to any board member(s) hearing your case, you may enter your objection for the record. Disqualification(s) of any board member is at the discretion of the Disciplinary Hearing Board (DHB).

**NOTIFICATION:**
You have the right to written notification of the date, time and alleged charges to be bought against you at the disciplinary hearing. This notice must be provided to you not less than 24 hours in advance.

**PRESENCE AT THE HEARING and/or WAIVER OF RIGHT TO BE PRESENT AT THE HEARING:**
You have the right to be present at hearings, except during deliberations. Should your presence pose a threat to security, you will be excluded; reasons for the exclusion shall be documented.

Should you desire to waive this right, you must state your decision in writing. If you wish to waive this right, but refuse to document your waiver, two (02) staff members will indicate your refusal in writing and submit such to the Disciplinary Hearing Board (DHB).

**ADMINISTRATIVE HEARING:**
You understand that this is an administrative hearing and formal rules of evidence do not apply.

**COUNSEL SUBSTITUTE:**
You may request to have a "counsel substitute" represent you at your hearing. This substitute may be a staff member, as long as he/she is not directly involved in your present case. You are not allowed to have any attorney present at this hearing.

**PRESENTATION OF EVIDENCE and/or ORAL STATEMENTS:**
You have the right to make a statement and present evidence in your behalf. You also have the right to remain silent, should you so desire. However, your silence may be used to draw an adverse inference against you.

Only that evidence/testimony which is presented at this hearing shall be considered by the Disciplinary Hearing Board(DHB) in rendering their decision(s) in this case.

**WITNESSES:**
You may request to have witnesses from inside or outside the department when their presence does not pose a serious threat to the security of that witness or the department. Permission to call witnesses may be denied by the Disciplinary Hearing Board (DHB) if their testimony is cumulative or irrelevant. Denials made by the Disciplinary Hearing Board (DHB) shall be documented.

In lieu of personal testimony (should your witness be unable to appear), written statements made under penalty of perjury may be submitted to the Disciplinary Hearing Board (DHB).

Your witnesses will be notified by the DHB to appear before the Disciplinary Hearing Board (DHB).

**CROSS-EXAMINATION OF WITNESSES:**
You do not have the right to cross-examine any witness appearing before the Disciplinary Hearing Board (DHB) in your case.

**NOTICE OF DHB'S DECISION:**
Subsequent to deliberations by the Disciplinary Hearing Board (DHB), a copy of their conclusion/order shall be given to you within 24 hours after researching said decision. Should departmental safety be jeopardized, evidence supporting their findings may NOT be given to you.

**APPEALS's:**
After receiving notice of the DHB's decision, you have fifteen (15) calendar days to file an appeal to the Director of Corrections. Your appeal may be based on:

1.     The Disciplinary Hearing Board (DHB) did not comply with rules/regulations;
2.     The DHB's decision was not based on a preponderance of evidence presented;
3.     The Disciplinary Hearing Board (DHB) imposed inappropriate sanctions.

The Director of Corrections must answer your appeal within fifteen (15) business days (excluding weekends and holidays)of receipt.

**ACKNOWLEDGMENT OF ADVISEMENT:**
I have read/or was made aware of the above information regarding my procedural rights. I understand what my rights are, and attest to my understanding thereof by affixing my signature below.

Inmate's Signature:_____     Date:_____     Time: _____

WITNESSED:

Print Name/Title: _____     Signature: _____

Print Name/Title: _____     Signature: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
# CERTIFICATE OF SERVICE

I, **MICHAEL JR. G. LAGUANA**, Pro Se Plaintiff-Appellant, hereby certify that I have served a true and correct filed copy of:

# STATEMENT OF THE EVIDENCE

upon Defendants'-Appellees' Counsel *James T. Mitchell* and addressed same to:

> **James T. Mitchell, Counsel for the Defendants-Appellees,**
> **Office of the Attorney General**
> **Civil Division**
> Guam Judicial Center, Suite 2-200E
> 120 West O'Brien Drive
> Hagåtña, Guam 96910   USA
> **(671) 475-3324        (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants-Appellees at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this **23ᴿᴰ** day of _____ JUNE _____, 2005.

I declare under Penalty of Perjury that the foregoing is true and correct.

**DATED** this **23ᴿᴰ**, day of _____ JUNE _____, 2005.

By: _____
Michael Jr. G. Laguana, *Pro Se*,
Plaintiff-Appellant
**Of**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**