
Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail.com

**Attorneys for the Government of Guam**

FILED
DISTRICT COURT OF GUAM
JUN 29 2005
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK ISHIZAKI, Director, Francisco B. Crisostomo, Warden, Alan San Nicolas, Corporal, Raymond Quichocho, Correctional Officer, Vincent Bamba, Correction Officer, Ed Perez, Correction Officer, at the Department of Corrections, in their official capacities, <br><br> Defendants. | Civil Action Case No.03-00040 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT |

## BACKGROUND

On November 24, 2003 the plaintiff filed a complaint against defendants Ishizaki, Crisostomo, San Nicolas, Quichocho, Bamba and Perez in their respective individual and official capacities. On January 21, 2004, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Plaintiff filed an opposition on March 9, 2004. The Magistrate judge issued his report and recommendation to the Court on September 21, 2004
Page 1
*Memorandum of Points and Authorities in Support of*
  *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

and each party filed objections. On May 10, 2005, this Court issued its order which granted Defendants' motion in part and denied it in part.

In its May 10, 2005 order, this Court ordered Plaintiff to amend his "prayer for relief" to distinguish each request individually and granted Plaintiff 30 days to file and serve his complaint. The Court stated: "Absent an amendment conforming with this Court's order, ALL causes of action as to Defendants Crisostomo, Perez, Bamba, San Nicolas, Quichocho and Ishizaki will be dismissed." Order at 14.

More than 30 days after this Court's order, Plaintiff filed an amended complaint on June 15, 2005 and served counsel for defendants on June 21, 2005.

The amended complaint contains only three causes of action against defendants Ishizaki, Crisostomo and San Nicolas, respectively. The amended complaint does not state a cause of action against those defendants. Therefore, Defendants now move the Court to dismiss this action for Plaintiff's failure to timely file an amended complaint and pursuant to FRCP 12(b)(6) for Plaintiff's failure to state a cause of action.

## PLAINTIFF FAILED TO TIMELY FILE HIS AMENDED COMPLAINT

In its May 10, 2005 Order, this Court ordered Plaintiff to file an amended complaint within 30 days or else his complaint would be dismissed with prejudice. Plaintiff failed to comply with the Court's Order. He filed his amended complaint more than 30 days after the Court's Order. Therefore, this complaint should be dismissed with prejudice.

## FIRST CAUSE OF ACTION

Plaintiff's first cause of action pertains to defendant Ishizaki. In this first cause of action, Plaintiff first gives his interpretation of the Equal Protection Clause. He does not
Page 2
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 2 of 15

actually allege that defendant Ishizaki violated his rights under the Equal Protection Clause. Rather, Plaintiff states that he relied on Executive Order 94-19; facts asserted in Complaint paragraphs 29 and 31; and that other directors had settled with inmates whose DHB appeals were not answered within 15 business days. Plaintiff then alleges that the facts stated in Complaint paragraph 27 constitutes "a discriminatory intent to deprive Plaintiff of his rights under color of law and arguably amounts to a denial of equal protection, because the Plaintiff was not exonerated of his punishment...."

Paragraph 27 alleges that defendant "Ishizaki failed to afford Plaintiff the full and final panoply of due process procedural protection which he was entitled to as a mater of law, when he failed adequately to answer and serve Plaintiff's DHB within 15 business days...." Paragraphs 29 and 31 do not mention defendant Ishizaki. Rather, they discuss actions of other Department of Corrections directors. Nevertheless, Plaintiff alleges "[a]s a result of Defendant Ishizaki's action of discriminatory intent stated in Paragraph No. 27, Plaintiff's Territorially-created rights mentioned in Paragraph Nos. 19 and 20 were taken away from him without the equal protection of the laws."

Even if taken as true, Plaintiff's allegations that defendant Ishizaki violated his Equal Protection rights do not state a claim. In its May 10, 2005 order this Court stated on page 9:

> In order to survive a motion for failure to state a claim with respect to Equal Protection violations plaintiff must amend his complaint to include facts which establish evidence of how he was treated differently than any other inmate, in addition to establishing some threshold of discriminatory intent on the part of each defendant.

