Civil Case No.: <u>CV-03-00040</u>

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF GUAM
### *TERRITORY OF GUAM*

**Michael Jr. G. Laguana,**
       **Plaintiff,**
       vs.
**Frank Ishizaki, Director;**
**Francisco B. Crisostomo, Warden;**
**Alan San Nicolas, Corporal; at the**
**Guam Department of Corrections; in their**
**individual and official capacities,**
       **Defendants.**

**FILED**
DISTRICT COURT OF GUAM

AUG 11 2005 ゅP

**MARY L.M. MORAN**
**CLERK OF COURT**

---

## OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS AMENDED COMPLAINT

---

# PLAINTIFF'S OPPOSITION BRIEF

**Michael Jr. G. Laguana,** *pro se.*
**Plaintiff-Appellant**
      **Of**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

*ORIGINAL*

# TABLE OF CONTENTS

**Title Heading**                                                    **Pages in Brief**

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii

TABLE OF STATUTES AND OTHER
AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, iv

STATEMENT OF THE CASE
&mdash;   **Nature of Case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

&mdash;   **Course of Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

ARGUMENT

&mdash;   **Plaintiff Timely Filed His Amended Complaint** . . . . . . . . . . . 4-6

&mdash;   **First Cause Of Action**
&bull;   Equal Protection Claim Against Defendant Ishizaki . . . . . . . . . . 6-9
&bull;   Documents Introduced Into Equal Protection
Claim Against Defendant Ishizaki . . . . . . . . . . . . . . . . . . . . . . 9-11

&mdash;   **Second Cause Of Action**
&bull;   Equal Protection Claim Against
Defendant Crisostomo . . . . . . . . . . . . . . . . . . . . . . . . 11-13

&mdash;   **Third Cause Of Action**
&bull;   Equal Protection Claim Against Defendant
San Nicolas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16
&bull;   Due Process Claim Against Defendant
San Nicolas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

# TABLE OF CASES

| Name and Citation of Case | Pages in Brief where cited |
|---|---|

*American Timber & Trading v. First Nat. Bank of OR.*,
690 F.2d 781 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 18

*Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*Conley v. Gibson*, 355 U.S. 41, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957) . . . . . . . . . . . . 8, 14, 18-19

*Diercks v. Durham*, 959 F.2d 710 (8th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Epstein v. Lane*, 189 Ill. App.3d, 544 N.E.2d 819 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Finney v. Arkansas Bd. of Corrections*, 505 F.2d 194, 208 (8th Cir. 1974) . . . . . . . . . . . . . . 17

*Gumataotao v. Director*, 236 F.3d 1077, 1086 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 10

*Harrah v. Leverette*, 271 S.E.2d 322 (W. Va. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Johnson v. Cullen*, 925 F.Supp. 244 (D. Del. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621 (9th Cir. 1988) . . . . . . . . . . . . . . . . 4

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409
(3rd Cir.) *cert. denied*, 501 U.S. 1222 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11-12, 14

*Morissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) . . . . . . . . . . . . . . 17

*Nycal Corp. v. Inoco PLC*, 949 F.Supp. 1115, 1119-1120 (S.D.N.Y. 1997) . . . . . . . . . . . . 10

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) . . . . . . . . . . . . . . . . 4

*Shabazz v. Cole*, 69 F.Supp.2d 177 (D. Mass. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Staples v. Traut*, 675 F.Supp. 460 (WD Wis. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Stepan Co. v. Winter Panel Corp.*, 948 F.Supp. 802 (ND. Ill. 1996) . . . . . . . . . . . . . . . . . . . 3

*Terracom v. Valley Nat. Bank*, 49 F.3d 555 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. City of Redwood City, 640 F.2d 963 (9th Cir. 1981) . . . . . . . . . . . . . . . . . 3, 4

Walleri v. Federal Home Loan Bank of Seattle,
83 F.3d 1575 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) . . . . . . . . . . . . . 16-17

Wolff v. McDonnell, 94 S.Ct. 2963 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

# TABLE OF STATUTES AND OTHER AUTHORITIES

## CONSTITUTIONS

**United States Constitution**                                    **Pages in Brief**
                                                                   **where cited**

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES

**Statutes**                                                      **Pages in Brief**
                                                                   **where cited**

Title 28 United States Code (28 U.S.C.) Section 636 (b)(1)(B) . . . . . . . . . . . . . . . . . . . . . 2

Title 42 United States Code (42 U.S.C.) Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## RULES

**Rules**                                                         **Pages in Brief**
                                                                   **where cited**

Federal Rules Of Civil Procedure (Fed. R. Civ. P.) Rule 8 (f) . . . . . . . . . . . . . . . . . . . . 9, 18

Federal Rules Of Civil Procedure (Fed. R. Civ. P.) Rule 12 (b)(6) . . . . . . . . . . . 2, 3, 8, 11, 14

Federal Rules Of Civil Procedure (Fed. R. Civ. P.) Rule 52 (a) . . . . . . . . . . . . . . . . . . . . 3

District Court of Guam, General Order No. 04-00016 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

District Court of Guam, Local Rule L.R 7.1(c)(2)and(3) . . . . . . . . . . . . . . . . . . . . . . . 10

