FILED
DISTRICT COURT OF GUAM
JAN 17 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL JR. G. LAGUANA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, Director;<br>FRANCISCO B. CRISOSTOMO, Warden;<br>ALAN SAN NICOLAS, Corporal; at the<br>Department of Corrections, in their individual<br>and official capacities,<br><br>    Defendants. | Civil Case No. 03-00040<br><br><br>**ORDER** |

    This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). On May 10, 2005 this Court issued an order dismissing Plaintiff's complaint, but granting leave to amend certain causes of action to conform with the Court's order. See Docket No. 51. Plaintiff filed an Amended Complaint on June 15, 2005. See Docket No. 53. Thereafter, Defendants' filed the instant motion.

### STANDARD OF REVIEW

    The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim upon which relief can be granted:

> [A] complaint should not be dismissed under Fed.R.Civ. Pro. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

**ORIGINAL**

> to relief." A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-34 (9th Cir. 1984). "Dismissal "is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Although "great specificity is ordinarily not required," the plaintiff must nevertheless "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Shabazz v. Cole,* 69 F. Supp. 2d 177, 185 (D.Mass. 1999). (citations omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn,* 264 F.3rd 817, 821 (9th Cir. 2001).

With respect to a *pro se* litigant's rights to amend his complaint, the Ninth Circuit has held that "unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrections,* 66 F.2d 1050, 1055 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 200)(en banc).

## **MATERIALS TO BE CONSIDERED**

As a preliminary matter, Defendants have submitted a declaration with attachments in support of its motion to dismiss, for the Court's consideration.[1] Plaintiff, Michael Jr. G. Laguana, ("plaintiff") objects to the Court's consideration of these documents. He states that the documents were previously stricken in the Court's order of May 10, 2005.

When resolving a motion to dismiss for failure to state a claim, a District Court may not consider materials outside the complaint and the pleadings. *See Gumataotao v. Director,* 236 F. 3d 1077, 1086 (9th Cir. 2001). However, the Court may review "materials of which the court may take judicial notice." *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994). This includes "records and reports of administrative bodies." *Id.* Further, Local Rule 7.1(c)(2) and (3) establishes applicable rules for filing of motions with this Court. This section necessitates that any evidence or affidavits shall be served and filed with the motion. Failure to file supporting documents as required under this rule will not be considered. Local Rule 7.1(f).

---

[1] Declaration of Marie Roberto ("Roberto Decl.") Records Custodian for the Department of Corrections with attachments of Disciplinary Hearing Board (DHB) Report of Michael Laguana and record of the decision of the DHB Appeal filed by Laguana.

2

Case 1:03-cv-00040    Document 72    Filed 01/17/2006    Page 2 of 8

This Court previously refused to consider these documents because they were not timely filed with defendant's previous motion to dismiss the original complaint. However, since these documents were filed timely with Defendants' motion to dismiss the Amended Complaint and they are documents considered as "records and reports" of an administrative body, the Court will exercise its ability to take judicial notice of these documents in considering the motion. Accordingly, Plaintiff's request of the Court to Strike these documents a second time is DENIED.

## TIMELINESS OF FILING OF AMENDED COMPLAINT

Defendants move to dismiss the complaint with prejudice claiming that the Plaintiff failed to file his amended complaint within thirty days in compliance with this Court's Order of May 10, 2005.[2] Plaintiff contends that the complaint was timely filed within thirty days of his receipt of the Court's Order which was May 19, 2005.[3] *See* Defendant's Opposition at 4, Docket No. 66. Upon review of the relevant portion of the Order, the Court finds that it is unclear whether the thirty day clock started upon issuance of the Order or upon receipt of the Order by the Plaintiff. Since the deadline is unclear, and Plaintiff filed an Amended Complaint within 30 days of his receipt of the Order, the Court finds that Plaintiff's Amended Complaint is timely filed. Accordingly, Defendants' motion to dismiss in this regard is DENIED.

## AMENDED COMPLAINT

Plaintiff alleges that the Director, Warden, and a correctional officer of the DOC violated Plaintiff's constitutional rights while he was an inmate. Plaintiff named as Defendants, Frank Ishizaki ("Ishizaki"), Francisco Crisostomo ("Crisostomo") and Alan San Nicolas ("San Nicolas"). Plaintiff seeks monetary damages in addition to injunctive and declaratory relief.