Plaintiff has failed to state any facts as to how defendant Ishizaki treated him any differently from any other similarly situated inmates. Nor has he stated any facts that provide evidence of

Page 3
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 3 of 15

discriminatory intent. Plaintiff relies on Complaint paragraph 27 as discriminatory intent on the part of defendant Ishizaki. However, that paragraph does not go to discriminatory intent. It states: "Ishizaki failed to afford Plaintiff the full and final panoply of due process procedural protection which he was entitled to as a mater of law, when he failed adequately to answer and serve Plaintiff's DHB within 15 business days...." This statement is not evidence of discriminatory intent. Plaintiff has not alleged sufficient facts to state a claim for an Equal Protection violation against defendant Ishizaki.

While Plaintiff does not state any facts as to how defendant Ishizaki treated him any differently from any other similarly situated inmates, he does allege that other directors settled with inmates whose DHB appeals <u>were not answered</u> within 15 business days. The emphasized language is what distinguishes other cases from Plaintiff's case. Plaintiff's DHB appeal was answered within 15 business days. A true and correct copy of DHB2003-08-100 and a true and correct copy of the Director's DHB appeal Review are attached as part of Exhibit A. These documents show that the Director received Plaintiff's appeal on August 14, 2003 and reviewed the appeal on August 26, 2003. The Director conducted his review within fourteen (14) working days of the appeal. Plaintiff makes an issue out the fact that the appeal was not signed by defendant Ishizaki. The Appeal Review was actually signed by Robert Camacho, the then Deputy Director who was authorized pursuant to 9 GCA § 90.35(c). That section provides: "[t]he Director may delegate authority for the performance of any of his powers or duties to any officer or employee under his direction and supervision." In any event, Plaintiff has not stated an Equal Protection cause of action against defendant Ishizaki.

Page 4
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 4 of 15

The remainder of Plaintiff's first cause of action alleges that defendant Ishizaki violated his Due Process rights. In its May 10, 2005 order this Court dismissed Plaintiff's due process cause of action against defendant Ishizaki with prejudice. It appears that Plaintiff is trying to revive his due process claim against defendant Ishizaki with a claim that he is suffering from mental depression. An allegation of mental depression cannot revive the cause of action as depression is a normal incident of prison life. McFarland v. Cockrell, 2002 WL 31360395, *3 (N.D.Tex.) citing Martin v. Ayers, 2002 WL 1752243, *1 (9th Cir. Jul. 25, 2002) (unpublished opinion). More importantly, this Court dismissed the due process cause of action with prejudice. Therefore, the Court's dismissal of due process violation claims against defendant Ishizaki with prejudice must stand.

## SECOND CAUSE OF ACTION

Plaintiff's second cause of action pertains to defendant Crisostomo. Again, Plaintiff first gives his interpretation of the Equal Protection Clause; states his reliance on Executive Order 94-19; and his reliance on the facts stated in Complaint paragraphs 33 and 35. Plaintiff then states: "Defendant Crisostomo's action stated in Paragraph No. 36 constitutes a discriminatory intent to deprive Plaintiff his rights under color of law and arguably amounts to a denial of equal protection because Plaintiff was not given the same treatment and protection the Defendant Crisostomo has given other inmates similarly situated." A review of Complaint paragraph 36 reveals nothing that establishes any threshold of discriminatory intent on the part of defendant Crisostomo. The paragraph simply states that defendant Crisostomo "... reneged on his assurance for equal treatment and protection and transferred the Plaintiff back to the Halfway House." Moreover, the allegations in paragraphs 33, 35, and 36 do not amount to

Page 5
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 5 of 15

facts which establish evidence of how Plaintiff was treated differently than other inmates. Complaint paragraph 33 states that defendant Crisostomo protects inmates who have conflicts with each other and who have conflicts with an officer. Crisostomo provides the protection "... by separating them and placing them (according to the severity) in separate housing facilities ...." This language indicates that Crisostomo makes housing decisions through an evaluative process and that not all housing decisions are the same.

Plaintiff has not alleged that the factors underlying his transfer were the same as the underlying factors of other inmates who were transferred. Rather, in Complaint paragraph 35, Plaintiff alleges "Defendant Crisostomo assured the Plaintiff that he will remain at the Minimum-In facility for his safety; an action of safety concern which Defendant Crisostomo has done for other inmates similarly situated." The allegations in paragraphs 33, 35, and 36 do not amount to facts which establish evidence of how Plaintiff was treated differently than other inmates. Nor do they establish "some threshold of discriminatory intent on the part of ..." Crisostomo as required by this Court's May 10, 2005 order. Therefore, the Equal Protection cause of action against defendant Crisostomo must be dismissed with prejudice.