District Court of Guam, Local Rule L.R. 7.1(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# EXECUTIVE ORDERS

**Executive Orders**

       **Pages in Brief**
       **where cited**

Guam Executive Order 94-19 (E.O. 94-19), Chapter 3,
Section 3.2. (A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 18

Guam Executive Order 94-19 (E.O. 94-19), Chapter 3,
Section 3.26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

# OTHER AUTHORITIES

**Authority**

       **Pages in Brief**
       **where cited**

Laguana v. Sablan, Dismissal Order SP183-02
(Sup. Ct. of Guam 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

-iv-

1    <u>Laguana v. Ishizaki, et. al.</u>, CV-03-00040,
**OPPOSITION TO DEFENDANTS' MOTION**
2    **TO DISMISS AMENDED COMPLAINT**
    Page 1

# STATEMENT OF THE CASE

## Nature of the Case

This matter was brought before the United States District Court for the District Court of Guam on November 24, 2003, by a Section 1983 action under the Civil Rights Act of 1871(Title 42 U.S.C. Section 1983)[1] filed by **MICHAEL JR. G. LAGUANA**, an indigent inmate who is presently incarcerated at the Guam Department of Corrections in Mangilao (known as "DOC").

Plaintiff *pro se* Michael Jr. G. Laguana (known as "Plaintiff"), filed Civil Rights Complaint No. CV-03-00040 against the individual Defendants Frank Ishizaki,[2] Francisco B. Crisostomo, Alan San Nicolas, Raymond Quichocho, Vincent Bamba, and Ed Perez; all whom are prison officials at DOC. In their individual and official capacities, Plaintiff sued each individual Defendants for damages, injunctive relief, and declaratory judgment based on their deliberate indifferent actions against him giving rise to a Constitutional violation under the Eighth Amendment, and their unlawful actions that violated his right to due process of law and the equal protection of the laws, giving rise to a Constitutional violation under the Fourteenth Amendment.

## Course of Proceedings

In his §1983 action brought Pro Se, Plaintiff filed Civil Rights Complaint No. CV-03-00040 in the District Court of Guam on November 24, 2003 under the Civil Rights Act of 1871 (Title 42 U.S.C. Section 1983). Soon thereafter on the 21st of January 2004, Defendants, by and through their Counsel Assistant Attorney General James T. Mitchell, filed a Rule 12 (b)(6) motion to dismiss under the Federal Rules of Civil Procedure (Fed. R. Civ. P.) on the alleged ground that Plaintiff's Complaint failed to state a claim upon which relief could be granted. But in furtherance of his §1983 action,

---

[1]    42 U.S.C. §1983 provides that "[E]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." <u>Id.</u>

[2]    At the time of the filing of the Complaint, Defendant Ishizaki was the Director of the Guam Department of Corrections in Mangilao. It is common knowledge that Defendant Ishizaki is now the Chief of Police for the Guam Police Department.

Plaintiff filed an Opposition to the Defendants' motion to dismiss on March 9, 2004.

The Defendants' Fed. R. Civ. P. 12 (b)(6) motion to dismiss was then referred to the United States Magistrate Judge on September 21, 2004 for his findings and recommendations pursuant to 28 U.S.C. §636 (b)(1)(B) and General Order No. 04-00016 for the District Court of Guam.[3] The Magistrate Judge then issued his report and recommendations and both parties filed Objections.

On May 10, 2005, the District Court of Guam issued an Order with respect to the Magistrate Judge's report and recommendations, making its *de novo* review on the entire case and thus resolving the Defendants' Fed. R. Civ. P. 12 (b)(6) motion to dismiss, granting in part and denying in part. In its May 10, 2005 Order, the District Court of Guam granted Plaintiff's motion that moved to strike the declarations of Marie Roberto and Robert Camacho and held that both declarations were untimely filed and that they will not be considered by this Court. The District Court of Guam then ordered Plaintiff to amend his prayer for relief to distinguish each request individually and granted him 30 days to amend and file his Complaint.

Plaintiff sent his amended complaint by way of U.S. Mail Postal service to the District Court of Guam on the 13th of June 2005, which was then filed on June 15, 2005. Upon receiving the stamped and filed copies of the amended complaint, Plaintiff effectuated service of his amended complaint upon the Defendants' Counsel on June 17, 2005.

Finally, on June 29, 2005, the Defendants filed a Memorandum Of Points And Authorities In Support Of their Motion To Dismiss Amended Complaint. In their June 29, 2005 motion to dismiss, the Defendants moved this Court to dismiss this action pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and on their mistaken argument that Plaintiff failed to timely file an amended complaint. Plaintiff will now respond to the Defendants' Fed. R. Civ. P. 12 (b)(6) motion to dismiss.

---

[3] **28 U.S.C. §636 (b)(1)(B) and General Order No. 04-00016 authorizes referral of the motion to dismiss to the Magistrate Judge for a report and recommendation to the District Judge for disposition of said motion.**

# STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12 (b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) is not a procedure for resolving contest about facts or to decide the merits of the case.[4] Its purpose is only to test the sufficiency of the Complaint. *See*, Stepan Co. v. Winter Panel Corp., 948 F.Supp. 802 (N.D. Ill. 1996); *See, also*, Johnson v. Cullen, 925 F.Supp. 244 (D. Del. 1996).