## FAILURE TO STATE A CLAIM

### Counts I, II and III - Equal Protection.

The claims of Plaintiff are substantially the same as alleged in the original complaint. Plaintiff claims that Ishizaki, Crisostomo and San Nicolas denied him equal protection under the law in the following manner:

---

[2] The Amended Complaint was filed on June 15, 2005 and was served on Defendants' on June 21, 2005. *See* Def. Motion at 2, Docket No. 64.

[3] The Court's certified mail receipt indicates that the May 10, 2005 order was received at the Department of Corrections (DOC) on May 17, 2005. *See* attachment to Docket No. 51.

3

1. Plaintiff alleges that after Ishizaki failed to answer his appeal within 15 days he was "not exonerated of his punishment" as had been done previously for other inmates. *See* Amended Complaint at 16.

2. Plaintiff asserts that despite concerns of "harassment and unfair treatment" that he raised regarding his pending transfer to a Half-way House and assurances by Defendant Crisostomo that Plaintiff would not be transferred, he was indeed transferred to the Half-way House. However, no accommodations were made in order to address his concerns. *See* Amended Complaint at 12.

3. Plaintiff maintains that Defendant San Nicolas' involvement in the investigation, charging and hearing before the Disciplinary Hearing Board ("DHB") was not normal and compromised his right to a fair and impartial hearing before the board. *See* Amended Complaint at 25.

In its Order dismissing the original Complaint, the Court dismissed these claims without prejudice as Plaintiff failed to allege any facts to support evidence of either discriminatory intent or that he was being treated any differently from other similarly situated inmates.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278 (1972). In order to state a section 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000) (equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir.1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir.1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194.

Prisoners are protected under the Equal Protection Clause against invidious discrimination. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Lee v. Washington*, 390 U.S. 333, 334 (1968). Conclusory allegations, however, by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Moreover, when a suspect class is not implicated, the court must determine whether the alleged discrimination is "'patently arbitrary and bears no rational relationship to a legitimate governmental interest.'" *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir.1987) (quoting *Young v. United States Parole Comm'n*, 682 F.2d 1105, 1109 (5th Cir.), *cert. denied*, 459 U.S. 1021 (1982)).

Plaintiff alleges that Defendants violated his right to equal protection as indicated above. However, Plaintiff's allegations do not give rise to a claim for relief for violation of the Equal Protection Clause because he failed to allege that he is a member of a protected class or provide any facts to support the contention that the defendants' actions were the result of purposeful or invidious discrimination. *See Village of Arlington Heights*, 429 U.S. at 265; *Wolff*, 418 U.S. at 556; *Lee*, 390 U.S. at 334. Moreover, maintaining order in a prison setting, especially concerning inmates with repeated disciplinary actions is a legitimate governmental interest.

The Ninth Circuit Court of Appeals has also held that in order to be actionable under section 1983, more than an isolated incident must be alleged. Further, the Court of Appeals has indicated on numerous occasions that absent unusual circumstances they will not intervene in the internal administration of state prison systems. *See, e.g., Stiltner v. Rhay*, 371 F.2d 420 (9th Cir. 1967); *United States ex rel. Lee v. Illinois*, 343 F.2d 120 (7th Cir. 1965); *Snow v. Gladden*, 338 F.2d 999 (9th Cir. 1964).

Plaintiff in the instant case has neither alleged anything other than an isolated incident nor has he propounded unusual circumstances that would necessitate court intervention. Accordingly, as Plaintiff was previously afforded an opportunity to amend his original complaint prior to its dismissal and for the aforementioned reasons the Defendants' Motion to Dismiss with prejudice Plaintiff's Equal Protection claims as to all Defendants is hereby GRANTED.

**Counts I and III - Due Process Claims**.

Plaintiff claims that he was denied due process under the law in the following manner:

1. Plaintiff alleges that Ishizaki failed to provide a timely answer to his appeal.
2. Plaintiff asserts that San Nicolas participated "in every stage" of the DHB case against him.