Beginning with Complaint paragraph 60, Plaintiff makes many allegations that defendant Crisostomo violated many of his state created rights. Paragraph 60 mischaracterizes Guam Executive Order 94-19 as a clearly established constitutional right, when, in fact, it is a state created right. Referring to paragraphs 58 thru 60, Plaintiff goes on to allege that defendant Crisostomo's actions have deprived him of numerous state created rights. He prefaces his allegations in paragraphs 61 thru 67 with "Prior to Defendant Crisostomo's underlined violations collectively stated in Paragraph Nos. 58 thru 60," or variants thereof.

Page 6
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 6 of 15

A review of paragraphs 58 thru 60 reveals no specific act that Crisostomo took which violated any clearly established constitutional rights. Nor are there any facts showing that Crisostomo violated any of Plaintiff's state created rights. Without having alleged any facts showing that Crisostomo deprived or restrained a state created liberty interest in some unexpected manner; or that any of Crisostomo's acts imposed some atypical and significant hardship in relation to the ordinary incidents of prison life, Plaintiff has not stated a cause of action under 42 USC § 1983. <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995.)

For the foregoing reasons, Plaintiff's Second Cause of Action must be dismissed with prejudice.

### THIRD CAUSE OF ACTION

Plaintiff's third cause of action pertains to defendant San Nicolas. Again, Plaintiff first gives his interpretation of the Equal Protection Clause; states his reliance on Executive Order 94-19; and his reliance on the facts stated in Complaint paragraphs 37 thru 39 and 41 thru 43. Plaintiff then states: "Defendant San Nicolas' action stated in Paragraph Nos. 40 and 44 constitutes a discriminatory intent to deprive Plaintiff his rights under color of law and arguably amounts to a denial of equal protection, because Plaintiff was not given a fair chance to be impartially heard, and his rights mentioned above were hindered. As a result of Defendant San Nicolas' action of discriminatory intent, the Plaintiff's Territorially-created rights mentioned in Paragraph Nos. 19 and 20 were taken away from him without the equal protection of the laws."

Page 7
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 7 of 15

A review of paragraphs 37 thru 44 reveal insufficient facts to show that Plaintiff was treated differently from any other similarly situated inmates. Moreover, paragraphs 37 thru 44 do not establish some threshold of discriminatory intent on the part of defendant San Nicolas as required by this Court's May 10, 2005 order. Therefore, Plaintiff has not stated sufficient facts to state an Equal Protection cause of action against defendant San Nicolas.

In paragraph 70, Plaintiff shifts his emphasis to the Due Process violations and unfair and partial decision making in the disciplinary hearing process. The crux of Plaintiff's allegations is that defendant San Nicolas participated in every stage of the DHB case against him. Plaintiff fails to mention that he asked defendant San Nicolas to remove himself from the DHB hearing and that San Nicolas complied with his request. *See* Statement of Facts attached to original complaint at page 6. In fact, San Nicolas did not participate in every stage of the DHB case against Plaintiff.

Plaintiff's allegations, if taken as true do not indicate that defendant San Nicolas deprived or restrained a state-created liberty interest in some unexpected manner as required under <u>Sandin</u>, *supra*. Nor do the allegations indicate that any of San Nicolas' actions imposed some atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>Id</u>. To be disciplined for damaging prison property is not an unexpected result; nor is it an atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, under <u>Sandin</u>, Plaintiff has not stated a claim against defendant San Nicolas.

For the foregoing reasons, Plaintiff's Third Cause of Action must be dismissed.

Page 8
*Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040   Document 64   Filed 06/29/2005   Page 8 of 15

## CONCLUSION

Plaintiff's first, second and third causes of action do not state facts sufficient to constitute a cause of action under 42 USC §1983. Therefore, his amended complaint must be dismissed with prejudice. Moreover, Plaintiff did not file his amended complaint within 30 days of the court's May 10, 2005 Order. The Court cautioned Plaintiff that if his amended complaint is not filed within 30 days of its Order, then all causes of actions would be dismissed.