The accepted rule in appraising the sufficiency of the complaint under a Fed. R. Civ. P. motion to dismiss is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

This is to say that in an action under a Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir.) *cert. denied*, 501 U.S. 1222 (1991)(party moving for dismissal must bear burden of persuasion).

But in acting on a motion to dismiss, the primary principle behind a Rule 12 (b)(6) motion cannot be overlooked nor set aside, but it must be recognized, acknowledged, and remembered before this Court, that "the Plaintiff's allegations must be assumed to be true and the complaint must be construed in the light most favorable to the plaintiff." United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); *See, also*, Shabazz v. Cole, 69 F.Supp.2d 177 (D. Mass. 1999)(When reviewing a Fed. R. Civ. P. 12 (b)(6) motion, the court accepts the factual allegations in the complaint as true and makes all reasonable inferences in favor of plaintiff."); Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996)(In general, a complaint is construed favorably to the pleader).

---

[4]     Rule 52(a) Fed. R. Civ. P. provides in relevant part that "[F]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56...." Id.

Thus, "In civil rights cases where the Plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)(*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

Under this rule it is only the extraordinary case in which dismissal is proper." United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). "But even if the face of the pleadings indicate that recovery is very remote, the claimant is still entitled to offer evidence to support its claims." Id. at 966.

# ARGUMENT

# PLAINTIFF TIMELY FILED HIS AMENDED COMPLAINT

In their June 29, 2005 motion to dismiss, the Defendants argued that the Plaintiff failed to comply with this Court's May 10, 2005 Order (known as "Order") that directed him to file an amended complaint within 30 days or else his complaint would be dismissed with prejudice. *See,* Mot. at 2. Based upon such argument, the Defendants then moved this Court to dismiss Plaintiff's amended complaint with prejudice. *See,* Mot. at 2. Contrary to their mistaken argument, however, the Plaintiff did timely file his amended complaint on the 15th of June 2005.

This Court's Order was issued on May 10, 2005 and sent thereafter to the Plaintiff through the ordinary method of U.S. Mail Postal service (Certified Mail). *See,* Plaintiff's declaration, EXHIBIT A. However, the Guam Department of Corrections ("DOC") did not receive this Court's Order until the 17th of May 2005; seven days after this Court's Order. *See,* Plaintiff's declaration, EXHIBIT A. Then it wasn't until two days later, May 19, 2005, when Plaintiff received this Court's Order. *See,* Plaintiff's declaration, EXHIBIT A.

So from the 19th of May 2005 to the 18th of June 2005, it is clear that the Plaintiff was well within 30 days of filing his amended complaint. Even if the time would have commenced on May 17, 2005 when DOC initially received this Court's Order, the Plaintiff would still have been well within 30 days of filing his amended complaint because the 30 day time frame for filing would have expired on June 16, 2005.

When the Plaintiff received this Court's Order on May 19, 2005, he sent his amended complaint to the District Court of Guam for filing on June 13, 2005, through the ordinary method of U.S. Mail Postal service for delivery. *See,* Plaintiff's declaration, EXHIBIT B. When the Plaintiff received back the stamped and filed copies of his amended complaint from the District Court of Guam, he then effectuated service of his amended complaint upon the Defendants' Counsel on June 17, 2005 using the same ordinary method of U.S. Mail Postal service for delivery.

Now whatever happens from the time when DOC receives the Plaintiff's amended complaint and the moment when Plaintiff loses control over his amended complaint by entrusting its further delivery to the court or to the Defendants' Counsel, the Plaintiff should not be held liable. Plaintiff reasonably did all that he could to effectuate service of his amended complaint in a timely manner. Must it be necessary for the Defendants and their Counsel to be constantly reminded that the Plaintiff is in prison, and that he just can't walk out the gates whenever he wishes so that he could file his amended complaint in this Court?

In any event, the Defendants or the Officer or employee in charge of the handling of DOC Mail should be the one to be held liable for any delay, since s/he would be the primary reason why the Plaintiff would have problems filing his legal documents in a timely manner in the first place. And who is to say that the Defendants or their Counsel have not directly or indirectly interfered with the Plaintiff's attempt to file his amended complaint in a timely manner, or, who is to say that the Officer or employee in charge of the handling of DOC mail is not *Monday morning quarter-backing*? If the Plaintiff really did fail to file his amended complaint in a timely manner, the there is a significant

potential for interference of the Plaintiff's First Amendment right to meaningful access to the courts by persons motivated by malice, vindictiveness, intolerance, or prejudice, whether they be the Defendants seeking revenge or other prison officials seeking to vindicate their otherwise absolute power over the Plaintiff under their control.

The reality is that the Defendants and the Plaintiff co-exist in direct and intimate contact. Tension between them is unremitting and frustration, resentment, and despair are common place. Thus, retaliation for having instituted a lawsuit against them is more than just a theoretical possibility. The preponderance of the evidence herein presented show that the Plaintiff did file his amended complaint in a timely manner. It is for this background that the Defendants' motion to dismiss must fail.