In its Order dismissing the original Complaint, the Court dismissed Count I with prejudice. The Court found that Plaintiff's claimed loss of a liberty interest in the failure of the defendant Ishizaki to provide a timely answer, if any, to his appeal did not satisfy the standards as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293 (1995), because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). Count I of the Amended Complaint is identical to Count I of the original complaint. Therefore, the Court finds no basis to rule differently. Plaintiff's arguments were considered and resolved, further consideration is barred by the "law of the case" doctrine. *See Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir.2005). Moreover, none of the exceptions to the "law of the case" doctrine permit the Court to reconsider it's prior ruling in this regard.[5] In particular, the Court notes that Plaintiff did not present any new information in his Amended Complaint or subsequent pleadings. Accordingly, Plaintiff's due process claims as alleged against Defendant Ishizaki are DISMISSED WITH PREJUDICE.

Concerning Defendant San Nicolas (Count III), Plaintiff raises a due process claim for the first time. The crux of Plaintiff's claim is that due to San Nicolas' involvement in both the investigation and the Chairman of the DHB that presided over his disciplinary hearing, he was deprived of a fair and impartial hearing. Plaintiff's sole factual basis to support this claim is contained in paragraph 40(g) of the Amended Complaint which states: "[a]ppeared again at Plaintiff's DHB hearing on or about 10:23 a.m. on August 8, 2003, and presided over the hearing as Chairman." Documentation submitted by Defendants support this assertion and reveals

---

[5] Exceptions to the "law of the case" doctrine as indicated in *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567 (9th Cir. 2005) are "the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id*. at 573 (quoting *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir.2002)).

additional information. San Nicolas initially presided over the Plaintiff's hearing as Chairman. However, while Plaintiff was being advised of his rights, Plaintiff asked for Defendant San Nicolas to be removed as a member of the hearing board in light of his involvement in the investigative phase of Plaintiff's case before the board. The record of the hearing reveals that prior to the final hearing San Nicolas was excused from the hearing and did not participate any further. Persons who did participate in hearing the matter were 1st Vice Chairperson, A.P. Borja, Member Tommy King and Alternate Samuel Donato. *See* Docket No. 64, Attachment to Roberto Decl. These facts are also verified in the Statement of Facts attached to Plaintiff's original complaint at page 6.

"In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)(per curiam)(citations omitted). Assuming that Plaintiff's allegation regarding San Nicolas is true, it is not inconsistent with the record of the DHB provided by the Defendants. Plaintiff's facts merely stop before the final hearing began. Nowhere in Plaintiff's statement of facts does he allege that San Nicolas participated in the deliberation or adjudication of his guilt or the fashioning of his punishment with regard to the DHB proceeding. In fact, his previous pleadings indicate to the contrary.

Likewise, it is clear that Plaintiff fails to state a claim to support that San Nicolas deprived or restrained a state-created liberty interest in an "unexpected manner." Further, Plaintiff fails to set forth facts that sufficiently support that any action of San Nicolas subjected him to some "atypical and significant hardship in relation to the ordinary incidents of prison life." Both of these are requirements as set forth in *Sandin*, at 483-4. Discipline for damaging prison property and engaging in disruptive conduct is neither an unexpected result; nor is it an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Accordingly, Plaintiff's due process claims as alleged against Defendant San Nicolas are DISMISSED WITH PREJUDICE.

## CONCLUSION

Based upon the foregoing, the Court hereby orders the following:

1. The Court DENIES Plaintiff's request to strike the declaration of Marie Roberto and its attachments.

2. The Court DENIES the Motion to Dismiss, filed by Defendants Crisostomo, San Nicolas, and Ishizaki, as to Plaintiff's failure to timely file the Amended Complaint.

3. The Court GRANTS the Motion to Dismiss, filed by Defendants Crisostomo, San Nicolas, and Ishizaki for failure to state a claim as to Equal Protection and Due Process violations of the Fourteenth Amendment as alleged in Counts I, II, and III.

**SO ORDERED** this 17 day of January, 2006.

_____
Donald W. Molloy*
United States District Judge

---

* The Honorable Donald W. Molloy, United States Chief District Judge for Montana, by designation.