Dated this 29th day of June, 2005.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General

_____
JAMES T. MITCHELL
Assistant Attorney General

Mitchell:\Laguana\Memo of P&A to Dismiss Amended Complaint\ba

Page 9
*Memorandum of Points and Authorities in Support of*
 *Motion to Dismiss Amended Complaint*
District Court of Guam Civil Case No. 03-00040

Case 1:03-cv-00040    Document 64    Filed 06/29/2005    Page 9 of 15



Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
OCT 08 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director, FRANCISCO B. CRISOSTOMO, Warden; ALAN SAN NICOLAS, Corporal; RAYMOND QUICHOCHO, Correctional Officer; VINCENT BAMBA, Correctional Officer; ED PEREZ, Correctional Officer, at the Department of Corrections, in their individual and official capacities,<br><br>Defendants. | Civil Case No. 03-00040<br><br>DECLARATION OF MARIE ROBERTO |

I, Marie Roberto declare as follows:

1. I am the records custodian for the Department of Corrections.

2. The attached Disciplinary Hearing Board Report # DHB2003-08-100 in the case of Inmate Michael G. Laguana is a true and correct copy of the original.

Page 1
*Declaration of Marie Roberto*
District Court Civil Case No. 03-00040

RECEIVED
DEPARTMENT OF CORRECTIONS
OCT 08 2004  9:50pm
Received by: mClimo
DIRECTOR'S OFFICE

EXHIBIT A

3. The attached DHB Appeal of DHB Hearing on August 8, 2003 in the case of Inmate Michael G. Laguana is a true and correct copy of the original.

I declare under penalty of perjury that the above declarations are true and correct to the best of my knowledge.

Dated this __6__ day of October, 2004.

*Marie C. Roberto*
MARIE ROBERTO

Mitchell:\Laguana Roberto Declaration



# DEPARTMENT OF CORRECTIONS
*Depattamenton Mangngurihi*
P.O. Box 3236
Hagatna, Guam 96932

**Felix P. Camacho**
*Governor*

**Kaleo S. Moylan**
*Lt. Governor*

**Frankie T. Ishizaki**
*Director*

**Robert D. Camacho**
*Acting Deputy Director*

**Francisco B. Crisostomo**
*Warden*

**Michael P. Quinata**
*Chief Parole Officer*

**Beverly A. Lotz**
*CCSD, Acting Administrator*

**Daniel A. Duenas**
*Forensic Administrator, MSW*

**Luis M. Paulino**
*Administrative Services Officer*

# DHB APPEALS

INMATE: Laguana, Michael
DATE DHB APPEAL RECEIVED: 8/14/03
DHB REVIEW DATE: 8/26/03
DATE OF INCIDENT: 8/5/03
DHB DATE: 8/8/03

After reviewing your issues regarding your DHB appeal, and in accordance with E.O. 94-19, Chapter 3, Section 3.30, the following decision is hereby submitted:

1. The DHB <u>substantially</u> complied with the rules and regulations on inmate discipline.

2. The DHB based its decision on the preponderance of the evidence; and

3. The appropriate sanction was imposed.

Furthermore, I find that there was no conflict of interest in regards to this case. Your issues were appropriately addressed during your hearing.

The decision of the DHB is therefore sustained.

FRANK T. ISHIZAKI
Director

Tel. No.: 475-6222 / 473-7026 / 7027
Fax. No.: 475-6298

| DISCIPLINARY HEARING BOARD  Department of Corrections  Mangilao, Guam  ORIGINAL  **REPORT** | MEMBERS PRESENT  [ ] A.S. San Nicolas, Chairperson  [X] A. P. Borja, 1st Vice Chairperson  [ ] J. U. Pangelinan, 2nd Vice-Chairperson  [X] Tommy King, Member  [ ] Catherine M. Cruz, Member  [ ] Lonnie Sanchez, Member  [X] Samuel D. Donato, Alternate  [ ] Leonora P. Cepeda, Alternate |
|---|---|

| INMATE (Last, First, Middle):  LAGUANA, Michael G. | TYPE OF HEARING:  [X] Preliminary  [ ] Continuance  [X] Final | CASE NO:  DHB2003-08-100 |
|---|---|---|
| DATE OF INCIDENT:  05 August 2003 | DHB HEARING DATE:  08 August 2003 | PRESENTING PERSONNEL:  Raymond I. Quichocho |