# FIRST CAUSE OF ACTION
## Equal Protection Claim
## Against Defendant Ishizaki

The principle behind this lawsuit is that persons imprisoned for their crimes have many protections under the United States Constitution and a person retains all rights of an ordinary citizen except those expressly, or by necessary implication, taken from him by law. In short, prisoners are not beyond the reach of the Constitution and no iron curtain separates one from the other. Wolff v. McDonnell, 94 S.Ct. 2963, 2974 (1974)("There is no iron curtain drawn between the constitution and the prisons of this country.")

In their June 29, 2005 motion to dismiss, the Defendants state that Plaintiff failed to state any facts as to how Defendant Ishizaki treated him any differently from other inmates and that Paragraph 27 of the Plaintiff's amended complaint is not evidence of discriminatory intent. *See,* Mot. at 3, Lines 23 and 24; Mot. at 4, lines 1 thru 7.

The Plaintiff, however, did state sufficient facts as to how Defendant Ishizaki treated him differently from other inmates and that Paragraph 27 is evidence of discriminatory intent. *See,*

Amend. Compl. at 11, ¶31; at 16, ¶47. First, the Plaintiff relied on his facts asserted in Paragraph 29 of his amended complaint to establish some evidence that relief could be granted under any set of facts that would and could be proved against Defendant Ishizaki. The Ninth Circuit held that "In federal court, dismissal for failure to state a claim is proper <u>only</u> if it is clear that <u>no relief</u> could be granted under any set of facts that could be proved consistent with the allegations." <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273 (9th Cir. 1993).

Next, the Plaintiff relied on his facts asserted in Paragraph 31 of his amended complaint for the purposes of establishing sufficient information of specific instances that some recognized legal theory exists on which relief could be accorded the Plaintiff. Although Paragraph 31 of the Plaintiff's amended complaint does not mention Defendant Ishizaki, the statement "previous and present DOC Directors..." in Paragraph 31, characterizes Defendant Ishizaki as him being either a previous, or, a present DOC Director at the time of the filing of this Complaint and when alleged violation occurred. The Plaintiff characterized Defendant Ishizaki in the general statement "previous and present DOC Directors...," in light of Defendant Ishizaki's knowledge in a recent 2003 lawsuit where he and his Counsel, Assistant Attorney General James T. Mitchell, settled with the Plaintiff because the Plaintiff's DHB Appeal was not answered within 15 business days.

As a result of the Plaintiff's DHB Appeal not being answered within 15 business days, Defendant Ishizaki and his Counsel James T. Mitchell, exonerated the Plaintiff of his unconstitutional punishment and restored all points back to him. *See*, <u>Laguana v. Sablan</u>, Dismissal Order SP183-02 (Sup. Ct. of Guam 2003). Three months later after Defendant Ishizaki exonerated the Plaintiff and restored all points back to him on or about May 7, 2003, Defendant Ishizaki failed to answer Plaintiff's DHB Appeal in DHB Case No. DHB2003-08-100 within 15 business days. Defendant Ishizaki's failure to answer Plaintiff's DHB Appeal within 15 business days gave rise to a §1983 action which was filed in this Court on November 24, 2003 and a rise to a proceeding which is before this Court today.

Paragraph 27 of the Plaintiff's amended complaint then describes the action of discriminatory intent on the part of Defendant Ishizaki. The fact that Defendant Ishizaki did not exonerate the Plaintiff of his unconstitutional punishment and did not return the Plaintiff back to the Halfway House -- after failing to answer the Plaintiff's DHB Appeal in DHB Case No. DHB2003-08-100 within 15 business days, constituted an action of discriminatory intent because Defendant Ishizaki did not give the Plaintiff the same equal protection treatment which he had previously given the Plaintiff and other inmates similarly situated whose DHB Appeals were not answered within 15 business days.

Paragraph 27, 29 and 31 of the Plaintiff's amended complaint are then collectively restated and re-alleged against Defendant Ishizaki in the Plaintiff's Fifth Cause of Action, to establish combined facts that show how Defendant Ishizaki's action of discriminatory intent in Paragraph 27 amounted to a denial of equal protection. Viewed in the light most favorable to the Plaintiff, the factual allegations in support of Plaintiff's equal protection claim against Defendant Ishizaki adequately stated a cause of action under §1983 and placed the Defendants on <u>notice</u>.

But in any event, the Plaintiff need not prove his case on the Defendants Fed. R. Civ. P. 12 (b)(6) motion to dismiss because this is not an evidentiary stage of the proceedings. The decisive answer to the Defendants belief that the Plaintiff's amended complaint failed to set forth specific facts to support its general allegation of equal protection, is this: "that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the Defendants fair notice of what the Plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 2 L.Ed.2d 80, 85, 78 S.Ct. 99 (1957). "Such amplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pre trial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.'" <u>Id.</u> at 2 L.Ed.2d 85. Thus, "A party need not plead specific legal theories in the complaint, so long as the other side <u>receives</u> <u>notice</u> as to what is at issue in the case."

American Timber & Trading v. First Nat. Bank of OR., 690 F.2d 781, 786 (9th Cir. 1982). Following the simple guide of Rule 8(f) of the Federal Rules of Civil Procedure that "all pleadings shall be construed as to do substantial justice," and observing that the rules establish a system of notice pleading rather than fact pleading, it is reasonably clear that the Plaintiff has stated sufficient facts to support his equal protection claim against Defendant Ishizaki. Additionally, it must be recognized and acknowledged by this court that the Defendants did in fact receive fair notice as to what is at issue in this case.