| OFFENSE CODE:  222 - Conduct which disrupts.  324- Damaging government property having a value of $100.00 or less. | SUMMARY OF CHARGE(S) as noted by the DHB Chairman:  at about 0550 hrs on 05 Aug '03, a bang came from B-Wing area and immediately thereafter inmate Michael Laguana followed by inmate Joseph Mafnas. CO I M. A. Reyes followed Laguana out to the patio area. Officer Quichocho questioned Mafnas and he responded "I don't know he just punched the door". Later in questioning Laguana he stated "He couldn't sleep because inmate Jose Siquenza snores loud and it becomes annoying". The door has a hole from the impact of the punch. |
|---|---|

**NOTICE OF CHARGE(S):**

A. Advanced written notice, which shall not be less than twenty-four hours to the DHB hearing), of the charge(s) (copy of incident report) was given to inmate on: 06 August 2003 at 1523hrs by CO I F.R. Camacho

B. The DHB was held on 08 August '03 beginning at 1023hrs and concluded at about 1122hrs on 08 August, 2003.

C. The inmate was advised of his/her rights [hearing to be heard by an impartial board, right to be present in the hearing except during deliberations, hearing is administrative, Report of Findings by DHB within 24 hours after case is concluded] before the DHB by Cpl A. P. Borja on 08 August 2003 and a copy of the advisement form is on file.

**STAFF REPRESENTATIVE [COUNSEL SUBSTITUTE]:**

A. [X] The inmate waived his right to Staff Representation (DOC employee).

B. [ ] The inmate requested Staff Representation and _____ came before the hearing.
Personnel

C. [ ] The requested Staff Representative declined or could not appear but inmate was informed of option to postpone the hearing to obtain another staff representative with the result that _____

**PRESENTATION OF EVIDENCE:**

A. [X] The inmate has been advised of his/her right to present statements or to remain silent to present document, including written statements of unavailable witnesses, and for relevant witnesses to appear in his behalf at this hearing.

B. [ ] The inmate ADMITS the charge(s). Cite Codes _____

C. [X] The inmate DENIES the charge(s). Cite Codes 222 and 324 (apb)

D. Summary/Highlights of the hearing: During the preliminary hearing the Defendant (Inm. M. Laguana) requested that the Chairman be removed for the record for his involvement in this case, all agreed therefore Chairperson Cpl. A.S. San Nicolas was excused from this hearing and at 1019hrs 1st Vice-Chairman Cpl A. P. Borja presided over the case, with no objections from Plaintiff/Defendant reading of due process continued. Upon completion of due process reading the Plaintiff (Ofcr. R. I. Quichocho) was asked if he any additions/deletions to his Incident Report, the plaintiff requested to change 215 to 324 and 328 to code 222 acknowledged by the Defendant; The defendant was asked if he had any reasons as to void this hearing based on due process violations and the defendant addressed *Issue #1* violation of disciplinary procedures Section IV of "Excerpts" procedures "A" "The witnessing employee shall fill a written incident report of the incident" pointing out G.O. 97-007 and E.O. 94-19 Chap. 3 Sec 3.15 echoing "witnessing employee shall initiate the report", further pointing out in Part II of the I.R. that in the investigating supervisors findings officer M. A. Reyes is identified as the witnessing staff and on the informational report submitted by CO Reyes that when he asked inmate Laguana the question as to what was wrong this made officer Reyes the witnessing officer to the incident. *Issue #2* - Cpl San Nicolas' involvement in the investigation is a conflict of interest, his involvement prior to being confined supposedly conducting questioning and counseling; Then the Cpl. being involved in the investigation and hearing the case, before being confined Cpl San Nicolas questioned and counsel him about an informational report not an incident report, after being counseled by Cpl San Nicolas he got him confined, how can he investigate a case known to him. The board when on recess to discuss issues presented by the defendant at 1034hrs. At 1045hrs, the board reconvene in the present of plaintiff/defendant and *DHB addressed Issue #1-* The plaintiff was asked their exact whereabouts at the time of the incident and he along with CO Reyes where at the unit control when they both heard a loud bang. With no one witnessing the defendant hitting the door. This could lead to either one of the officers initiating an incident report, being that the "Bang" initiated the incident, with the other submitting a supplemental report to the incident. So with this the board interpret the officers role as of a security matter, they both heard the noise, witnessing inmates Laguana followed by J. Mafnas exiting "B" wing, officer Quichocho questioned Mafnas and officer Reyes followed Laguana to the patio and questioned the inmate, with the inmate not revealing at that point that he punched