## Documents Introduced Into Equal Protection Claim Against Defendant Ishizaki

In addition to the Defendants motion to dismiss the equal protection claim against Defendant Ishizaki, it seems that the Defendants are reintroducing the same scandalous materials outside the pleadings that were used in support of their October 8, 2004 Objections to the Magistrate Judge's report and recommendations, and their December 7, 2004 Opposition to the Plaintiff's October 27, 2004 motion to strike. See, Mot. at 4, lines 13 thru 22 and attached Exhibit A.

On October 27, 2004 and on December 27, 2004, Plaintiff moved in this Court to strike the declarations of Marie Roberto and Robert Camacho and the attachments of DHB Reports that the Defendants are now reintroducing to support their June 29, 2005 motion to dismiss. However, the Defendants cannot reintroduce these declarations and attachments because they were ordered stricken by this Court on May 10, 2005. See, May 10, 2005 Order at 2 and 3. The Plaintiff's motions to strike the declarations of Marie Roberto and Robert Camacho and the attachments of DHB Reports were granted by this Court.

In its Order, this Court made it clear that it will not consider at this stage of proceeding, any of the declarations and attachments which the Defendants are now reintroducing in support of their June 29, 2005 motion to dismiss. See, May 10, 2005 Order at 3, lines 11 thru 13. Although this Court in its footnote stated that either party is free to resubmit their documents at a later date for this

Court's consideration at subsequent motion hearings, the declarations and attachments filed with the Defendants' June 29, 2005 motion cannot be resubmitted at this time because we are still in the <u>same</u> motion to dismiss stage of the proceedings. The Defendants are not entitled to amend or correct its initial Rule 12 motion as a matter of course at any time merely because they decided to change tactics or strategy. *See, e.g.,* <u>Nycal Corp. v. Inoco PLC</u>, 949 F.Supp. 1115, 1119-1120 (S.D.N.Y. 1997).

Furthermore, when resolving a motion to dismiss for failure to state a claim, a District Court may not consider materials outside the complaint and the pleadings. *See,* <u>Gumataotao v. Director</u>, 236 F.3d 1077, 1086 (9th Cir. 2001). Local Rule L.R 7.1 (c)(2)(3) for the District Court of Guam establishes applicable rules for filing of motions with this Court. It provides:

> "**Moving Papers. There shall be served and filed with the motion:**
> \* \* \*
> **(2) the evidence upon which the moving party relies;**
> **(3) any affidavits permitted by the Federal Rules of Civil Procedure.**"

<u>Id.</u> This section necessitates that any evidence or affidavits shall be served and filed with the motion. Thus, papers not timely filed under this Rule will not be considered. *See,* Local Rule L.R 7.1(f)(Dist. Ct. of Guam). The declarations of Marie Roberto with attachments of DHB Reports of the Plaintiff were filed with this Court on October 8, 2004, nine months after the Defendants motion to dismiss was filed on January 21, 2004. The declaration of Robert Camacho was filed with this Court on December 7, 2004, eleven months after the original motion to dismiss. Both the declarations and attachments of DHB Reports of the Plaintiff were filed by the Defendants <u>after</u> the fact that the Magistrate Judge denied their motion to dismiss as to the Plaintiff's Fifth Cause of Action against Defendant Ishizaki.

Wherefore, it must be acknowledged by this Court that the declarations and the attachments of DHB Reports are prejudicial and scandalous to the Plaintiff because he was never served with them to begin with. And because they were strangely filed in this Court in an untimely manner beyond reasonable acceptance, and because it violates Local Rule L.R 7.1 (c)(2)(3), this Court must

recognize its applicable Rule in Local Rule L.R 7.1(f) and decline from considering the above said declarations with attachments which the Defendants are now using in support of their June 29, 2005 motion to dismiss. This Court's May 10, 2005 Order that struck the above said declarations with attachments must stand as a matter of rule and order.

No matter what evasive tactics the Defendants may use to hide their mistakes and avoid litigation, the truth is, Defendant Ishizaki did not answer the Plaintiff's DHB Appeal within 15 business days and he did not exonerate the Plaintiff of his unconstitutional punishment which he and his Counsel, James T. Mitchell, had previously done for the Plaintiff on May 7, 2003 and for other inmates similarly situated whose DHB Appeals were not answered. The Plaintiff has stated sufficient facts to support his equal protection claim against Defendant Ishizaki. The Defendants' motion to dismiss the equal protection claim against Defendant Ishizaki must be denied.

# SECOND CAUSE OF ACTION
## Equal Protection Claim
## Against Defendant Crisostomo

In their June 29, 2005 motion to dismiss under Fed. R. Civ. P. Rule 12 (b)(6), the Defendants have not met their burden of proving beyond doubt how an equal protection claim against Defendant Crisostomo has not been stated, but instead merely state that Paragraph 36 of the Plaintiff's amended complaint reveals nothing that establishes any threshold of discriminatory intent on the part of Defendant Crisostomo. *See*, Mot. at 5, lines 20 thru 22. The Defendants also merely state that Paragraphs 33, 35 and 36 of the Plaintiff's amended complaint does not amount to facts which establish evidence of how Plaintiff was treated differently than other inmates. *See,* Mot. at 5, line 24; Mot. at 6, lines 1 and 12 thru 15.