the door, but that he can't sleep because he snores. The defendant was asked by the board whether of the officer's witnessed him punching the door and he said "No". Issue #2 Cpl San Nicolas was not involved ctly nor a witness to the case, he as the Senior officer reviews report submitted by his subordinate and makes the necessary decision. His alleged counseling is not supported nor proven by the defendant. His role as investigating officer not directly involved in the case is justified he being the supervisor of the witnessing employee and as the investigating officer reviews reports submitted and conducts the investigation, and as presiding over this hearing, the Cpl was excused from this hearing for his role as the investigating officer and is no longer a part of this hearing. The defendant continued to lean on the issue that he was counseled and has no record of counseling, the board then asked the Plaintiff if he has supporting documents on what the defendant is addressing, and he said "No". With Issues #1 and #2 explained to the defendant that his grounds is unfounded the hearing preceded. After the Incident report and it's supplement was read the defendant was asked his plea to code 222 in which he entered a plea of "Not Guilty"; To code 324 he entered a plea of "Not Guilty". The defendant was asked if he would like to exercise his right for a continuance in this case to prepare his presentation or would he like to waive this right and go into the Final Hearing today. Inmate chose to go into the Final Hearing today. FINAL HEARING: to Code 222 the Plaintiff- reflected on his I.R. that a loud bang was heard and also that when the officer questioned Mafnas he responded "I don't know he just punched the door" and when he questioned Laguana he stated that he couldn't sleep because Jose Siguenza snores loud and it becomes annoying. The plaintiff added that inmate Laguana's disruptive actions awoken inmate J. Mafnas and by the expression on Mafnas' face he and officer Reyes took evasive actions and insured separation of the two to prevent possible confrontation. Defendant's Rebuttal: submitted Three questions to the chair to be asked to the plaintiff- #1 -Did he confine Laguana? Plaintiff "No"; #2- At time of incident did he submit an informational or incident report? Plaintiff "Informational"; #3- When senior officer Bamba report in for duty did you inform him about the alleged incident? Plaintiff "Yes, I advised him and requested further assistance as to what to do". The defendant questioned if he wasn't confined then his actions were disruptive. DHB- It is to your best interest that the officers reviewed all reports and seek advisement before they took action. The question that should be asked here is did you (defendant) or did you not hit the door? Defendant- "Yes I admit to hitting the door, but I plea not guilty because of Cpl San Nicolas' involvement in the case. DHB reminded the inmate that this matter of technicality involving Cpl San Nicolas was discussed earlier and a ruling made and to present other issues, and that at the time of incident if not for the tactfulness of staff to the incident and the composure of inmate Mafnas the situation might have gotten out of hand. To Code 324- the plaintiff reflected on the I.R. that the door has a hole from the impact of the punch and also relating to the Part II investigation- that when questioned by Cpl San Nicolas did he (Laguana)punched the door that caused the damage? Inmate Laguana said "Yes"; also submitted were two photos of an apparent hole on a door; Price quotes conducted by the plaintiff over the phone to several vendors and submitted to the board, whereas this typical door averaged amongst five (5)vendors approximately $33.00. Defendant's rebuttal: I'm just not gonna be heard, regardless what I say, It's not going to do anything. I'm not gonna rebuttal. No matter what I say is going to make a difference. I admitted to Cpl San Nicolas, he counseled me and asked me if I was going to pay for it and I said Yes, so he told me to get ready for detail. That is why I plead not guilty because the matter was resolved. Do I have documents to support that, no, I do not have access. I've been telling the truth since I came in here, I'm not trying to find a way out, I plead not guilty because action was taken already. I rather pay for the door and do other things then to suffer in that hole. Plaintiff's closing: on his conduct becoming more aggressive, his mood swings, moderate then escalating, I have three reports reflecting his conduct in the past and the board should look into his history, his actions are becoming more aggressive, as shown with the door, this could've escalated into a problem with other inmates. His conduct should be address being at this level of classification on how to properly portray himself, they should be role models to each other and to the public. Officer then presented three (3) reports all within this year, reflecting different occasions where inmate Laguana was informed/counseled of his behavior and attitude. With no other closing Plaintiff/Defendant were excused at 1122hrs. The board took a short recess and at 1135hrs reconvene at the ACF Library for deliberation on the same day of hearing and concluding at 1155hrs same day. (apb)