But the Defendants here, however, would have to do more than just simply disagree. Its in an action under Rule 12 (b)(6) that the party moving for dismissal has the burden of proving that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir.) *cert.*

*denied,* 501 U.S. 1222 (1991)(party moving for dismissal must bear burden of persuasion).

In reviewing Paragraphs 33, 35 and 36 of the Plaintiff's amended complaint, it appears that the Plaintiff has adequately stated sufficient facts beyond doubt to establish some evidence of discriminatory intent and facts giving rise as to how Plaintiff was treated differently from other inmates on the part of Defendant Crisostomo.

Plaintiff relied on Paragraph 33 of his amended complaint to establish some evidence that relief could be granted under any set of facts that could and would be proved against Defendant Crisostomo. The Plaintiff first began to show in Paragraph 33 of his amended complaint that Defendant Crisostomo had indeed protected inmates <u>similarly</u> <u>situated</u> as the Plaintiff, who either had conflict with another inmate or with an Officer. In Paragraph 35, the Plaintiff next provided facts establishing sufficient information of a specific instance when Defendant Crisostomo recognized the need for safety and security in the interest of the Plaintiff. The fact that Defendant Crisostomo had previously and consistently protected other inmates similarly situated as the Plaintiff is the primary reason behind Defendant Crisostomo's concern for the Plaintiff's safety. This proves that Defendant Crisostomo consciously knew and was consciously aware of the fact that the Plaintiff had to be protected and somehow treated equally. On the human side of things, this proves that Defendant Crisostomo would have asked for the same treatment of protection if he was in the Plaintiff's position.

Paragraph 36 then describes the action of discriminatory intent on the part of Defendant Crisostomo. The fact that Defendant Crisostomo had protected other inmates <u>similarly</u> <u>situated</u> as the Plaintiff constitutes some evidence of discriminatory intent on the part of Defendant Crisostomo, because when the Plaintiff had asked Defendant Crisostomo for the <u>same</u> treatment of protection that he had previously and consistently provided for other inmates <u>similarly</u> <u>situated</u>, Defendant Crisostomo deliberately refused to protect the Plaintiff for apparently no reason at all. The emphasized language above is what interprets the factors underlying the Plaintiff's transfer to be the

same underlying factors of other inmates who were transferred. Defendant Crisostomo's refusal to protect the Plaintiff for no penological reason or justification is some evidence of discriminatory intent as it also violates the Plaintiff's Territorially-created right set forth in Chapter 3, Section 3.2.(A) of Guam Executive Order 94-19. *Infra*.

The Plaintiff was prejudiced or discriminated against by Defendant Crisostomo's inaction for protection bearing no penological interest. Defendant Crisostomo did not even attempt to at least establish ways of dealing with the problems he knew about concerning the Plaintiff.

Through the liberal opportunity for discovery and other pre trial procedures, this Court will learn that the inmates Defendant Crisostomo had previously and consistently protected were classified in the same Classification Level as the Plaintiff and they were housed in the same housing unit as the Plaintiff. Additionally, this Court will learn that one of those inmates that Defendant Crisostomo had previously and consistently protected was his own brother. Thus, the combined facts of Paragraphs 33, 35 and 36 of the Plaintiff's amended complaint adequately stated some evidence of how Defendant Crisostmo's action amounted to a denial of equal protection.

Is the Plaintiff's life less important than the lives of those inmates whom Defendant Crisostomo had protected that the Plaintiff was not worthy of receiving the same protection? Viewed in the light most favorable to the Plaintiff, it would be appropriate to declare that the Plaintiff has reasonably stated facts <u>beyond</u> <u>doubt</u> in Paragraphs 33, 35 and 36 of his amended complaint to establish some evidence of discriminatory intent and facts giving rise as to how Plaintiff was treated differently from other inmates on the part of Defendant Crisostomo. In any event, the Plaintiff stated reasonable facts that gave Defendant Crisostomo fair notice of what is at issue in this case. The Defendants' motion to dismiss the equal protection claim against Defendant Crisostomo should be denied.

# THIRD CAUSE OF ACTION

## Equal Protection Claim
## Against Defendant San Nicolas

On the part of Defendant San Nicolas in their June 29, 2005 motion to dismiss, the Defendants do not prove their position but merely state that Paragraphs 37 thru 44 of the Plaintiff's amended complaint reveals insufficient facts to show that Plaintiff was treated differently other inmates similarly situated. *See,* Mot. at 8, lines 1 and 2. The Defendants also merely state that the Plaintiff has not stated sufficient facts to state an Equal Protection cause of action against Defendant San Nicolas. *See,* Mot. at 8, lines 4 and 5.