E. Witnesses requested by inmate/Presenting Personnel:
1. [X] The Inmate requested no witnesses.
2. [X] The Presenting Personnel requested no witnesses.
3. [] The following persons were called as witnesses at this hearing and appeared as requested by inmate:___
4. [] The following persons were called as witnesses at this hearing and appeared as requested by the presenting personnel:___
5. [] A summary of testimony of each witness is noted:___
6. [] The following persons requested were not called for the reasons given:___
7. [] Unavailable witnesses were requested to submit written statements and those statements received were considered. The witnesses and a summary of those statements were noted.
8. [] In addition to the Incident Report and Investigation, the DHB considered the following documents:___
   (A)informational report from Officer M. A. Reyes' account on the day of incident.
9. [] Confidential Information were considered and not provided the inmate. The Inmate was advised of the general content of the confidential information without jeopardizing the safety and security of the source.

**FINDINGS OF THE DHB:**
A. [] The case was continued.
B. [X] The act(s) was/were committed as charged. Cite Code(s) 222 and 324. (apb)
C. [] The following act(s) was/were dismissed. Cite Code(s)___
D. [] No prohibited act(s) was/were committed. Order expungement of record.

**SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS:**

222- At the time of incident, 0550hrs, his actions during a time of rest disrupted an inmate and possibly others, alerting the officers, also a review of officer's presentation to this code (see presentation of evidence "D").

324-Inmate Michael Laguana's admittance during presentation, and part II of investigation of committing the act of punching and damaging the door.

**SANCTIONS/ACTIONS TAKEN:**
Upon receipt of this decision inmate Michael Laguana be taken out of PHD and placed in Disciplinary Segregation for the following Code violations . . . Code 222 (30)days and 324 (20)days which is to run concurrent to the higher offense charged.

While in Disciplinary Segregation all privileges are suspended with the exception to calls from attorney on record, non-contact visitation and emergency calls (to be determined by Platoon Commander on duty).

*It is also recommended that upon release from segregation, That the adjustment and classification committee conduct a review for reclassification to a lower step level, Pursuant to Section IV (I) of G.O. 99-003.*

**REASON FOR SANCTIONS/ACTIONS TAKEN:**
Inmate Laguana is well versed with the policies, but seems to over look his responsibility in acting accordingly. It's ironic that inmate's main issue is of counseling, such as . . . counseling taking place and action taken. He does not seem to heed to previous reports by staff addressing his behavioral/attitude problems all within the year. He ought to be ashamed of himself, for not recognizing the efforts by staff in trying to work with him.

A paper trail has been created on inmates behavior, his demeanor does not seem to fit into the criteria of Minimum Out. A sanctuary reserve for those who conform with rules and regulations.

Inmate needs to take a good look at himself, his maturity and responsibility in handling his problems needs major tuning.

Sanctions taken is to deter future behavioral problems.

Board highly recommends that while in D-Seg a psychological evaluation be conducted and the inmate upon release from D-Seg revisit treatment programs . . . ie anger management and conflict resolution, Emotional control and Personality Modification.

**APPEAL RIGHTS**
[X] The inmate has been advised during the initial hearing of his/her right to appeal this action within 15 calendar days from receipt of the DHB REPORT to the Director of Corrections. Inmate is further advised that a plea of guilty to any or all code violation(s) is not appealable or whenever, a plea or sanctions is negotiated between inmate and DHB.

**CERTIFICATION OF DHB REPORT:**
DHB 1st Vice-Chairman A. P. Beña, Corporal   Date: 07 August 2003   Time: 1912hrs

**ACKNOWLEDGMENT OF DHB REPORT:**
A copy of this DHB Report has been given to the inmate.
Inmate's signature _____   Date: 08/05/03   Time: 2001

Original: DHB File
Copies: Inmate; Presenting Personnel, Director, Warden, ACC, CCSD, DATS