But as previously stated herein, the Defendants would have to do more than just simply disagree. In an action under Rule 12 (b)(6), it is the party moving for dismissal that has the burden of proving that no claim has been stated. *See,* Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir.) *cert. denied,* 501 U.S. 1222 (1991)(party moving for dismissal must bear burden of persuasion). Thus, to prevail, the movant must show "beyond doubt that the Plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord,* Terracom v. Valley Nat. Bank, 49 F.3d 555, 558 (9th Cir. 1995)(*quoting* Conley v. Gibson). But the Plaintiff holds that the Defendants have not met their burden of proving that no equal protection claim has been stated against Defendant San Nicolas, nor have they even shown <u>beyond</u> <u>doubt</u> that the Plaintiff can prove no set of facts in support of his claim.

The Plaintiff's Territorially-created right with regard to impartiality and fairness which was in effect as far back as December 30, 1994, arises under and by virtue of Chapter 3, Section 3.2.(A) of Guam Executive Order 94-19, which provides:

> **"YOU HAVE THE RIGHT to expect that as a human being you be treated respectfully, impartially, and fairly by all personnel."**

<u>Id.</u> Additionally, the Plaintiff's Territorially-created right with regard to the presentation of evidence

which was in effect as far back as December 30, 1994, arises under and by virtue of Chapter 3,

Section 3.26. of Guam Executive Order 94-19, which provides in pertinent part:

> **"The inmate has the right to make a statement and present evidence in
> his own behalf."**

Id. These particular rights were clearly established at all relevant times during Defendant San

Nicolas' action of discriminatory intent in Paragraph 40 of the Plaintiff's amended complaint.

Defendant San Nicolas reasonably knew that the Plaintiff, as a matter of law and right, was entitled

to these particular rights. In Paragraphs 37 thru 39 of his amended complaint, the Plaintiff made it

clear that no DOC Officer, to include Defendant San Nicolas, has ever participated in every stage of

proceeding of the Plaintiff's DHB Case as well as the DHB Cases of other inmates similarly situated.

But Defendant San Nicolas deliberately ignored the Plaintiff's above said rights and chose to

vindicate his absolute power over the Plaintiff with a wanton intent, by participating in every stage

of proceeding of the Plaintiff's DHB Case.

In Paragraph 40 of his amended complaint, the Plaintiff set forth stages of events which he

believed led to some evidence of discriminatory intent on the part of Defendant San Nicolas. Its

conniving and scandalous enough that Defendant San Nicolas all of a sudden decided to be Officer,

Judge, Jury, and Prosecutor in the Plaintiff's DHB Case for no apparent reason. But what's more

conniving and scandalous is the fact that Defendant San Nicolas decided to be Officer, Judge, Jury,

and Prosecutor in the Plaintiff's DHB Case after conflict arose and escalated between Defendant San

Nicolas and the Plaintiff. This type of conduct by Defendant San Nicolas was unusual and out of the

ordinary because no DOC Officer — to include Defendant San Nicolas himself — has ever taken on

all these roles before at the same time in any given case. *See,* Amend. Compl. at 13, ¶¶ 37-39.

So the action of discriminatory intent arises out of the fact that there was no government

interest or penological reason why Defendant San Nicolas had to participate in every stage of

proceeding of the Plaintiff's DHB Case. Thus, it can reasonably be seen that this wanton treatment

by Defendant San Nicolas was not done of necessity, but as punishment for prior personal conflict with the Plaintiff. While Defendant San Nicolas' action of discriminatory intent remains unsupported by rule or law, Defendant San Nicolas believes that playing Officer, Judge, Jury, and Prosecutor in the Plaintiff's DHB Case constitutes impartiality and fairness. But even a blind man can see that there is something really wrong with this picture without engaging in the practice of law. It is against this background that the Defendants' motion to dismiss the equal protection claim against Defendant San Nicolas must fail. Viewed in the light most favorable to him, the Plaintiff has adequately stated sufficient facts to state an equal protection claim against Defendant San Nicolas. The Defendants' motion to dismiss the due process claim against Defendant San Nicolas must be denied.

## Due Process Claim
## Against Defendant San Nicolas

> "ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF, ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW...."

14 Amend., U.S. Const.. "Though rights of prisoners may be diminished by the needs and exigencies of the institutional environment, he is not wholly without the protection of the constitution and the due process clause." Wolff v. McDonnell, 94 S.Ct. 2963, 2964 (1974).

In prison disciplinary proceedings, the fundamental tenants of the Due Process Clause to the Fourteenth Amendment of the United States Constitution logically require that an inmate be entitled to a fair and impartial decision maker who has had no direct personal involvement in the incident that is the subject of the hearing. See, e.g., Staples v. Traut, 675 F.Supp. 460 (WD Wis. 1986); See, also, Harrah v. Leverette, 271 S.E.2d 322 (W. Va. 1980). To the contrary, however, the Plaintiff was not given a fair and impartial decision maker in his disciplinary case. In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the United States Supreme Court stated as dictum that " a

biased decision-maker [is] constitutionally unacceptable." 421 U.S. at 47.

The Plaintiff clearly stated in Paragraph 44 of his amended complaint that Defendant San Nicolas who was the decision maker in the Plaintiff's DHB Case, was not impartial, because Defendant San Nicolas had prior personal knowledge and direct personal involvement of the incident giving rise to the Plaintiff's disciplinary proceeding. Defendant San Nicolas was also the primary actor and prime movant behind the Charging Process against the Plaintiff.

"Due Process in context of prison disciplinary proceeding prohibits those officials who have direct personal or otherwise substantial involvements, such as major participation in judgmental or decision-making role in circumstances underlying charge, sitting on disciplinary body." Epstein v. Lane, 189 Ill. App.3d, 544 N.E.2d 819 (1989).

In Paragraphs 40 (a) thru (e) and 44 of the Plaintiff's amended complaint, the evidence indicate that Defendant San Nicolas not only had prior personal knowledge and direct personal involvement in the Plaintiff's DHB Case and participated in the investigative stage, but he also sat in judgment of his own complaint and charges made against the Plaintiff and arrived at a decree of prejudgment resulting that investigation. It has been held that a prison supervisor who sits in judgment on his own complaint in disciplinary proceedings against an inmate violated the inmate's due process rights and was subject to liability under §1983. See, Diercks v. Durham, 959 F.2d 710 (8th Cir. 1992)(citing Finney v. Arkansas Bd. of Corrections, 505 F.2d 194, 208 (8th Cir. 1974)). Finney was based on the holding in Morissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The arbitrary actions of Defendant San Nicolas stated above as it also appears more fully in Paragraphs 40 and 44 of the Plaintiff's amended complaint, were detrimental to the Plaintiff because it adversely affected and hindered his Territorially-created rights to be treated impartially and fairly

and to present evidence on his own behalf.[5]  Furthermore, the Plaintiff's Territorially-created right to a reduction of his prison sentence through Work Credit Hours and his Territorially-created right to Education were taken away  him without due process of law.  While the Plaintiff's due process claim against Defendant San Nicolas stands supported by fact and law, Defendant San Nicolas' above said arbitrary action as Officer, Judge, Jury, and Prosecutor remains unsupported; neither fact or law.

Viewed in the light most favorable to him, the Plaintiff has adequately stated sufficient facts to state a due process claim against Defendant San Nicolas.  The Defendants' motion to dismiss the due process claim against Defendant San Nicolas must be denied.

# CONCLUSION

The heart of this challenge is that "[T]he Federal Rules of Civil Procedure establish a system of *notice* pleading rather than fact pleading." Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992); Fed. R. Civ. P. 8.  But the Defendants argue that the Plaintiff's amended complaint failed to set forth specific facts to support its general allegations of due process of law and equal protection of the law.  "To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant *fair notice* of what the Plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 2 L.Ed.2d 80, 85, 355 U.S. 41, 78 S.Ct. 99 (1957).  "A party need not plead specific legal theories in the complaint, so long as the other side receives *notice* as to what is at issue in the case." American Timber & Trading v. First Nat. Bank of OR., 690 F.2d 781, 786 (9th Cir. 1982).

Observing that the rules establish a system of *notice* pleading rather than fact pleading, and "[f]ollowing the simple guide of Rule 8(f)[6] that "all pleadings shall be so construed as to do

---

[5]   *See,* Guam Executive Order 94-19, **Chapter 3, §§ 3.2.(A) and 3.26.,** *Supra.*

[6]   Fed. R. Civ. P.

substantial justice,"[7] there is no doubt that the Plaintiff's amended complaint adequately stated a claim against Defendants Ishizaki, Crisostomo, and San Nicolas and gave each of them *fair notice* of its basis. Thus, this case should be allowed to proceed further and the facts to be determined at trial.

If this case should be dismissed, then the Federal Rules of Civil Procedure serves no purpose in this Court and they are indeed meaningless in the administration of justice.

**DATED** this ___8th___ day of ___AUGUST___, 2005.

Respectfully Submitted,

**Michael Jr. G. Laguana, pro se.**
**Of**
**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel.: (671) 734-3981 thru 9
**Adult Correctional Facility**

---

[7]    **Conley v. Gibson**, 2 L.Ed.2d 80, 86, 355 U.S. 41, 78 S.Ct. 99 (1957).

# PROOF OF SERVICE
## (CERTIFICATE OF SERVICE)

I, **MICHAEL JR. G. LAGUANA**, Plaintiff appearing <u>Pro Se</u>, hereby certify that I have served a true and correct filed copy of:

# OPPOSITION TO DEFENDANTS'
# MOTION TO DISMISS AMENDED COMPLAINT

upon Defendants' Counsel *James T. Mitchell* and addressed same to:

> **James T. Mitchell, Counsel for the Defendants,**
> **Office of the Attorney General**
> **Civil Division**
> Guam Judicial Center, Suite 2-200E
> 120 West O'Brien Drive
> Hagåtña, Guam 96910   USA
> **(671) 475-3324       (671) 472-2493 (Fax)**

by delivering same for the above-named Counsel for the Defendants at the Office of the Attorney General, Guam Judicial Center, Suite 2-200E, 120 West O'Brien Drive in Hagåtña, Guam on this ___8th___ day of ___August___, 2005.

I declare under Penalty of Perjury that the foregoing is true and correct.

**DATED** this ___8th___, day of ___August___, 2005.

By: _____
Michael Jr. G. Laguana, pro se.

**Department of Corrections**
**Dairy Road, Mashburn Lane**
P.O. Box 3236
Hagåtña, Guam 96932
Tel: (671) 734-3981 thru 9
**Adult Correctional Facility**

*Laguana vs. Ishizaki, CV-03-00040*
**PROOF OF SERVICE**